B. Scott Whipple, OSB #983750
scott@whipplelawoffice.com
Whipple Law Office, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
Telephone 503-222-6004

Andrew L. Paris, OSB #124157
andrew@andrewparislaw.com
Andrew Paris Law
1500 SW First Avenue, Suite 1170
Portland, OR 97201
Telephone: (971) 251-0294

      Of Attorneys for Plaintiff John Dossett

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| JOHN H. DOSSETT,<br><br>       Plaintiff,<br><br>v.<br><br>HO-CHUNK, INC., a tribal corporation formed by the Winnebago Tribe of Nebraska, NOBLE SAVAGE MEDIA, L.L.C., a Limited Liability Company of unknown origin, THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA, an Oklahoma Not For Profit Corporation, and HIGH COUNTRY NEWS, a Colorado Nonprofit Corporation,<br><br>       Defendants. | No. 3:19-cv-01386-SB<br><br>PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE, AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

# TABLE OF CONTENTS

**Page No.**

OBJECTION FOR FAILURE TO PRODUCE DOCUMENTS PURSUANT   7
TO ORS 652.750

RESPONSE TO SPECIAL MOTIONS TO STRIKE   8

I.   STATEMENT OF THE CASE   9

II.   STANDARDS OF REVIEW   14

III.   ARGUMENT   15

   A.   John Dossett is not a Public Figure or Limited Public Figure.   15

   B.   The Subject Matter of the Defendants' Articles is Not a   20
      Matter of Public Interest.

   C.   Even if the Malice Standard Applies, Plaintiff Meets That   23
      Burden.

      i.   Malice by Ho-Chunk.   24

      ii.   Malice by NCAI.   27

      iii.   Malice by HCN.   30

   D.   Dossett Can Easily Present a Prima Facie Case of Defamation.   30

   E.   Anonymous Statements Not Entitled to Neutral Report Privilege.   32

   F.   Dossett is Entitled to His Reasonable Attorney Fees.   35

IV.   CONCLUSION   35

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

RESPONSE TO DEFENDANTS MOTIONS AGAINST REMAINING CLAIMS          35

I.      MOTIONS AGAINST "DERIVATIVE" CLAIM OF INTENTIONAL          36
        INTERFERENCE WITH ECONOMIC RELATIONS.

II.     FRCP 12(B)(6) MOTIONS AGAINST IIER CLAIMS.                  36

III.    FRCP 12(B)(6) MOTION AGAINST NCAI NEGLIGENCE CLAIM.         38

IV.     FRCP 12(B)(6) MOTION AGAINST REMEDY OF INJUNCTIVE           40
        RELIEF

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Allen v. Hall*, 328 Or. 276 (Or. 1999).  37

*Baldwin v. Seida*, 297 Or. App. 67 (Or. App. 2019).  15

*Bank of Oregon v. Independent News, Inc.*, 298 Or. 434 (Or. 1985).  19

*Bradbury v. Teacher Standards and Practices Com'n*, 151 Or. App. 176
(Or. App., 1997).  39

*Bryant v. Recall for Lowell's Future Comm.*, 286 Or. App. 691 (Or. App. 2017).  15

*Carr v. Forbes, Inc.*, 259 F.3d 273 (4th Cir. 2001).  16

*Cooper v. Portland General Elec. Corp.*,110 Or. App. 581 (Or. App. 1992).  28

*Dickey v. CBS Inc.*, 583 F.2d 1221 (3d Cir. 1978).  34

*Edwards v. National Audubon Soc'y*, 556 F.2d 113 (2d Cir. 1977).  34

*Fazzolari By and Through Fazzolari v. Portland School Dist. No. 1J*,
303 Or. 1 (Or. 1987).  38

*Fowler v. Donnelly*, 225 Or. 287 (Or. 1960).  31

*Garcia v. Google, Inc.*, 786 F.3d 733 (9th Cir. 2015).  40, 41

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).  16, 17

*Goldwater v. Ginzburg*, 414 F.2d 324 (2nd Cir. 1969).  23

*Guzman v. Finch*, 3:19-cv-00412-MMA-AHG (S.D. Cal. 2019).  22

*Handy v. Lane Cnty.*, 360 Or. 605 (Or. 2016).  15

*Hickey v. Settlemier*, 141 Or. App. 103 (Or. App. 1996).  32

*Hutchinson v. Proxmire*, 443 U.S. 111, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979).  18, 19

Page 4    PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

*Koanui v. Cenveo Corp*, 6:04-cv-06326-TC (D. Or. 2005).    38, 39

*Kraemer v. Harding*, 159 Or. App. 90 (Or. App. 1999).    23

*Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania v. Starplex Corp.*,    31
220 Or. App. 560 (Or. App. 2008).

*Neumann v. Liles*, 261 Or. App. 567 (Or. App. 2014).    15, 31

*New York Times Company v. Sullivan*, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710,    23
95 A.L.R.2d 1412 (1964).

*Obsidian Fin. Grp. LLC v. Cox*, 3:11-cv-00057-HZ (D. Or., 2011).    17

*Obsidian Fin. Grp., LLC v. Cox*, 740 F.3d 1284 (9th Cir., 2014).    17, 18

*Porter v. OBA, Inc.*, 180 Or. App. 207 (Or. App. 2002).    37

*Price v. Viking Penguin, Inc.*, 881 F.2d 1426 (8th Cir. 1989).    34

*Reesman v. Highfill*, 327 Or. 597 (Or. 1998).    23, 31

*Son v. Ashland Community Healthcare Services*, 239 Or. App. 495 (Or. App. 2010).    38

*St Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).    23

*Top Service Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or. 201 (Or. 1978).    37

*Tubra v. Cooke*, 233 Or. App. 339, (Or. App. 2010).    31

*Unelko Corp. v. Rooney*, 912 F.2d 1049, 1058 (9th Cir. 1990).    36

*Wallulis v. Dymowski*, 323 Or. 337 (Or. 1996).    31

*Weaver v. Oregonian Pub. Co.*, 878 F.2d 388 (9th Cir. 1989).    34

*Wheeler v. Green*, 286 Or. 99 (Or. 1979).    16

*Wingard v. Or. Family Council, Inc.*, 290 Or. App. 518 (Or. App. 2018).    15

*Wolston v. Reader Digest Association, Inc*, 443 U.S. 157, 99 S.Ct. 2701,    19
61 L.Ed.2d 450 (1979).

**Statutes**

ORS 31.150    9, 14,

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

|  | 14, 20 |
|---|---|
| ORS 31.152 | 35 |
| ORS 652.750 | 7, 8, 25 |

**<u>Other Authorities</u>**

| Restatement (Second) of Torts (1977). | 33 |
|---|---|

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

For his response to Defendant High Country News' ("HCN") Special Motion to Strike and Motion to Dismiss, Defendant Ho-Chunk, Inc's ("Ho-Chunk") Motion to Dismiss and Motion to Strike, and Defendant The National Congress of American Indians of the United States And Alaska's ("NCAI") Motion to Dismiss and Special Motion to Strike, Plaintiff John Dossett ("Dossett") states as follows:[1]

## INTRODUCTION

No good deed goes unpunished. Defendants, through their defamatory articles, have ruined the stellar career of Dossett based on an incident during which Dossett was trying to help a colleague in need. Rather than accepting the undeniable fact that they published defamatory material and do what is right, Defendants scurry behind procedural arguments in an attempt to hide from the facts of the case. Unfortunately for Defendants, their arguments provide them no cover and for the reasons discussed below, the Court should dismiss Defendants' motions.

## OBJECTION FOR FAILURE TO PRODUCE DOCUMENTS PURSUANT TO ORS 652.750

Dossett objects to NCAI's motion to dismiss on the basis that NCAI has withheld personnel records related to its disciplinary actions and the ultimate termination of Dossett in violation of ORS 652.750.

ORS 652.750(2) requires that employers provide an employee with the personnel records related to any disciplinary action or termination within 45 days of receipt of request. Dossett, through legal counsel, mailed a demand letter including such a request to NCAI on October 19, 2018.[2] To-date, NCAI has produced no documents related to its decision to discipline and later

---

[1] Dossett is simultaneously filing a separate memorandum addressing Ho-Chunk's sovereign immunity arguments.

