B. Scott Whipple, OSB #983750
scott@whipplelawoffice.com
Whipple Law Office, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
Telephone 503-222-6004

Andrew L. Paris, OSB #124157
andrew@andrewparislaw.com
Andrew Paris Law
1500 SW First Avenue, Suite 1170
Portland, OR 97201
Telephone: (971) 251-0294

    Of Attorneys for Plaintiff John Dossett

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN H. DOSSETT,<br><br>    Plaintiff,<br>v.<br><br>HO-CHUNK, INC., a tribal corporation formed by the Winnebago Tribe of Nebraska, NOBLE SAVAGE MEDIA, L.L.C., a Limited Liability Company of unknown origin, THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA, an Oklahoma Not For Profit Corporation, and HIGH COUNTRY NEWS, a Colorado Nonprofit Corporation,<br><br>    Defendants. | No. 3:19-cv-01386-SB<br><br>JOHN DOSSETT'S MEMORANDUM IN OPPOSITION TO HO-CHUNK, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE<br><br>ORAL ARGUMENT REQUESTED |

For his response to Defendant Ho-Chunk, Inc.'s ("Ho-Chunk") Motion to Dismiss and Motion to Strike, John Dossett states as follows:

Ho-Chunk brings several arguments on its Rule 12 motion and with the exception of its sovereign immunity argument, those arguments are substantially similar to the motions raised by the other defendants in this case. For that reason, this response will only address the sovereign immunity defense while the remaining arguments will be addressed as part of the combined memorandum in opposition to the remaining motions.

I. The Doctrine of Sovereign Immunity Does Not Apply in This Case.

In support of its argument for sovereign immunity, Ho-Chunk relies heavily on the opinion in *Breakthrough Management Group, Inc. v. Chukchansi Gold Casino & Resort* a case stemming from a contractual relationship between a tribal entity and a non-tribal corporation that did business with that tribal entity.[1] This Court should not apply that case to these circumstances due to the substantially different relationship between Dossett and Ho-Chunk compared to the parties in *Breakthrough*. In *Breakthrough*, the plaintiff contracted with a federally recognized tribe, the Picayune Rancheria of the Chukchansi Indians ("Picayune") and the dispute was whether by entering into licensing agreements with forum selection clauses, Picuyane had waived its sovereign immunity. Applying a number of factors, the court held that Picayune had not waived its sovereign immunity. However, the facts of the *Breakthrough* case are

---

[1] *Breakthrough Management Group, Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173 (10th Cir. 2010).

Page 2   JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

significantly different than the facts of the case before this Court. Here, Dossett did not voluntarily enter into a transaction with Ho-Chunk and had no relationship with Ho-Chunk. Instead, Dossett's damages stem from the defamatory articles published by Indianz.com over which Dossett obviously did not want and had no control over, let alone an opportunity to negotiate terms. As such, the matter before this Court is akin to the facts of the Supreme Court decision of *Lewis v Clarke*.[2]

In that opinion, the Supreme Court held that tribal immunity did not extend to an employee who committed a tort on state lands even though he was acting in the scope of his employment. While the *Lewis v Clarke* court did not address whether sovereign immunity exists with respect to a claim made directly against a tribe for a tort that occurred away from tribal lands, it is more informative than the *Breakthrough* decision because Dossett was subject to torts away from tribal lands over which he had no control and this Court should look to *Lewis v Clarke* for guidance.

Ho Chunk Inc. claims immunity from a civil action for defamation, where its news website published false rumors about Mr. Dossett, labelled him a "predator," and destroyed his personal reputation and his career. This claim for immunity is both novel and alarming, because it would establish that a media publication, with offices in Washington, DC, has absolute immunity to publish false rumors for profit.

The claim that an Indian tribe can run a business 1200 miles from the reservation and

---

[2] *Lewis v. Clarke*, 581 U.S. ___, 137 S.Ct. 1285, 191 L.Ed.2d 631 (2017).

Page 3     JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

commit intentional torts against anyone it chooses will not hold up, whether in this case or another matter. This case stands apart from the cases cited regarding contracts, where each party consents to the agreement and has the opportunity to negotiate terms, including those regarding governmental immunity. In cases stemming from contract, there are alternative remedies, or the tribal government's sovereign interest is clear. In contrast, Ho Chunk claims immunity to commit defamation for profit against unrelated third parties outside the reservation boundaries.