[2] Decl. of Dossett, Ex. GG.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

terminate Dossett. Those files likely include evidence that is crucial to this case and Dossett's response to the Defendants' anti-SLAPP motions, particularly if the Defendants meet their burden under the first step of the anti-SLAPP statute and Dossett must make a prima facie showing of defamation including possible malice. After NCAI filed its motion, Dossett, through counsel, renewed his request, and NCAI again refused to provide those records.[3] Given the stakes of this motion and Dossett's possible burden of presenting evidence of defamation, Dossett asks the Court to a) order the production of the requested documents pursuant to ORS 652.750, and b) postpone ruling on Defendants' motions until those documents can be obtained, analyzed, and presented to the Court in the form of a supplemental brief if necessary.

## RESPONSE TO SPECIAL MOTIONS TO STRIKE

The Court should deny all of the Defendants' special motions to strike (anti-SLAPP motions) on the basis that A) Dossett is not a public figure or limited public figure, B) the subject matter of the Defendants' articles is not a matter of public interest, C) if the malice standard applies, Dossett meets that burden, and D) Dossett can easily present a prima facie case of defamation. Dossett is also entitled to his reasonable attorney fees after he successfully defends against the Defendants' special motions to strike.

The Defendants present the Court with cynical anti-SLAPP motions that seem to argue that media defendants can say anything about anyone regardless of the truth of the statements. Even worse, the Defendants apparently argue that they have a *carte-blanche* right to knowingly lie or make clearly misleading about a private person without reprise. The legal standards presented by the Defendants regarding one's status as a public person is so low that any professional would be considered a public person. The Defendants further argue that the mere allegation of sexual harassment without regard for evidence, context, degree, or truth is sufficient

---

[3] Decl. of Whipple, Ex RR.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

to turn those allegations into a public issue.  The Oregon and Federal appellate courts that have
reviewed similar cases have outright denied arguments similar to those presented by the
Defendants and this Court should as well.  While the Supreme Court has rightfully given certain
legal protections to media entities, it was also cautious not to make those protections so broad
that nobody could sue a media entity for defamation when justified.

## I.      Statement of the Case

This case is ultimately about the Defendants' defamation of Dossett by publishing false
statements and clearly implying Dossett engaged sexual harassment committed sexual assault.
Because Defendants bring motions under ORS 31.150, Dossett will present evidence outside the
four-corners of the Complaint as allowed by ORS 31.150(3).

Dossett is an attorney and Oregon resident that worked for NCAI, a 501(c)(4)
organization that organizes and advocates for Native American causes, from 1995 through 2018.[4]
Dossett worked remotely as NCAI's general counsel when he was terminated in 2018.[5]

On June 30, 2016, Dossett was at a restaurant with work colleagues after a conference.[6]
A female colleague passed out at a table due to her over-consumption of alcohol and Dossett
volunteered to walk her back to the hotel, which was two blocks away.[7]  Dossett walked with her
for two blocks on a busy public street in front of the Spokane Convention Center, to the busy
hotel lobby, she found her own way to her room, and they were never alone.[8]  Nothing improper

---

[4] Decl, of John  Dossett in Opposition to Motions to Dismiss, ¶ 1, 90

[5] *Id*. at ¶ 1.

[6] *Id*. at ¶ 20-22.

[7] *Id*.

[8] *Id*. at ¶ 22-23.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

happened as Dossett walked her to the hotel.[9]  An employee of NCAI who was not present, but

had a pre-existing workplace rivalry with Dossett made a complaint about this to NCAI's

Executive Director, Ms. Jacqueline Pata.[10]  Ms. Pata investigated the matter and decided that no

action was needed.[11]  Ms. Hallingstad, NCAI's director of operations, independently brough the

matter to NCAI's Executive Committee in April 2017 as part of a laundry list of complaints

about Ms. Pata, and they also determined that no action was needed.[12]  Regarding the Spokane

incident, Ms. Hallingstad stated:

> On June 30, 2016 in Spokane, WA several NCAI employees were
> in violation of the no-alcohol policy during conferences after the
> conclusion of activities the last day of Mid Year Conference. Mr.
> Dossett's behavior accompanying a female employee back to the
> staff hotel and his actions in the hotel bar and lobby made the
> female employee uncomfortable and fear for her safety.[13]

In the same memo, she suggested that the proper remedy for the situation would have been

disciplinary letters and offering the employees HR training indicating that she believed this was a

minor incident.[14]

In February 2018, an employee not involved in the Spokane incident filed a complaint

regarding both Ms. Pata and Dossett, alleging, among other things, that he once made a joke

about masturbation at a bar with colleagues.[15]  Dossett denies those allegations.[16]  NCAI hired

---

[9] *Id.*

[10] *Id.* at ¶ 25.

[11] *Id.* at ¶ 26-27.

[12] *Id.* at ¶ 28-31.

[13] *Id.* at Ex. AA.

[14] *Id.*

[15] *Id.* at Ex. BB.

[16] *Id.* at ¶ 33.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

outside counsel to investigate the complaint and, based on conclusions and findings that Dossett has not been given access to, NCAI demoted Dossett.[17]  In a letter to Dossett, Ms. Pata stated that the demotion was for "unprofessional and inappropriate behavior, including yelling, bullying, being disrespectful, speaking over colleagues, insulting and derogatory emails, and sexually-charged comments."[18]  While Dossett denied the factual statements and disagreed with the decision, he accepted it and continued to work for NCAI.[19]  It is apparent from the investigator's later statements that she did not find that Dossett committed any sort of sexual harassment.[20]

Apparently displeased with NCAI's decision, Ms. Hallingstad shared her rumors and confidential documents with Indianz.com.[21]  On August 30, 2018, Dossett received an email requesting a comment about Ms. Hallingstad's allegations.[22]  Dossett was required by Ms. Pata and NCAI's legal counsel to respond with a statement drafted by the legal.[23]

On August 31, 2018, IndianZ.com published an article titled "Prominent Indian Country attorney reassigned after #MeToo allegations – 'You are a pretty young Native woman, beware.'"[24]  The article contains a myriad of statements, allegations, and innuendo that would lead any reader to conclude that Dossett was a serial sexual harasser and in fact committed sexual assault in the Spokane incident.[25]  In one of its most egregious passages, the article states

---

[17] *Id*. at ¶ 38-48.

[18] *Id*. at Ex. CC.

[19] *Id*. at ¶ 57.

[20] *Id*. at Ex. DD.

[21] *Id*. at ¶ 65-66.

[22] *Id*. at Ex. II.

[23] *Id*. at ¶ 67, Ex. DD.

[24] Complaint, Ex. A.

[25] *Id*.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

as follows: "But earlier this year, Dossett was more than willing to discuss this particular incident. An email that was provided to the D.C. attorney who conducted the internal review for NCAI contains alarming information about his interactions with a female employee. ¶ In the document, Dossett said he 'never harassed' the employee, though he admits he 'totally restrained' her by the arm during the incident in question."[26] The article never states that the "incident in question" was, in fact, Dossett helping this employee to the hotel lobby from the bar or that the quote was part of a statement Dossett made about assisting her to the hotel.[27] While Dossett did in fact say that he "totally restrained" her, the context of the quote was a sentence in an email to that co-worker attempting to tell her his version of events where Dossett said "And then you startled and jumped straight toward the street. I held onto your arm, because there was lots of traffic in the street. I totally restrained you by the arm, this is true, and we walked into the hotel."[28] (Emphasis added). It was clearly not an admission of any sort of guilt, as Indianz.com claimed.

On September 2, 2018, Indian Country Today, a news outlet owned by NCAI, republished much of the IndianZ.com article despite the organization knowing how false or misleading the article was.[29] Instead of presenting the truth of the investigations or any clarification as to the facts or conclusions of those investigations, the article appeared to give credence to the IndianZ.com article, which was especially damaging given the fact that Indian Country Today and Dossett's employer were one and the same.

On October 3, 2018, Ms. Pata directed that Mr. Dossett resign, which he refused to do.[30]

---

[26] *Id.*

[27] Decl. of Dossett, Ex. KK.

[28] *Id.*

[29] Complaint, Ex. B.