In *Lewis v. Clarke*, Justices Ginsburg and Thomas wrote concurrences to express their shared view that tribal immunity does not extend to suits arising out of a tribe's commercial activities conducted beyond its territory.[3] In another recent decision, Justice Kagan reserved the question of tribal immunity for tort claims for off-reservation commercial activities:

> Adhering to stare decisis is particularly appropriate here given that the State, as we have shown, has many alternative remedies: It has no need to sue the Tribe to right the wrong it alleges. We need not consider whether the situation would be different if no alternative remedies were available. We have never, for example, specifically addressed (nor, so far as we are aware, has Congress) whether immunity should apply in the ordinary way if a tort victim, or other plaintiff who has not chosen to deal with a tribe, has no alternative way to obtain relief for off-reservation commercial conduct. The argument that such cases would present a "special justification" for abandoning precedent is not before us.[4]

Ho Chunk would put this question squarely before this court. However, Mr. Dossett is not asking for a broad rule that tribal immunity does not extend to suits arising out of a tribe's

---

[3] *Lewis v. Clarke*, 581 U.S. \_\_\_, 137 S.Ct. 1285, 191 L.Ed.2d 631 (2017).

[4] *Michigan v. Bay Mills Indian Community*, 572 U.S. \_\_\_ (2014) (Footnote 8, slip op. at 16, citations omitted.)

Page 4    JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

off-reservation commercial activities, for two reasons. First, in practice it can be difficult to distinguish commercial from governmental activities. Second, there is a great deal of tribal government activity that takes place near the reservation boundaries. As an example, a tribal ambulance service may operate in the surrounding community, providing ambulance services to non-Indian patients for a fee. Is this a commercial or governmental function, and was the ambulance on or off-reservation when negligence occurred? These questions need not be decided in this case.

Ho-Chunk is asking this Court to extend the doctrine of sovereign immunity to a type of case that, to the best of our knowledge, no Court has done before. Tribal immunity does not extend to an internet-based media site that profits from advertising and viral media, and publishes false rumors about unrelated non-Indian persons. Mr. Dossett has no other option to obtain relief from Ho-Chunk's extremely damaging defamatory content. These false and defamatory statements are published on an internet server that is under the sole control of Ho Chunk. The publication of false rumors about an employee of a US nonprofit is clearly non-governmental activity, and their publication on the internet triggers the jurisdictional interests of all 50 state governments. This Court should hold that the doctrine of tribal sovereign immunity does not extend to cases of defamation that reaches outside tribal lands.

II. If the Court Applies the *Breakthrough* Factors, Ho-Chunk Bears the Burden of Proof on Sovereign Immunity.

For the reasons discussed above, the Court should find that the facts of this case do not

Page 5   JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

support Ho-Chunk's application of *Breakthrough*. However, if the Court is inclined to apply the *Breakthrough* factors, the burden to establish sovereign immunity rests solely upon Ho-Chunk.

Ho-Chunk argues that it is Dossett's burden to prove jurisdiction, but admits "the Ninth Circuit has not directly considered which party bears the burden in the context of arm-of-the-tribe immunity."[5] In fact, however, the Ninth Circuit has made it clear it is not Dossett's burden to establish that an arm-of-the-tribe is not subject to this Court's jurisdiction.[6] The Ninth Circuit clearly stated that "In order to establish Article III standing, a plaintiff must show (1) a concrete injury, (2) fairly traceable to the challenged action of the defendant, (3) that is likely to be redressed by a favorable decision."[7] Ho Chunk has not made, and cannot reasonably make, any argument that Dossett has not met this initial jurisdictional burden. But that it where Dossett's burden ends.

In addressing the arm-of-the-tribe immunity arguments, the Ninth Circuit did not state that plaintiff had that burden, but instead evaluated the evidence provided by the tribal entity arguing for tribal sovereign immunity. By not specifically placing this burden on plaintiffs, as it did with the burden to establish Article II jurisdiction, the Ninth Circuit clearly intended to place the burden of establishing sovereign immunity on the entity seeking such immunity. As discussed below, Ho-Chunk fails to satisfy its burden.

---

[5] Ho-Chunk's Memorandum, p. 8.

[6] *White v. Univ. of Cal.* 765 F.3d 1010 (9th Cir. 2014).