[30] Decl of Dossett, ¶ 89-90.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Shortly after Dossett sent an email, publicly defending himself in his own words for the first time, Dossett was terminated by NCAI.[31]

On October 11, 2018, Indian Country Today published a second article appearing to confirm that Mr. Dossett was guilty of some form of sexual harassment.[32] On October 18, 2018, High Country News published an article that further defamed Dossett by claiming that NCAI had refused to investigate the Spokane incident and generally leads its readers to conclude that Dossett was guilty of sexual harassment.[33]

At NCAI's 2018 convention, its then-president, Jefferson Keel, stated "NCAI doesn't condone harassment of any kind in the workplace, nor have we, nor will we, tolerate it anymore," and "We will take action when it occurs in the future just like we did in the situation at hand" in reference to Dossett.[34] This is contrary to NCAI's internal investigations that clearly did not conclude that Dossett committed sexual harassment.[35] IndianZ.com republished this statement.[36]

These facts are detailed in Mr. Dossett's declaration.[37] The false allegations of sexual harassment and sexual assault have caused significant damage to Dossett's reputation and career.[38]

---

[31] *Id.* at ¶ 90, Ex. QQ.

[32] Complaint, Ex. C.

[33] *Id.* at Ex. D.

[34] *Id.* at Ex. E.

[35] Decl. of Dossett, Ex. DD.

[36] Complaint, Ex. E.

[37] There is a witness, who worked with Mr. Dossett for approximately 15 years and was present during the Spokane incident who will support Mr. Dossett's version of events but only under subpoena. Declaration of B. Scott Whipple, ¶ 4.

[38] Decl. of Dossett, ¶ 116-118.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

## II.    Standards of Review.

ORS 31.150 provides the standards regarding the anti-SLAPP motions and states in

relevant part as follows:

> (1) A defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the plaintiff will prevail on the claim. The special motion to strike shall be treated as a motion to dismiss under ORCP 21 A but shall not be subject to ORCP 21 F. Upon granting the special motion to strike, the court shall enter a judgment of dismissal without prejudice. If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion.
>
> (2) A special motion to strike may be made under this section against any claim in a civil action that arises out of: ...
> (c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.
>
> (3) A defendant making a special motion to strike under the provisions of this section has the initial burden of making a prima facie showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section. If the defendant meets this burden, the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion.
>
> (4) In making a determination under subsection (1) of this section, the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based....[39]

---

[39] ORS 31.150

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

ORS 31.150 presents a 2-step analysis in determining whether to grant the special motion to strike.[40] First, the moving defendant must make a prima facie showing that plaintiff's claim arose out of protected statements, documents, or conduct established in ORS 31.150(2).[41] Then, if the defendant successfully makes such a showing, the burden shifts to the plaintiff to show a probability of success on his claim by providing evidence supporting a prima facie case of defamation.[42] The plaintiff can accomplish this by presenting "substantial evidence" of his claim, meaning enough evidence that reasonable trier of fact could find that the plaintiff met his burden of proof.[43] For the second step of the anti-SLAPP analysis, a plaintiff may present evidence outside of the pleadings.[44] The facts provided in supporting and opposing affidavits should be construed in a light most favorable to the plaintiff.[45] The Court should only consider evidence presented by the defendants "'only to determine if it defeats plaintiff's showing as a matter of law.'"[46]

### III.     Argument.

#### A.     John Dossett is not a Public Figure or "Limited" Public Figure.

Defendants argue that Dossett is a public figure or limited public figure for the dual purpose of showing that their articles are related to a public issue under the first step of the anti-SLAPP statute and attempting to establish a malice standard for the second step of the anti-

---

[40] *Wingard v. Or. Family Council, Inc.*, 290 Or. App. 518, 521 (Or. App. 2018).

[41] *Handy v. Lane Cnty.*, 360 Or. 605, 617 (Or. 2016).

[42] *Id.*

[43] *Id.* at 623.

[44] *Bryant v. Recall for Lowell's Future Comm.*, 286 Or. App. 691, 693 (Or. App. 2017).

[45] *Baldwin v. Seida*, 297 Or. App. 67, 70 (Or. App. 2019), citing *Neumann v. Liles*, 261 Or. App. 567, 570 n 2, 323 P.3d 521 (Or. App. 2014), *rev'd on other grounds*, 358 Or. 706, 369 P3d 1117 (Or. 2016).

[46] *Bryant* 286 Or. App. at 693, citing *Plotkin v. SAIF*, 280 Or. App. 812, 815 (Or. App. 2016), *rev. den.*, 360 Or. 851 (Or. 2017).

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

SLAPP analysis. Defendants attempt to misconstrue the Complaint to establish that Dossett is a public figure due to the fact that he had a successful career as an attorney and general counsel for NCAI. Defendants also argue that Dossett is a public figure because they turned him into a public figure with their articles. While he has had a successful career as an attorney, he is not well known either by the public at large or by the target audiences of the articles posted by the Defendants, he was not a public figure prior to these publications, and he did not purposefully insert himself into the subject matter of these articles.[47] The U.S. Supreme Court and local courts have reviewed similar cases and have formed bright-line rules that reject the Defendants arguments. This Court should hold that Dossett is not a public figure or a limited public figure.

The question of whether Dossett is a public figure is a question of law for the Court.[48] It is the Defendant's burden to establish whether Dossett is a public figure.[49] The U.S. Supreme Court established the standard for whether an individual is a public figure or limited public figure in *Gertz v. Robert Welch, Inc.*[50] There, the Supreme Court provided its analysis in determining whether Elmer Gertz, the attorney representing the family of an individual killed by a Chicago police officer, qualified as a public figure or limited public figure.[51] Discussing the nature of public figures, the Supreme Court stated that

> Hypothetically, it may be possible for someone to become a public figure through no purposeful action of his own, but the instances of truly involuntary public figures must be exceedingly rare. For the most part those who attain this status have assumed roles of especial prominence in the affairs of society. Some occupy positions of such persuasive power and influence that they are

---

[47] Decl. of Dossett, ¶¶ 1-12.

[48] *Wheeler v. Green*, 286 Or. 99, 111 n.7 (Or. 1979).

[49] *Carr v. Forbes, Inc.*, 259 F.3d 273, 278 (4th Cir. 2001).

[50] *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

[51] *Id.* at 351.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

> deemed public figures for all purposes. More commonly, those classed as public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved. In either event, they invite attention and comment.[52]

In determining that Gertz was not a public figure, the Supreme Court provided some of Gertz's resume stating that "Petitioner has long been active in community and professional affairs. He has served as an officer of local civic groups and of various professional organizations, and he has published several books and articles on legal subjects. Although petitioner was consequently well known in some circles, he had achieved no general fame or notoriety in the community."[53] The Supreme Court also rejected a standard that "would sweep all lawyers under the New York Times rule…."[54]

In a more recent local case, *Obsidian Finance Group, LLC v. Cox*, Tonkon Torp, HCN's local legal counsel represented plaintiff Kevin Padrick, an Oregon attorney in a defamation action regarding certain statements made about his role as the bankruptcy trustee for Summit Accommodators, Inc., itself part of a highly publicized case.[55] At the District Court level, the Court outright rejected arguments that Padrick or his firm were public figures, stating "If the attorney plaintiff in Gertz was not a limited public figure based on his status as an attorney in a controversial civil case, Padrick's role as bankruptcy trustee would similarly not be a basis for finding him a limited public figure."[56] Cox appeared to have dropped the public figure argument on appeal, instead relying on a "public official" argument, which the Ninth Circuit also

---

[52] *Id.* at 345.

[53] *Id.* at 351-352.

[54] *Id.* at 351.

[55] *Obsidian Fin. Grp., LLC v. Cox*, 740 F.3d 1284, 1287 (9th Cir. 2014).

[56] *Obsidian Fin. Grp. LLC v. Cox*, 3:11-cv-00057-HZ, Doc. 95, p. 8 (D. Or. 2011), *rev'd in part on other grounds, Obsidian Fin. Grp., LLC*, 740 F.3d 1284 (9th Cir. 2014).