[7] *White* at 1022 citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Page 6    JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

III. <u>If the *Breakthrough Factors Apply, Ho-Chunk Has Not Satisfied Its Burden to Establish Sovereign Immunity.*</u>

In this case, Ho-Chunk has provided evidence that all ownership rights in Indianz.com belong to Indianz.com Company ("Company").[8] Therefore, if true, when analyzing the sovereign immunity issue, the Court should focus its attention on whether the Company is an arm-of-the-tribe, not whether Ho-Chunk is an arm-of-the-tribe. However, the only evidence that Ho-Chunk has provided with respect to the Company are the articles of incorporation, the bylaws and the minutes of the 2018 meeting of the board of directors. Therefore, if the Court rules that the Breakthrough factors apply to this case, it should rule that Ho-Chunk has failed to satisfy its burden to establish that it is entitled to sovereign immunity.

For the *Breakthrough* second factor, the Court is to consider the purpose of the entity seeking sovereign immunity.[9] The only argument that Ho-Chunk makes with respect to the Company is "it is beyond dispute that HCI and its subsidiaries like the Company exist to increase the Winnebago Tribe's economic well being."[10] The Company's articles of incorporation broadly state that the purpose of the Company is to "engage in any lawful act or activity for which corporations may be organized…"[11] However, such a broad statement of the purpose of the company can mean anything and does not support Ho-Chunk's argument with respect to the

---

[8] Ho-Chunk Memorandum, p. 6.
[9] *Breakthrough Management Group, Inc.* 629 F.3d 1181.
[10] *Id.* at 15.
[11] Morgan Decl. Ex. 3.

Page 7     JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
         TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
         MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

second factor because there is no evidence that the Company was "created for the financial benefit of the Tribe and to enable it to engage in various governmental functions."[12]

Similarly under the third *Breakthrough* factor, which is an evaluation of "structure, ownership, and management, including the amount of control the tribe has over the entities" again, instead of meeting its burden, Ho-Chunk is silent with respect to how an analysis of this factor supports its sovereign immunity argument. Instead, Ho-Chunk focuses solely on its ownership, management, and control, which is inconsistent with its own assertion that Indianz.com is owned and operated by the Company.[13] In fact, the current Board of Directors of the Company is comprised of Lance Morgan, Annette Hamilton, and Angel Derochie.[14] None of those individuals are also directors of Ho-Chunk.[15] Ho-Chunk fails to establish the control that the Winnebago tribe has over the Company.

With respect to the fifth *Breakthrough* factor, Ho-Chunk baldly asserts that and "HCI generates revenue through its subsidiaries, like the Company."[16] However, Ho-Chunk provides this Court with no evidence regarding the economic impact that the Company has had on the Winnebago Tribe. Ho-Chunk provided the Court with limited evidence regarding the economic impact that Ho-Chunk and its subsidiaries as a whole have had on the Tribe, but that does not

---

[12] *Breakthrough Management Group, Inc.* 629 F.3d 1192.
[13] Ho-Chunk Memo, p. 17.
[14] Morgan Decl. ¶ 11.
[15] *Id.* at ¶ 5.
[16] *Id.* at 19.

Page 8    JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
         TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
         MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

excuse Ho-Chunk from providing evidence regarding the specific economic impact the Company, who Ho-Chunk now asserts owns Indianz.com, has had on the tribe.

Ho-Chunk's 2018 annual report specifically addresses, in vague terms, the impact that various subsidiaries have had on the Winnebago Tribe.[17] For example, the annual report references infrastructure improvements made by Ho-Chunk subsidiary HCI Construction, the impact that Ho-Chunk Farms has had on the Winnebago Tribe, and even references the Sweetwater Café as one of the subsidiaries doing business under the Ho-Chunk umbrella.[18] However, the annual report is completely void of any mention of the Company. Ho-Chunk has not provided this Court with any financial information about the Company, including what economic benefit it has provided to the Tribe and fails to carry its burden to establish sovereign immunity.

IV. If The Court Decides To Apply The Breakthrough Factors, Dossett Is Entitled To Discovery Prior To A Ruling.

Regardless, the *Breakthrough* opinion makes it clear that the Court should allow Dossett leave for discovery prior if it is inclined to rule that the *Breakthrough* factors apply despite the fact that there is no contractual relationship between Dossett and Ho-Chunk and Dossett's allegations relate to a tort committed on state lands. "We have held that 'a refusal to grant [jurisdictional] discovery constitutes and abuse of discretion if the denial results in prejudice to a

---

[17] Snowball Declaration, Ex. 5.
[18] *Id.*

Page 9     JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
           TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
           MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

litigant' and that '[p]rejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.'"[19]