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

rejected.[57]

The U.S. Supreme Court and Oregon Supreme Court have also rejected arguments that a

defamation defendant can, by their publication, transform a private figure into a public figure so

that they would be forced to meet the *New York Times* standard of malice.  In *Hutchinson v.*

*Proxmire*, the plaintiff, a research behavioral scientist, sued Senator William Proxmire for

defamation stemming from the Senator awarding the plaintiff the "Golden Fleece of the Month"

award, which he gave to publicize examples of supposed wasteful government spending.[58]

Senator Proxmire argued that Hutchinson was a public figure in part because of "Hutchinson's

access to the media, as demonstrated by the fact that some newspapers and wire services reported

his response to the announcement of the Golden Fleece Award."[59]  The US Supreme Court

rejected this argument stating:

> On this record, Hutchinson's activities and public profile are much
> like those of countless members of his profession. His published
> writings reach a relatively small category of professionals
> concerned with research in human behavior. To the extent the
> subject of his published writings became a matter of controversy, it
> was a consequence of the Golden Fleece Award. Clearly, those
> charged with defamation cannot, by their own conduct, create their
> own defense by making the claimant a public figure.  See *Wolston
> v. Reader's Digest Assn., Inc.*, 443 U.S. 157, 167-168, 99 S.Ct.
> 2701 2708, 61 L.Ed.2d 450. …
>
> … Finally, we cannot agree that Hutchinson had such access to the
> media that he should be classified as a public figure. Hutchinson's
> access was limited to responding to the announcement of the
> Golden Fleece Award. He did not have the regular and continuing
> access to the media that is one of the accouterments of having

---

[57] *Obsidian Fin. Grp., LLC*, 740 F.3d 1292-1293.

[58] *Hutchinson v. Proxmire*, 443 U.S. 111, 114, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979).

[59] *Id.* at 134.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

become a public figure.[60]

In *Wolston v. Reader Digest Association, Inc*, the U.S. Supreme Court added that "A private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention…. A libel defendant must show more than mere newsworthiness to justify application of the demanding burden of *New York Times*."[61] Citing *Hutchinson*, the Oregon Supreme Court restated that "the public controversy into which plaintiff may thrust his or her personality must pre-exist the defamatory publication. It cannot be created by the publication."[62]

The case law here is clear: a person does not become a public figure simply by being an attorney or expert in a field, as was the case in *Gertz* and *Obsidian Finance Group, LLC*. A person further does not become a public figure simply because an article is written about them, as was the case in *Hutchinson*, *Wolston*, and *Bank of Oregon*. The question is not whether the Plaintiff is currently a public figure, but whether he was prior to the articles. Finally, simply responding to an article about himself, as was the case in *Hutchinson*, does not make a plaintiff a public figure either. The Defendants' citations to cases about adult film stars and politicians carry no weight in the context of this case as Dossett is neither a public official or a person that makes his living in film or other media.

One only needs to run a www.Google.com search for "John Dossett" to see that prior to the Defendants' articles, Dossett was clearly not a public figure. As Dossett details in his declaration, the NCAI tribal leadership and Executive Director served as the public face of NCAI

---

[60] *Id*. at 135-136.

[61] *Wolston v. Reader Digest Association, Inc*, 443 U.S. 157, 167-168, 99 S.Ct. 2701, 61 L.Ed.2d 450 (1979).

[62] *Bank of Oregon v. Independent News, Inc.*, 298 Or. 434, 443 (Or. 1985), internal citation omitted, citing *Hutchinson*, 443 U.S. at 135, 99 S.Ct. at 2688.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

while he worked in the background as legal counsel.[63]  Dossett never signed his name to NCAI documents or provided testimony to Congress in his name or person.[64]  Dossett spoke only internally at tribal leaders' meetings to give legal updates or facilitate legal discussion, or at continuing legal education conferences.[65]  He was never a keynote speaker.[66]  On public documents, his name appeared only on legal briefs as representing NCAI.[67]  He was never quoted in an NCAI press releases, and the news archives of HCN, Indianz.com and Indian Today demonstrate that he spoke rarely to press, and only in response to legal questions.[68]  The Court should reject the Defendants' arguments regarding Dossett's standing as a public figure in their entirety and hold that A) their articles are not public interest articles by virtue of Dossett being a public figure, and B) the *New York Times* malice standard does not apply to this case.

  B. The Subject Matter of the Defendants' Articles is Not a Matter of Public Interest.

  All Defendants argue that their articles are regarding matters of public interest for the purpose of meeting the standard presented by ORS 31.150(2)(c)-(d).  While Dossett does not dispute that the Defendants' articles were made on a public forum, the facts underlying the extreme allegations in the defendants' articles are matters of private interest, not public interest.  These articles are not about sexual harassment, they are about Dossett walking an inebriated coworker two blocks to a hotel lobby and allegedly making a joke about masturbation (which he denies).  The Defendants simply conclude that those allegations constitute sexual harassment because they wanted their own #MeToo story.  They leave any details of the events that

---

[63] Decl. of Dossett, ¶¶ 1-12.

[64] *Id.*

[65] *Id.*

[66] *Id.*

[67] *Id.*

[68] *Id.*

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

allegedly constitute sexual harassment or sexual assault out of their articles because they knew that if those facts came to light, their conclusion would immediately be discredited. Defendants simply classify undisclosed facts as something that few would agree constitute sexual harassment or sexual assault. The Defendants should not be allowed to convert something that is clearly not in the public interest into something that arguably is by their own defamatory mischaracterization. The Court should deny the Defendants' anti-SLAPP motions in their entirety for failure show that the anti-SLAPP statute applies.

The Defendants have all published articles stating and/or insinuating that Dossett was guilty of some form of sexual harassment or sexual assault, though none of them provided details about what they believe constituted sexual harassment or sexual assault. They now ask the Court to make a bright-line rule that any allegation of sexual harassment or sexual assault, regardless of whether it occurred, regardless of who is making the allegation, and regardless of any context, is a matter of public interest. No Federal or Oregon appellate court has made such a rule, as HCN concedes.[69] The Defendants' suggested standard that allegations of sexual harassment are always a matter of public interest presents a dangerous standard where Defendants would always be entitled to anti-SLAPP protections for any mere allegation of sexual harassment. HCN's citation to *Miller v. Watson* is inapposite. In that case this Court found that that the alleged defamatory statements related to a public issue due to the plaintiff's status as a public official and candidate for public office. Dossett is neither a public official or a candidate for public office. If this case were held to be a matter of public interest, it is unclear what sort of case including an allegation of sexual harassment would not be a matter of public interest. Dossett asks the Court to reject Defendants' ridiculous standard and instead review the allegations themselves, the context of those allegations, and the facts used to support those allegations.

---

[69] HCN's Special Motion to Strike and Motion to Dismiss, p. 10.

Page 21    PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Plaintiff agrees with HCN that the factors reviewed by the Southern District of California

in *Guzman v. Finch* to determine if something is of public interest should apply here, but ask that

the Court also consider the five factors following the three cited by HCN.  In attempting to

provide analysis for what is or is not of public interest, the *Guzman* court reviewed the following

eight factors:

> … (1) "cases where the statement or activity precipitating the
> underlying cause of action was 'a person or entity in the public
> eye[;]'" (2) "the statement or activity involved 'conduct that could
> directly affect a large number of people beyond the direct
> participants[;]'" and (3) "cases where the statement or activity
> involved 'a topic of widespread, public interest.'"
>
> Finally, there are five additional attributes of an issue that
> would make it one of public, rather than private, interest: (1)
> "'public interest' does not equate with mere curiosity[;]" (2) "a
> matter of public interest should be something of concern to a
> substantial number of people[;]" (3) "there should be some degree
> of closeness between the challenged statements and the asserted
> public interest[;]" (4) "the focus of the speaker's conduct should be
> the public interest rather than a mere effort 'to gather ammunition
> for another round of [private] controversy[;]'" and (5) a "person
> cannot turn otherwise private information into a matter of public
> interest simply by communicating it to a large number of
> people."[70]

As discussed above, Dossett is a private person, not a public figure.  The alleged conduct by

Dossett, even if true, was related to two isolated incidents and two specific employees, not likely

to affect anyone beyond the direct participants, especially given that Dossett worked on the other

side of the country from NCAI.  While the topic of sexual harassment generally may be of some

interest, the underlying allegations are not likely of any interest to anyone outside of NCAI even

if true: that someone not present alleged that Dossett made someone feel uncomfortable once and

---

[70] *Guzman v. Finch*, 3:19-cv-00412-MMA-AHG, Doc. 8, p. 8-9 (S.D. Cal., 2019) *internal
citations omitted.*

Page 22    PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

that he allegedly once made a one-off joke about masturbation. As discussed below, Ms.