Just like the plaintiff in the *Breakthrough* matter, Mr. Dossett is not privy to the information necessary to challenge Ho-Chunk's assertions that it is entitled to sovereign immunity. Ho-Chunk has introduced a number of exhibits, but without discovery, Mr. Dossett has no way to test whether they are authentic and whether there are other relevant documents to the jurisdictional question. Specifically, Mr. Dossett has alleged that Ho-Chunk, Inc. and Noble Savage Media, LLC ("Noble Savage") co-own and co-produce the website Indianz.com. Mr. Dossett made this allegation based upon the fact that at the time of filing its complaint, Indianz.com tells the public: "Indianz.Com is a product of Noble Savage Media, LLC and Ho-Chunk, Inc."[20] However, in its Motion, Ho-Chunk makes only a passing reference to Noble Savage.[21] More specifically, Ho-Chunk states that Noble Savage withdrew from a separate entity, AllNative & Indianz, LLC ("AllNative") that Ho-Chunk asserts was organized under Nebraska law and owned all ownership rights to Indianz.com. But, Ho-Chunk fails to paint the whole picture.

---

[19] *Breakthrough* 629 F. 3d at 1189, citing *Sizova v Nat'l Inst. Of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430, n.24 (9th Cir. 1977).

[20] *See* Ex. SS attached to the Declaration of B. Scott Whipple in Opposition to Ho-Chunk, Inc.'s Motion to Dismiss and Motion to Strike.

[21] *See* pgs. 5-6 of Ho-Chunk's Memorandum

Page 10    JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
         TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
         MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Specifically, Dossett should be allowed to seek documents, interrogatory answers, and deposition testimony, including but not limited to the following matters:

1. Metadata for all documents attached to Ho-Chunk's declarations;
2. Proof of performance under the Agreement for Member Withdrawal and Return of Capital;
3. List of Current Members/Shareholders;
4. Information about why it is still listed on indianz.com that Indianz.com is a product of Noble Savage Media, LLC and Ho-Chunk, Inc.;
5. Partnership and joint venture agreements between third parties and the Company;
6. Annual reports of the Company;
7. Financial information regarding the Company's benefit to the Tribe;
8. Organizational meeting minutes of the Company;
9. Contracts between the Company and the authors of the articles on Indianz.com;
10. Information regarding the purpose of the Company;
11. Communications and documents regarding tribal control over the publication of articles on Indianz.com;
12. Evidence of past extensions or withholding of sovereign immunity by the Winnebago Tribe with respect to Ho-Chunk or the Company;

13. Evidence of dividends issued by the Company; and

14. Evidence of actual tribal economic development stemming directly from the Company.

V. <u>If The Court Finds That Ho-Chunk Has Sovereign Immunity, Dossett Seeks Leave To Amend His Complaint.</u>

In a suit against a tribal employee in his individual capacity, the employee, not the tribe, is the real party in interest; and tribal sovereign immunity is not implicated.[22] The Court held that tribal sovereign immunity does not bar an action against a tribal employee for torts committed within the scope of their employment. Agoyo and Abourezk have the capacity to provide injunctive relief (retraction of the defamatory articles) and money damages.[23] Therefore, Dossett intends to amend its complaint and make claims against the Indianz.com reporters, Agoyo and Abourezk.

///

///

///

---

[22] *Lewis v. Clarke*, 581 U.S. ___, 137 S.Ct. 1285, 191 L.Ed.2d 631 (2017).

[23] *See Maxwell v. County of San Diego*, 708 F.3d 1075, 1089 (9th Cir. 2013). ("We therefore hold that sovereign immunity does not bar the suit against the Viejas Fire paramedics as individuals. The Viejas Band is not the real party in interest. The Maxwells have sued the Viejas Fire paramedics in their individual capacities for money damages. Any damages will come from their own pockets, not the tribal treasury.")

Page 12   JOHN DOSSETT'S MEMORANDUM IN OPPOSITION
         TO HO-CHUNK, INC.'S MOTION TO DISMISS AND
         MOTION TO STRIKE

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

VI. Conclusion.

For the reasons stated herein and in the concurrently filed joint memorandum in opposition to defendant's motions, this Court should deny Ho-Chunk's motions in their entirety.

DATED this 26th day of November, 2019.

>Respectfully submitted,
>
>Whipple Law Office, LLC.
>
>By: /s/ B. Scott Whipple
>B. Scott Whipple, OSB #983750
>Telephone 503-222-6004
>Of Attorneys for Plaintiff John H. Dossett

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2019, I electronically filed the foregoing JOHN DOSSETT'S OPPOSITION TO HO-CHUNK,INC.'S MOTION TO DISMISS AND MOTION TO STRIKE with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and to all registered participates.

/s/ B. Scott Whipple
B. Scott Whipple, OSB #983750