Hallingstad, the chief witness in all of the articles, had a significant personal axe to grind

regarding Pata and Dossett, and bringing false reports to Indianz was her ammunition. Finally,

the Court should disregard any argument that the Defendants turned these allegations into a

matter of public interest by publishing them publicly. In sum, the factors here are

overwhelmingly against treating the specific allegations against Dossett as public interest.

      C.     Even if the Malice Standard Applies, Plaintiff Meets That Burden.

While Dossett maintains that he is not a public figure and that the malice standard does

not apply to in this case, Dossett can nonetheless show that the Defendants were malicious in

their publication of their articles about him because they did so with actual knowledge or

reckless disregard for whether or not their articles were true or not. "Actual malice" in the

context of defamation cases against public officials or public figures means "knowledge that it

was false or with reckless disregard of whether it was false or not."[71] "The finder of fact must

determine whether the publication was indeed made in good faith."[72] "Repetition of another's

words does not release one of responsibility if the repeater knows that the words are false or

inherently improbable, or there are obvious reasons to doubt the veracity of the person quoted or

the accuracy of his reports."[73] A re-publisher is as liable for publication of a defamatory

statement as the original publisher.[74] A statement may be defamatory by implication even if it is

not facially defamatory.[75] While the Complaint does not state the word "malice" (because

---

[71] *New York Times Company v. Sullivan*, 376 U.S. 254, 280, 11 L. Ed. 2d 686, 84 S. Ct.
710, 95 A.L.R.2d 1412 (1964).

[72] *St Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).

[73] *Goldwater v. Ginzburg*, 414 F.2d 324, 337 (2nd Cir. 1969) citing *St. Amant v.
Thompson*, supra at 732, 88 S.Ct. 1323.

[74] *Kraemer v. Harding*, 159 Or. App. 90, 103 (Or. App. 1999).

[75] *Reesman v. Highfill*, 327 Or. 597, 604 (Or. 1998).

    PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Plaintiff does not consider himself a public figure), the Complaint nonetheless includes sufficient facts showing that the Defendants published their articles with actual knowledge or reckless disregard for the truth.  The Court should hold that, if the *New York Times* malice standard applies to this case, that Dossett can show a prima facie case of malice.

      i.     Malice by Ho-Chunk.

The articles by Indianz.com (Defendants Ho-Chunk and Noble Savage Media) is clearly malicious because a) the authors were in possession of documents that will show that they knew that it was highly unlikely that Dossett was guilty of any form of sexual harassment or assault, b) the authors relied primarily on a disgruntled former NCAI employee with no first-hand knowledge of the alleged sexual harassment as their key witness, c) despite calling itself an investigation, none of the anonymous persons mentioned in the article had any first hand knowledge of any sexual harassment, only rumors, d) the article directly misquotes Dossett, treating a denial as an admission, and e) Agoyo had been covering the NCAI beat for nearly two decades and should have been suspicious that he had never heard the "worst kept secret in DC Indian circles," and should have been far more careful before labelling Dossett a "predator."

Despite the Declaration of Acee Agoyo stating that "The investigatory article is based on the reliable accounts and opinions of former and current National Congress of American Indians ("NCAI") employees",[76] the original article twice discusses how they had access to internal NCAI documents.[77]  While it is unclear what exact documents Indianz.com had access to (which Dossett hopes to learn through discovery), the article's discussion of NCAI's internal investigation and quotations from an email sent by Dossett to NCAI's counsel indicate that

---

[76] Decl. of Acee Agoyo ISO Defendant Ho-Chunk, Inc.'s Motion to Dismiss and Motion to Strike, ¶ 5.

[77] Complaint, Ex. A, p. 1-2.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Indianz.com had access to substantial internal information from NCAI, including the fact that it twice concluded that Dossett had not committed sexual harassment, let alone the sexual assault that Indianz.com implied.[78]  While Dossett has not personally seen the materials from the investigation (despite request pursuant to ORS 652.750), Dossett has been informed by an NCAI board member, that the investigation concluded that he did not commit sexual harassment.[79]  In reference to Dossett, the article refers to NCAI's "inability to fully resolve complaints of sexual harassment"[80] despite them being clearly aware that the allegations were, in fact resolved, just not in a manner that their key witness, Ms. Hallingstad, wanted.

    While Ms. Hallingstad brags about her "stellar personnel record" at NCAI, it was well known that she held strong personal grudges against Ms. Pata and Mr. Dossett and needed to be treated "with kid gloves."[81]  Hallingstad was indeed a disgruntled employee on her way out of the organization with an axe to grind.[82]  She had been on a multi-year crusade to get Pata and Dossett fired due to perceived human resource issues, evidenced by the attached memorandum sent by her to the NCAI president on April 22, 2017.[83]  In her April 22, 2017 memo, Hallingstad gives a third-hand account of the Spokane incident stating:  "On June 30, 2016 in Spokane, WA several NCAI employees were in violation of the no-alcohol policy during conferences after the conclusion of activities the last day of Mid Year Conference.  Mr. Dossett's behavior accompanying a female employee back to the staff hotel and his actions in the hotel bar and

---

[78] Decl. of Dossett, Ex DD.

[79] *Id.* at ¶ 87.

[80] Complaint, Ex. A., p. 2.

[81] Decl. of Dossett, ¶ 30, 43,46.

[82] *Id.* at ¶ 30, 43, 46, 65, Exs. AA, HH.

[83] *Id.*, Ex. AA

Page 25    PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
         DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
         AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
         TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
         NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
         STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
         MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

lobby made the female employee uncomfortable and fear for her safety."[84]  It is clear that

Hallingstad had neither first hand knowledge of the incident nor believed that Dossett had done

anything more than supposedly making the individual feel uncomfortable, likely due to untrue

rumors spread about Dossett.[85]  She did not believe that anything happened beyond the concern

of a heavily inebriated person.  Acee Agoyo was likely aware of the long-standing issues that

Hallingstad had with Pata and Dossett given his long history with NCAI.[86]  It is clear from the

record that Hallingstad is an unreliable witness that Indianz.com should have looked into further

before spreading her version of events unchecked.

Despite the Indianz.com article describing itself as an investigation, it appears to have no

first-hand accounts of any actual sexual harassment, only third-hand sources and several people

willing to talk about rumors and innuendo.[87]  This complete reliance on third-hand sources

shows extreme recklessness by Indianz.com in propagating those rumors as hard fact.  The

article compounds on this by completely omitting what facts underwrote those rumors, inviting

the reader to assume that Dossett sexually assaulted someone despite knowing that was not what

was alleged.

Further, the Indianz.com article misquotes Dossett and heavily deceives its readers into

believing that Dossett admitted to sexual assault, stating: "In the document, Dossett said he

'never harassed' the employee, though he admits he 'totally restrained' her by the arm during the

incident in question. He also said he 'held' the woman's hand in what he characterized as an

attempt to assist her after a long day of work at the 'end of a big meeting.'"[88]  As described in the

---

[84] *Id.*

[85] Decl. of Dossett at ¶¶ 17-19

[86] *Id.* at ¶ 7.

[87] Complaint, Ex. A.

[88] *Id.* at p. 4.

Page 26      PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

statement of the case, this quote was lifted out of a letter that Dossett sent to the other party involved in the Spokane incident, here he said "And then you startled and jumped straight toward the street. I held onto your arm, because there was lots of traffic in the street. I <u>totally restrained</u> you by the arm, this is true, and we walked into the hotel.[89] This quotation is the equivalent of someone being accused of murder telling a reporter "I was not the one that killed that man" and that quote being reported as "I… killed that man." Dossett strongly denies admitting to any wrongdoing.[90]

Finally, Agoyo had reason to suspect that Hallingstad's allegations were inaccurate because of his long experience at NCAI meetings. Agoyo had attended NCAI conferences as a reporter for nearly two decades.[91] During that time Dossett had maintained respectful relationships with hundreds of female colleagues and never had a reputation for sexual harassment of any type.[92] Then, in 2018 Hallingstad came to him with third-hand rumors of sexual assault that were the "worst kept secret in Indian country." This should have raised suspicion in the reporter's mind, and at a minimum he should have interviewed any of the dozens of present and former female colleagues Dossett had worked with since 1995 before labelling Dossett a "predator."

The Court should hold that Dossett has sufficiently alleged and has prima facie evidence of malice by Ho-Chunk.

ii.    <u>Malice by NCAI.</u>

Dossett can likewise show clear malice by NCAI in the form of recklessly or knowingly

---

[89] Decl. of Dossett, Ex. KK. (Emphasis Added).

[90] *Id.* at ¶ 20-27.

[91] *Id.* at ¶ 7.

[92] *Id.* at ¶ 19.

Page 27    PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

publishing and republishing false statements about him.  NCAI occupies a novel position in this case as both a media outlet and as a non-media defamer, simply Dossett's former employer making public statements through its President and Executive Director.  While Indian Country Today is, indeed, a media outlet, entitled to *New York Times* protections if Dossett were held to be a public figure, NCAI also makes statements outside its capacity as a media entity, which are not entitled to the malice standard.[93]  For that reason, statements made by President Keel and Ms. Pata outside of the reporting context cannot be subject to the malice standard, even though they were republished by NCAI's media arm.  While, again, Dossett does not state the word "malice" in the Complaint, the Complaint contains sufficient allegations of NCAI knowingly published and republished statements despite knowing their falsity, which is sufficient to show malice.[94]  In the unlikely event that the Court finds Dossett to be a limited public figure and that the malice standard applies, Dossett still prevails because he can show malice by NCAI.

In its September 2, 2018 article titled "NCAI Attorney John Dossett under fire after #MeToo allegations".[95]  The article heavily sites the Indianz.com article, quoting lines such as "'As a new staff, I was told by a colleague, 'You are a pretty young Native woman, beware of John Dossett. Don't be caught in a room alone with him,'' the former employee said to Indianz.com.  'It's the worst kept secret in D.C.'s Indian circles.'"[96]  The article also quotes Ms. Pata as stating "she is not able to respond to any allegations because as personnel matters are subject to privacy laws."[97]  The article offers no clarification or denial of Indianz.com's allegations, no statement that NCAI did not find that Dossett committed sexual harassment and

---

[93] *Cooper v. Portland General Elec. Corp.*,110 Or. App. 581, 587 (Or. App. 1992).

[94] Complaint, ¶¶ 41, 64, 65, 71, 87

[95] Complaint, Ex. B

[96] *Id*. at 2.

[97] *Id*.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

simply appears to give credence to the original article. Malice can be found in this article because it republishes the Indianz.com article despite NCAI clearly knowing that its own internal investigation did not find that Dossett committed sexual harassment. Indeed, NCAI's own investigator recommended a general denial to the Indianz.com article.[98] NCAI cannot argue that its media arm was unaware of the falsity of what its non-media arm knew, and should be treated as a single entity. Ms. Pata herself was listed as a publisher of Indian Country Today and under NCAI policy would have had final say over the publication of the article.[99] NCAI's republication of the Indianz.com story was particularly damaging because it is widely known that NCAI is both the publisher and the employer of Mr. Dossett, and NCAI appeared to ratify the allegations it knew were false by simultaneously republishing and refusing to deny them.

In its October 11, 2019 article, NCAI further promoted the implication that it demoted Dossett due to sexual harassment, stating in part:

> Earlier this year, NCAI hired an external investigator who investigated two specific allegations of sexual harassment against John Dossett, one of which had been the subject of an earlier internal investigation. In conducting this investigation, the external investigator spoke with many current and former employees, including some former employees who learned about the investigation and requested an opportunity to speak. The investigation concluded with recommendations that NCAI promptly implemented.[100]

Here, once again, NCAI connects its employment actions against Dossett to sexual harassment complaints despite its internal investigation concluding that none took place.[101]

Malice here is clear. NCAI republished the Indianz.com article in large part and heavily

---

[98] Decl. of Dossett, Ex. DD.

[99] *Id.* at ¶ 78.

[100] Complaint, Ex. C, p. 4.

[101] Decl. of Dossett, Ex. DD.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

referenced it, but made no challenge to its accuracy despite NCAI being aware that the allegations stated in the article was largely false based on its own internal investigation, which the Indianz.com article references. NCAI then appears to connect negative employment actions against Dossett to the allegations of sexual harassment despite their own conclusion that sexual harassment did not take place. These facts are compounded by the fact that Indian Country Today (through NCAI) was Dossett's employer and the source of the investigation, whose conclusions have never been made public, giving further credence to Indianz.com's statements. The Court should hold that Dossett has sufficiently alleged and has prima facie evidence of malice by NCAI.

### iii.    Malice by HCN.

The malice shown by HCN is much the same as that shown by the articles published by Indianz.com and NCAI. As was the case with the NCAI and Indianz.com articles, HCN brags of being in possession of NCAI internal documents and being in contact with NCAI board members who had likely seen the conclusions of the external investigation.[102] Given this information, there is little doubt that HCN was aware of the external investigation concluding that Dossett had not committed sexual harassment. Despite this, HCN continues to discuss accusations of "unwanted touching" and making "crude sexual remarks" without any acknowledgement that these issues were fairly reviewed and dismissed. The Court should hold that Dossett has sufficiently alleged and has prima facie evidence of malice by HCN.

### D.    Dossett Can Easily Present a Prima Facie Case of Defamation.

Even if Defendants meet the burden under the first step of the Anti-SLAPP Statute, Dossett can present substantial evidence to support a prima facie case of defamation.

The elements of an Oregon common law defamation claim are "(1) the making of a

---

[102] Complaint, Ex. D, p. 2, 3.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory per se and therefore gives rise to presumptive special harm."[103] "A defamatory statement is a false statement that would subject the plaintiff 'to hatred, contempt or ridicule . . . [or] tend to diminish the esteem, respect, goodwill or confidence in which [the plaintiff] is held or to excite adverse, derogatory or unpleasant feelings or opinions against [the plaintiff].'"[104] A statement may be defamatory by implication even if it is not facially defamatory.[105] A written defamatory statement (libel) is defamatory *per se* and requires no showing of special harm.[106] Oregon courts have held that while a plaintiff must allege falsity, falsity is thereafter presumed and it is the burden of a defendant alleging a defense of truth to prove its defense, rather than requiring a plaintiff to prove falsity.[107]

The making and publication of defamatory statements is clear. All three defendants filing anti-SLAPP motions against Dossett wrote articles falsely accusing Dossett of being a serial sexual harasser or heavily implying that Dossett was a serial sexual harasser. The defamatory nature of these statements is discussed in depth above in the discussion of malice. While Dossett is entitled to a presumption of falsity, he can none-the-less defend against a defense of truth through the email from NCAI's investigator suggesting a denial to the initial IndianZ.com article along with his own declaration denying the allegations.[108] Publication is clear here as the publication is in the form of the articles attached to the Complaint and the statements made

---

[103] *Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania v. Starplex Corp.*, 220 Or. App. 560, 584 (Or. App. 2008). See also *Wallulis v. Dymowski*, 323 Or. 337, 343 (Or. 1996).

[104] *Tubra v. Cooke*, 233 Or. App. 339, 347 (Or. App. 2010), quoting *Farnsworth v. Hyde*, 266 Or. 236, 238 (Or. 1973)).

[105] *Reesman v. Highfill*, 327 Or. 597, 604 (Or. 1998).

[106] *Neumann v. Liles*, 358 Or. 706, 712 (Or. 2016).

[107] *Fowler v. Donnelly*, 225 Or. 287, 291-293 (Or. 1960).

[108] Decl. of Dossett, Ex. DD, ¶¶ 20-64.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

therein.[109]  This allegations in this case are defamatory *per se* because they imply moral turpitude, damage Dossett in his profession and are libel.[110]  Because the statements are defamatory *per se*, damages are presumed.  None-the-less, Dossett can show special damages in the form of loss of employment and loss of employment opportunities, as discussed in his declaration.[111]  Because Dossett can clearly show a prima facie case of defamation against all three defendants, the Court should deny the Defendants' anti-SLAPP motions in their entirety.

     E.    Anonymous Statements Not Entitled to Neutral Reportage Privilege.

    Ho-Chunk argues that the defamatory portions of the Indianz.com article are opinions. However, no reasonable fact finder could read the statements that Dossett is a "predator" or that it is unsafe to be alone with him as an opinion.  In fact, the article presents itself as an "investigation" and the word "opinion" appears nowhere in the article.[112]  Moreover, the reporter testifies that the "investigatory article is based on the **reliable accounts** and opinions," which is a clear admission that the Indianz.com article is not only opinion based, as argued by Ho-Chunk. Regardless, opinion may be actionable if it "implies the existence of undisclosed [false] defamatory facts."[113]

    Ho-Chunk argues that the neutral reportage privilege applies to some of its statements. As far as Plaintiff is aware and as is apparent from Ho-Chunk's brief, Oregon currently does not entertain the neutral reportage privilege.  To the extent that this Court wants to examine this novel argument in Oregon, the Court should still reject application of the privilege here.

    Each of the three Defendants published anonymous office gossip attributing sexual

---

[109] Complaint, Exs. A-E.

[110] Complaint, Exs. A-E.

[111] Decl. of Dossett, ¶ 116-118.

[112] Complaint, Ex. A.

[113] *Hickey v. Settlemier*, 141 Or. App. 103, 110 (Or. App. 1996).

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

assault to Dossett, but argue that they bear no responsibility for whether the statements were true or false because they were simply passing information along to their readers. These arguments are contrary to principles of responsible journalism and black letter law of defamation.

A defamatory communication is defined as a communication tending "to harm the reputation of another as to lower him [or her] in the estimation of the community or to deter third persons from associating or dealing with him [or her].""[114] Although defamatory communications are usually statements of fact, statements of opinion are actionable as well if they imply "the allegation of undisclosed defamatory facts as the basis for the opinion."[115] A defamatory statement must be: (1) false; (2) concerning another; (3) not privileged; and (4) conveyed to a third party.[116] The defamer is liable for the reputational harm caused by the statement, as well as for any harm resulting from a third party's foreseeable repetition of the defamation.[117]

The rule against republication dictates that one who repeats, or "republishes," defamation is subject to liability as if they had originally published it.[118] Each new publication of the defamation provides another basis for liability.[119] This is true even if the "republisher" names the original publisher, attributing the statement accordingly.[120]

The neutral report privilege protects media defendants from liability for defamation for publishing; (1) neutral and accurate accounts of charges, (2) made by named and responsible

---

[114] Restatement (Second) of Torts § 559 (1977).

[115] *Id.* at §§ 565-66.

[116] *Id.* at § 558.

[117] *Id.* at § 576.

[118] *Id.* at § 578.

[119] *Id.*

[120] *Id.*

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

parties, (3) against public figures, (4) on a matter of public interest.[121]  The privilege is an exception to the rule that one who repeats defamatory statements of another is liable for defamation. The basis for the privilege is that it is essential to public debate on important controversies that the public be aware that the statements were made. [122]  As an example, if the President accuses the Speaker of the House of treason, it is important that the public know of that accusation regardless of whether it is true.

Neutral reports must attribute to named, responsible sources, and this is the central flaw in the arguments of all three Defendants.  Ho Chunk, Inc. and NCAI each featured and relied on the anonymous statement: "As a new staff, I was told by a colleague, 'You are a pretty young Native woman, beware of John Dossett.  Don't be caught in a room alone with him.'"  This statement, originally made by an NCAI employee intending to harm Mr. Dossett's reputation, attributes sexual assault to Mr. Dossett and is false.  HCN summarized this false statement by accusing Mr. Dossett of "unwanted touching."  These false statements have done enormous damage to Mr. Dossett's career.[123]  Unattributed, third hand statements such as these are inherently unreliable, and not entitled to privilege.  Neutral reports must also use neutral language, and each of the news articles strikes a salacious tone.  Defendants' claims for the neutral reportage privilege fail at each step of the analysis.  Defendants' claims that Mr. Dossett is a public figure and that the false accusations are a matter of public interest also fail, for the reasons stated above.

---

[121] *Edwards v. National Audubon Soc'y*, 556 F.2d 113 (2d Cir. 1977), cert. denied, 434 U.S. 1002 (1977).

[122] The Supreme Court has not considered *Edwards* or the neutral reportage privilege. The Eighth Circuit has followed *Edwards*. See *Price v. Viking Penguin, Inc.*, 881 F.2d 1426, 1434 (8th Cir. 1989). The Third Circuit has rejected Edwards outright. See *Dickey v. CBS Inc.*, 583 F.2d 1221, 1226 (3d Cir.1978). The Ninth Circuit has considered the privilege but has not adopted it. See *Weaver v. Oregonian Pub. Co.*, 878 F.2d 388 (9th Cir. 1989).

[123] Decl. of Dossett, ¶¶ 116-118.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

F.    Dossett is Entitled to His Reasonable Attorney Fees.

The Court should grant Dossett his attorney fees for having to defend against Defendants' motions pursuant to ORS 31.152(3) because the motions are frivolous and made for the purpose of delay.  It is clear from the Defendants' motions that their argument that Dossett is a public figure is entirely meritless given the facts of *Gertz*, which they all cite.  It is further clear that all three of the Defendants, but particularly NCAI, have access to ample information in the form of the NCAI investigation that their allegations regarding Dossett are false or incredibly misleading, satisfying the malice standard.  The remaining elements of defamation are clear on their face. The Court should hold that the motions were frivolous or made for the purpose of delay and grant Dossett his reasonable attorney fees.

**IV.    Conclusion**

Because Dossett is not a public figure, the articles are not regarding a matter of public interest, and because Dossett can show a prima facie case of malice against all Defendants with or without malice, the Court should deny the Defendants' anti-SLAPP motions in their entirety. Further, because the Defendants motions were frivolous or otherwise used for the purpose of delay, the Court should grant Dossett his reasonable attorney fees in defending against their motions.

**RESPONSE TO DEFENDANTS MOTIONS AGAINST REMAINING CLAIMS**

Defendants have brought additional motions under FRCP 12(b)(6) to dismiss Dossett's additional claims.  The Court should deny those motions in their entirety or grant Dossett leave to amend to address the Defendants' issues with those claims.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

## I.    Defendants' Motions Against Anti-SLAPP "Derivative" Claim of Intentional Interference with Economic Relations.

As a part of their motions to dismiss, Defendants have included a motion to dismiss Dossett's claim against it for Intentional Interference with Economic Relations ("IIER") because it is "derivative" of the defamation claim, which is grounds for dismissal if they were successful on the overriding anti-SLAPP motions, citing the analysis from *Unelko Corp. v. Rooney*.[124] Dossett agrees with the legal analysis that claims sufficiently similar to an included defamation claim are subject to the outcome of the related anti-SLAPP motion.  However, Dossett should prevail against the anti-SLAPP motions and on that basis the Court should likewise deny the extended anti-SLAPP motion against the Intentional Interference with Economic Relations claim.

## II.    FRCP 12(b)(6) Motions against IIER Claims.

Ho-Chunk and NCAI also bring standard FRCP 12(b)(6) motions against Dossett's claim of IIER, stating that the claim is not sufficiently pled.  The Court should deny these motions.

The elements of Oregon's common law claim of IIER are:

(1)    the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage);

(2)    intentional interference with that relationship or advantage;

(3)    by a third party;

(4)    accomplished through improper means or for an improper purpose;

(5)    a causal effect between the interference and the harm to the relationship or prospective advantage; and

---

[124] *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1058 (9th Cir. 1990).

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.8004

(6)    damages.[125]

An "at will" employment relationship constitutes a professional or business relationship for purposes of the tort of IIER.[126]  IIER claims can also extend to prospective economic relationships.[127]

The first and third elements of IIER are pled in paragraph 103 of the Complaint, alleging a professional relationship between Dossett his third-party employers – NCAI, Lewis & Clark Law School, Cornell University, and potential future employers.  NCAI correctly points out that it cannot interfere with its own business relationship with Dossett for the purposes of IIER, so on that ground Dossett asks for leave to amend to clarify, if necessary, that it does not seek damages against NCAI for the damage to his relationship with NCAI.  The claims for damages to his relationship to NCAI should survive against the other defendants.

The second element of IIER is pled in paragraph 104 of the Complaint, alleging that the Defendants intentionally interfered with his business/professional relationships by intentionally publishing false statements about Dossett.  Great detail on this is further pled in the prior paragraphs regarding the defamation claims.

The fourth element of IIER is also alleged by the greater defamation claims that are realleged into the IIER claim, along with paragraph 104.  Improper means, for the purpose of IIER, includes defamation.[128]

The fifth element of IIER is alleged in paragraph 104 and 106, which allege a causal connection between the Defendants defamation and his loss of employment.

---

[125] *Allen v. Hall*, 328 Or. 276, 281 (Or. 1999).

[126] *Porter v. OBA, Inc.*, 180 Or. App. 207, 213–214 (Or. App. 2002).

[127] *Allen*, 328 Or. at 280-281.

[128] *Top Service Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or. 201, 210 n 11, 582 P.2d 1365 (Or. 1978).

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

The final element of IIER is alleged in paragraph 107, stating damages in the form of past and future lost wages.

With the exception of clarifying the NCAI/third-party issue, Dossett asks the Court to deny Defendants' FRCP 12(b)(6) motions against his claim of IIER. To the extent the Court believes that Dossett has failed to properly allege IIER, Dossett asks the Court for leave to amend to more fully allege his claim.

### III.    FRCP 12(B)(6) Motion Against NCAI Negligence Claim.

The Court should deny NCAI's FRCP 12(b)(6) motion against Dossett's claim of negligence because it is properly pled.

NCAI's first basis for dismissing this claim is based on a mischaracterization of Oregon law and the allegations in the Complaint. NCAI focuses on the duty of care, which is not an element of negligence in Oregon.[129] Oregon, rather, focuses on the question of whether a defendant's conduct caused a foreseeable risk of harm and whether that risk is to an interest that the law protects against negligent invasion.[130] NCAI cites heavily to an opinion regarding a summary judgment motion in *Koanui v. Cenveo Corp*, which is fundamentally different than this case.[131] In that case, the parties were able to present evidence, which is not permissible in this motion. In *Koanui*, the plaintiff openly admitted to the underlying claim of sexual harassment and the employer's basis for terminating the employee (sexual harassment) was not contested.[132] In its holding, that court limited its holding to the facts of that case stating that that "Oregon does not recognize a claim for negligent investigation *in the circumstances of this case* and, and even

---

[129] *Son v. Ashland Community Healthcare Services*, 239 Or. App. 495, 506 (2010), see *Fazzolari By and Through Fazzolari v. Portland School Dist. No. 1J*, 303 Or. 1 (Or. 1987).

[130] *Id.*

[131] *Koanui v. Cenveo Corp*, 6:04-cv-06326-TC, Doc. 77, Oct. 5, 2005 (D. Or. 2005).

[132] *Id.* at 2, 5.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

if it did, it is clear from the admitted facts and case law that defendant's investigation was reasonable and appropriate."[133]  Plaintiff agrees with the Court in *Koanui* that there is no legal interest in protecting people from their own misdeeds.  Plaintiff also is not seeking damages for wrongful termination, as NCAI seems to infer.  Dossett agrees with NCAI that it had a right to terminate him for any non-discriminatory cause under Oregon's at-will employment laws and his employment contract.  Dossett's negligence claim stems from a duty formed by NCAI's own representations both in its employee handbook and by oral contracts and representations to him guaranteeing confidentiality.[134]  Dossett relied on those representations by NCAI to his detriment.[135]  NCAI clearly knew, as stated in its employee manual, that false accusations could have a serious impact and that therefore ethics require that employees maintain the highest degree of confidentiality when handling those matter.[136]  Dossett does not contend that there is a general duty by all employers to investigate the type of alleged misconduct stated in the Complaint, but in this case NCAI accepted that duty.  Dossett also alleges duties beyond that of investigating allegations, but also related to employee confidentiality.  Oregon Courts have suggested that negligent release of confidential information related to an employment-related investigation could be a grounds for a negligence claim.[137]  To the extent Dossett has not fully pled the requisite elements of negligence, he asks for leave to amend.

NCAI next argues that if fulfilled its duties to Dossett, citing to its handbook which is clearly a question of fact that is not appropriate for a FRCP 12(b)(6) motion.  The complaint

---

[133] *Id.* at 13.  Emphasis added.

[134] Complaint, ¶ 32.

[135] *Id.*

[136] *Id.*, ¶ 98.

[137] *Bradbury v. Teacher Standards and Practices Com'n*, 151 Or. App. 176, 183 (Or. App. 1997).

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

clearly alleges that NCAI was negligent in its handling of investigatory, confidentiality, and publication matters. Dossett is entitled to a trial and to present evidence that NCAI breached its duty of care in the manner it conducted the investigations into him, how it handled confidential materials, and in how it addressed the partial release of those confidential materials.

The economic loss rule further does not limit Dossett here. While Dossett does include allegations of damages for lost wages, he also alleges harm to his mental well being.[138] To the extent this is insufficient, Dossett requests leave to amend to more fully allege negligence.

### IV.    FRCP 12(B)(6) Motion Against Remedy of Injunctive Relief.

NCAI independently also moves, apparently under FRCP 12(B)(6), against the claim for injunctive relief. In his second cause of action, Dossett requests an injunction against all defendants demanding a retraction, the removal of the defamatory articles, the release of the internal investigation results by NCAI, and restraining Defendants from future defamatory speech. NCAI argues that such a remedy would be an unconstitutional prior restraint on speech. Plaintiff disagrees on the basis that proven defamation is not constitutionally protected speech at all and on that basis asks the Court to deny NCAI's motion.

Plaintiff is aware of no case that is directly on point on whether such an injunction is disallowed under Oregon or Federal law. NCAI cites to *Garcia v. Google, Inc.* a case where a plaintiff sought a copyright takedown of a youtube video titled *Innocence of Muslims* where she, unwittingly, acted in a five-second clip of the film.[139] That case was based entirely on copyright law, not on defamation, and that court stated "Garcia cannot overcome the historical and heavy presumption against such restraints with a thin copyright claim in a five-second performance."[140]

---

[138] Complaint, ¶ 100.

[139] *Garcia v. Google, Inc.*, 786 F.3d 733, 736-737 (9th Cir. 2015).

[140] *Id*. at 747.

PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

That court even suggests (arguably in dicta) that an injunction may be allowable under a theory of defamation stating that "This conclusion does not mean that a plaintiff like Garcia is without options or that she couldn't have sought an injunction against different parties or on other legal theories, like the right of publicity and defamation."[141]  Regardless, NCAI's citation to this case is misleading and does not stand for the point that they attempt to make.

Plaintiff agrees that defamation must first be found for the requested injunction to be granted.  However, if the statements alleged in the Complaint are indeed defamatory, Plaintiff sees no reason why the Court need extend any constitutional protections to those statements. While monetary damages may alleviate the purely economic harm to Dossett, the continued unchecked presence of these pervasive defamatory articles about him will continue to harm his reputation, which is worth more than money.  No other remedy is sufficient in this case to address that type of harm – the doubt that colleagues, friends, future employers and complete strangers have about a man with a sterling reputation that he had earned but for these defamatory statements.  The presence of these statements alleging or strongly implying sexual harassment or sexual assault by Dossett should be corrected by injunction in the event that it is found that the articles were, in fact, defamatory.

DATED this 26th day of November, 2019.

Respectfully submitted,

Whipple Law Office, LLC.

By:    /s/ B. Scott Whipple
       B. Scott Whipple, OSB #983750
       Telephone 503-222-6004
       Of Attorneys for Plaintiff John H. Dossett

---

[141] *Id*. at 740-741.

Page 41    PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO
           DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE
           AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC'S MOTION
           TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE
           NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED
           STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL
           MOTION TO STRIKE

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2019, I served the foregoing PLAINTIFF JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO DEFENDANT HIGH COUNTRY NEWS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS, DEFENDANT HO-CHUNK, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and to all registered participates.

/s/ B. Scott Whipple
B. Scott Whipple, OSB #983750

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004