**Susan T. Alterman**, OSB No. 870815
salterman@kelrun.com
**Scott J. Aldworth,** OSB No. 113123
saldworth@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 SW Yamhill, Suite 600
Portland, OR  97204
Telephone:  503/222-3531
Fax:  503/227-2980

**Matthew E. Kelley** (admitted *pro hac vice*)
kelleym@ballardspahr.com
**Chad R. Bowman** (admitted *pro hac vice*)
bowmanchad@ballardspahr.com
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: 202/508-1112
Fax:  202/661-2299

Attorneys for Defendant The National Congress of
  American Indians of the United States and Alaska

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JOHN H. DOSSETT,<br><br>        Plaintiff,<br><br>    v.<br><br>HO-CHUNK, INC., a tribal corporation formed by the Winnebago Tribe of Nebraska; NOBLE SAVAGE MEDIA, L.L.C., a limited liability company of unknown origin; THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA, an Oklahoma not for profit corporation; and HIGH COUNTRY NEWS, a Colorado nonprofit corporation,<br><br>        Defendants. | Case No. 3:19-cv-01386-SB<br><br>**Defendant The National Congress of American Indians of the United States and Alaska's**<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE** |

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 1

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................................3

INTRODUCTION ........................................................................................................................6

I.      DOSSETT'S EXTRINSIC EVIDENCE SHOULD BE DISREGARDED ........................7

II.     DOSSETT CANNOT MEET HIS BURDEN TO DEFEAT NCAI'S ANTI-SLAPP MOTION .........................................................................................................9

        A.      The ICT Articles Are Protected by Oregon's Anti-SLAPP Statute .......................9

        B.      Dossett Fails to Meet His Burden to Show a Likelihood of Success ....................12

                1.      Dossett is a Public Figure Who Cannot Plausibly Plead Fault .................12

                2.      The ICT Articles Do Not Convey a Defamatory Meaning ........................18

        C.      The First Amendment Prohibits the Injunctive Relief Dossett Seeks ...................21

        D.      NCAI, Not Dossett, Is Entitled To Attorneys' Fees Under ORS 31.152...................................................................................................................22

III.    DOSSETT CANNOT SALVAGE HIS ANCILLARY CLAIMS ....................................23

        A.      Dossett Has Failed to Plausibly Plead an IIER Claim ..........................................24

        B.      Dossett's Negligence Claim Is Barred as a Matter of Law ...................................25

CONCLUSION..........................................................................................................................28

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**
                                                                    Page 2

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

## TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Air Wis. Airlines Corp. v. Hoeper*,
   571 U.S. 237 (2014)...................................................................................................17

*Bradbury v. Teacher Standards & Practices Comm'n*,
   151 Or. App. 176, 947 P.2d 1145 (1997)............................................................26

*Carvalho v. Equifax Info. Servs., LLC*,
   615 F.3d 1217 (9th Cir. 2010) ...................................................................21, 25

*Cooper v. Portland General Electric Corp.*,
   110 Or. App. 581, 824 P.2d 1152 (1992)............................................................17

*Dodds v. ABC.*,
   145 F.3d 1053 (9th Cir. 1998) ...................................................................18, 19

*Fazzolari v. Portland Sch. Dist.*,
   303 Or. 1, 734 P.2d 1326 (1987) ........................................................................26

*Garcia v. Google, Inc.*,
   786 F.3d 733 (9th Cir. 2015) .....................................................................21, 22

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974)...................................................................................................14

*Gonzalez v. Planned Parenthood of L.A.*,
   759 F.3d 1112 (9th Cir. 2014) ............................................................................20

*Guzman v. Finch*,
   No. 19cv412-MMA (MDD), 2019 U.S. Dist. LEXIS 71168 (S.D. Cal. Apr.
   26, 2019) ...................................................................................................11, 12

*Hammond v. Cent. Lane Commc'ns Ctr.*,
   312 Or. 17, 816 P.2d 593 (1991) ........................................................................25

*Hickey v. Settlemier*,
   141 Or. App. 103, 917 P.2d 44 (1996)...........................................................19, 20

*Inlandboatmens Union of the Pac. v. Dutra Grp.*,
   279 F.3d 1075 (9th Cir. 2002) .............................................................................8, 19

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**                    Page 3
**MOTION TO STRIKE**
KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir. 2008) ..........................................................................23

*Kim v. Prudential Fin., Inc.*,
  No. 3:15-cv-02029-HZ, 2016 U.S. Dist. LEXIS 158405 (D. Or. Nov. 14,
  2016) ................................................................................................................21

*Koanui v. Cenveo Corp.*,
  No. 04-6326-TC, 2005 U.S. Dist. LEXIS 48965 (D. Or. Oct. 5, 2005) ...........26, 27

*Larez v. Holcomb*,
  16 F.3d 1513 (9th Cir. 1994) ............................................................................23

*Lee v. City of L.A.*,
  250 F.3d 668 (9th Cir. 2001) ..............................................................................8

*Makaeff v. Trump Univ., LLC*,
  715 F.3d 254 (9th Cir. 2013) ............................................................................13

*Miami Herald Publ'g Co. v. Tornillo*,
  418 U.S. 241 (1974) .........................................................................................21

*Miller v. Watson*,
  No. 3:18-cv-00562-SB, 2019 U.S. Dist. LEXIS 70930 (D. Or. Feb. 12, 2019) ...................8, 9

*Morgan v. Aurora Loan Servs., LLC*,
  646 F. App'x 546 (9th Cir. 2016) .....................................................................23

*N.Y. Times Co. v. Sullivan*,
  376 U.S. 254 (1964) ....................................................................................15, 16

*Neighorn v. Quest Health Care*,
  870 F. Supp. 2d 1069 (D. Or. 2012) ...................................................................9

*Neumann v. Liles*,
  295 Or. App. 340, 434 P.3d 438 (2018)..............................................................10

*Norris v. Bangor Publ'g Co.*,
  53 F. Supp. 2d 495 (D. Me. 1999) .....................................................................13

*Overby v. KPTV TV Inc.*,
  Civil No. 95-162-JO, 1995 U.S. Dist. LEXIS 20977 (D. Or. Nov. 7, 1995)...........17

*Phila. Newspapers v. Hepps*,
  475 U.S. 767 (1986)....................................................................................19, 20

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**                                    Page 4

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   890 F.3d 828 (9th Cir. 2018) ...............................................................7, 8

*Schneider v. Cal. Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998) ...................................................................13

*Schwern v. Plunkett*,
   845 F.3d 1241 (9th Cir. 2017) ...................................................................12

*Stevens v. First Interstate Bank*,
   167 Or. App. 280, 999 P.2d 551 (2000)......................................................25

*Tory v. Cochran*,
   544 U.S. 734 (2005)....................................................................................22

*Trotter v. Jack Anderson Enters.*,
   818 F.2d 431 (5th Cir. 1987) .....................................................................14

*Walker v. T-Mobile USA, Inc.*,
   No. 06-687-KI, 2007 U.S. Dist. LEXIS 75298 (D. Or. Oct. 5, 2007) .......9

*Wenzel v. Klamath County Fire Dist. No. 1*,
   2017 U.S. Dist. LEXIS 198914 (D. Or. Aug. 29, 2017)..............................25

**Statutes**

ORS
   31.150...............................................................................................7, 9, 12
   31.152.................................................................................................22, 23
   652.750..........................................................................................................9

Fed. R. Civ. P.
   11.................................................................................................................23
   12(b)(6) ..........................................................................................................7
   26..............................................................................................................8, 9

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 5

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

## <u>INTRODUCTION</u>

Dossett's response to Defendants' dispositive motions amply illustrates that this is a SLAPP aimed at settling scores and silencing his critics rather than redressing any legitimate legal claim. Dossett began this lawsuit by using his Complaint to attack NCAI and its current and former employees that he believes have wronged him. But inflammatory rhetoric is no substitute for well-pleaded facts, or inoculation against well-established law, and the Complaint itself shows that his claims are without merit.

Unfortunately, Dossett's latest filings take the weaponization of this litigation to a new low. The former general counsel for NCAI submits as exhibits dozens of pages of confidential and attorney-client privileged documents that he purloined from his former employer. And he releases in his declaration and his pleadings protected personally identifiable information and confidential statements of current and former NCAI employees who are not defendants and have nothing to do with the workplace misconduct allegations that led to his demotion. Fortunately, the Court need not wade through this swamp with Dossett, because the extrinsic evidence he has attempted to put in the record is as irrelevant as it is inappropriate. As NCAI pointed out, and as this Court has previously recognized, in cases such as this where a special motion to strike challenges the legal sufficiency of a complaint, the Court considers the motion as if it were a Rule 12(b)(6) motion to dismiss. That means the factual allegations and materials Dossett offers that are extrinsic to the Complaint cannot properly be considered at this juncture. The arguments Dossett has left are insufficient to salvage his meritless claims, each of which fails for multiple independent and equally dispositive reasons.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**
Page 6

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

# I. DOSSETT'S EXTRINSIC EVIDENCE SHOULD BE DISREGARDED

NCAI demonstrated in its Motion to Dismiss and Motion to Strike ("Mem.") that, under controlling Ninth Circuit precedent, this Court must apply the standards of Federal Rules of Civil Procedure 8 and 12(b)(6) to this motion in its entirety because it attacks only the legal sufficiency of Dossett's claims. *See* Mem. at 16 (Dkt. 41) (citing *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018)). Entirely ignoring the Ninth Circuit's directive in *Planned Parenthood*, Dossett asserts that he has the right under Oregon's anti-SLAPP statute to submit evidence in opposition to Defendants' special motions to strike, and attaches to his Opposition a 119-paragraph declaration accompanied by 17 exhibits. *See* Pl.'s Mem. in Opp. to Mots. to Strike and to Dismiss ("Opp.") at 15 (Dkt. 44); *see also* Decl. of John H. Dossett ("Dossett Decl.") and exhibits thereto (Dkts. 45-45-1). Pretending that controlling precedent does not exist does not make it go away, however, and the law is clear that Dossett cannot overcome NCAI's motion to dismiss and to strike by relying on evidence extrinsic to the Complaint.[1]

To briefly recap, Oregon's anti-SLAPP statute, like California's, requires that where the defendant has shown the plaintiff's claim arises from protected speech about an issue of public interest, the burden shifts to the plaintiff to establish a probability of success on his claim. Mem. at 15-16; ORS 31.150(3). In *Planned Parenthood*, the Ninth Circuit held that at the second step in the anti-SLAPP analysis, the plaintiff is entitled to obtain discovery and introduce extrinsic evidence *only* where the special motion to strike challenges the *factual* basis of the complaint.

---

[1] The Court properly considers Dossett's extrinsic evidence only for purposes of deciding whether to grant him leave to amend. *See* Section III, *infra*.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**

Page 7

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

890 F.3d at 833-34.  But where, as here, the motion is premised on legal deficiencies in the complaint, "the motion *must* be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of" the anti-SLAPP statute applies.  *Id.* at 834 (emphasis added); *see also Miller v. Watson*, No. 3:18-cv-00562-SB, 2019 U.S. Dist. LEXIS 70930, at *8-9 (D. Or. Feb. 12, 2019) (Beckerman, M.J.), *F&R adopted*, 2019 U.S. Dist. LEXIS 70592 (D. Or. Apr. 25, 2019).

Thus, because the Court must analyze the motion to strike as if it were a Rule 12(b)(6) motion to dismiss, Dossett's declaration and most of its exhibits should be disregarded because "a trial court may not consider evidence outside the pleadings in connection with a motion to dismiss." *Inlandboatmens Union of the Pac. v. Dutra Grp.*, 279 F.3d 1075, 1083 (9th Cir. 2002). The only relevant exceptions to that rule are that the Court may consider documents incorporated by reference in the complaint and other materials of which it may properly take judicial notice. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  In this case, therefore, Dossett's exhibits DD-FF, II-JJ, and LL-OO are properly disregarded because they are not referenced in the Complaint or subject to judicial notice.[2]

Dossett also bizarrely begins his Opposition by demanding that this Court order NCAI to produce documents to him and to postpone ruling on the dispositive motions until he obtains, analyzes, and presents those documents to the Court.  Opp. at 7-8.  But Dossett is not entitled to

---

[2] Most of Dossett's exhibits are, on their face, confidential, internal NCAI records that Dossett failed to return to NCAI after his termination, as required.  *See* Dossett Decl. Ex. QQ. Several also consist of or include material that clearly constitutes privileged attorney-client communications.  NCAI expressly reserves the right to seek sanctions against Dossett and/or his counsel for violating their ethical, legal and/or contractual obligations in this regard.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 8

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

discovery at this stage of the case, both because NCAI's special motion to strike does not challenge the factual basis of the Complaint and because the parties have not held their Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d). Moreover, contrary to Dossett's false contention, Opp. at 7, NCAI has not "withheld" anything from him "in violation of ORS 652.750," a statute that is irrelevant to this litigation. NCAI has provided Dossett's counsel with all non-privileged documents from Dossett's personnel file, as required by the statute. *See* Exhibit RR to Decl. of B. Scott Whipple ("Whipple Decl."). Further, there is no private right of action against a former employer for alleged violations of ORS 652.750, a provision of Oregon's wage claim statutes that is enforced by the state Bureau of Labor and Industries. *Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1107-08 (D. Or. 2012); *see also Walker v. T-Mobile USA, Inc.*, No. 06-687-KI, 2007 U.S. Dist. LEXIS 75298, at *46-47 (D. Or. Oct. 5, 2007) ("No common law duty of good faith and fair dealing arises from ORS 652.750."), *aff'd*, 298 F. App'x 665 (9th Cir. 2008). As this Court observed, a plaintiff "may not proceed to discovery before pleading a plausible claim for relief, which requires a determination that [his] claim is legally sufficient." *Miller*, 2019 U.S. Dist. LEXIS 70930, at *14.

## II. DOSSETT CANNOT MEET HIS BURDEN TO DEFEAT NCAI'S ANTI-SLAPP MOTION

### A. The ICT Articles Are Protected by Oregon's Anti-SLAPP Statute

NCAI showed in its opening brief that the Indian Country Today articles (the "ICT Articles") Dossett challenges qualify for the anti-SLAPP statute's protection because they were statements made "in a place open to the public or a public forum in connection with an issue of public interest." Mem. at 18 (quoting ORS 31.150(2)). Dossett concedes that the ICT Articles

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 9

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

were published in a public forum, Opp. at 20, but insists that they do not discuss an issue of public interest, *id.* at 20-23. He is wrong.

Dossett attempts to frame the Articles' topics narrowly, as merely discussions of two disputed incidents that Dossett asserts did not constitute sexual harassment. *Id.* at 20-21. Although his entire lawsuit is based on the premise that the challenged publications imply Dossett is guilty of sexual harassment, he nevertheless asserts that "[t]hese articles are not about sexual harassment." *Id.* at 20. Dossett cannot have it both ways. Of course the Articles are about sexual harassment, an issue that even Dossett grudgingly concedes, in a breathtaking understatement, "may be of some interest" to the public. *Id.* at 22. The fact that Dossett denies that he committed sexual harassment does not change the fact that the Articles expressly discuss *allegations* of sexual harassment, and Dossett's responses to those allegations.

Dossett's strawman argument that Defendants are seeking a "bright-line rule" that "allegations of sexual harassment are always a matter of public interest," *id.* at 21, is unavailing because it is irrelevant here. NCAI and the other defendants do not seek a bright-line rule, just a determination by the Court that *these* articles discuss an issue of public interest under the broad interpretation of that phrase articulated by Oregon courts. Mem. at 19; *see also Neumann v. Liles*, 295 Or. App. 340, 345, 434 P.3d 438, 441 (2018) (phrase "issue of public interest" must be interpreted as its common-sense meaning: "an 'issue of public interest' is one that is of interest to the public").

Moreover, the ICT Articles are not *just* about sexual harassment. As NCAI pointed out, Mem. at 19, the Articles discuss a broader issue of public interest: allegations – including those made *by Dossett* – of dysfunction and mismanagement at the highest levels of NCAI, the most

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**   Page 10
**MOTION TO STRIKE**   KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

prominent advocacy organization for American Indians and Alaska Natives in the United States. These allegations led to calls from the leaders of two tribes for NCAI to suspend its then-Executive Director, Jacqueline Pata. Compl. Ex. C at 1. It is difficult to imagine how speech about this topic could be too insignificant to qualify for the anti-SLAPP statute's protection.

The single case Dossett cites in support of his argument, *Guzman v. Finch*, No. 19cv412-MMA (MDD), 2019 U.S. Dist. LEXIS 71168 (S.D. Cal. Apr. 26, 2019), supports NCAI's position, which is why NCAI relied on it. *See* Mem. at 19. *Guzman* involved the defendant's Facebook post about her "abusive" relationship with the plaintiff, her work supervisor, that she said involved verbal abuse and pressure "to do sexual things that [she] was uncomfortable with." 2019 U.S. Dist. LEXIS 71168, at *14-15. Applying the identical wording regarding "issue of public interest" in California's anti-SLAPP statute, the court held that the Facebook post involved an issue of public interest: domestic violence. *Id.* at *15. The court rejected the plaintiff's argument, similar to the one that Dossett makes here, that "even though the topic may be a matter of public interest generally, the content of the statement is merely between private persons regarding a private matter." *Id.* The court held that the challenged publication did not have to "contribute to a public debate and concern a large number of people" to qualify for protection as speech on an issue of public interest. *Id.* at *15-16.

Dossett urges the Court to use the same eight-factor analysis of an issue of public interest that the *Guzman* court used. Opp. at 22. NCAI respectfully submits that such a detailed analysis is unnecessary to make the common-sense determination that sexual harassment and alleged administrative dysfunction at a prominent advocacy organization are issues of public interest.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**

Page 11

Kell, Alterman & Runstein, L.L.P.
Attorneys at Law
520 SW Yamhill, Suite 600
Portland, OR 97204
Telephone (503) 222-3531
Facsimile (503) 227-2980

However, NCAI is confident that application of the test described in *Guzman* would result in the same conclusion that the ICT Articles are protected by Oregon's anti-SLAPP law.[3]

**B.      Dossett Fails to Meet His Burden to Show a Likelihood of Success**

Because NCAI has shown that the ICT Articles fall under the anti-SLAPP statute's protection, the burden has shifted to Dossett to show a probability of success on his claims. *Schwern v. Plunkett*, 845 F.3d 1241, 1245 (9th Cir. 2017) (citing ORS 31.150(3)). Dossett's Opposition confirms that he cannot make this showing because he has failed to plausibly plead a claim for defamation for two independent reasons: Dossett is a public figure who has failed to plead any facts plausibly establishing "actual malice" fault, and the Articles do not reasonably convey the defamatory meaning he alleges.

1.      Dossett is a Public Figure Who Cannot Plausibly Plead Fault

Attempting to evade the consequences of his failure to plead plausible allegations of actual malice, Dossett first asserts that he is not a public figure. Opp. at 15-20. But his Complaint tells a different story. Dossett pleads facts that show he was a prominent and successful advocate on American Indian issues who "worked collaboratively with tribal leaders and advocates to advance public policy" in Congress, in the courts, and at the Interior Department. Compl. ¶¶ 15-16. The Court must treat as true for the purposes of this motion Dossett's allegations in this regard, such as that he "organiz[ed] legislative efforts on major federal laws that affect American Indians," specifically ten pieces of federal legislation such as the Violence Against Women Act. *Id.* Dossett even served as NCAI's acting executive director,

---

[3] The ICT Articles also qualify for anti-SLAPP protections because Dossett is a public figure, as NCAI discusses in the following section.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**                                                         Page 12

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

*id.* ¶ 15, a position he asserts "served as the public face of NCAI," Opp. at 19.  In other words,

Dossett deliberately injected himself into multiple public controversies, including over policies

regarding sexual misconduct, in an attempt to influence their resolution.  That is the very

definition of a limited-purpose public figure.  *See, e.g.*, *Makaeff v. Trump Univ., LLC*, 715 F.3d

254, 266 (9th Cir. 2013).

The new factual allegations Dossett uses to prop up his denial of public figure status are

improper and may not be considered by the Court.  *See* Part I, *supra*; *see, e.g.*, *Schneider v. Cal.

Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule

12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers,

such as a memorandum in opposition to a defendant's motion to dismiss.").  But even if the

Court were to consider this material, it would not help Dossett.  Whether or not his advocacy

work was "in the background" and he spoke to journalists "only in response to legal questions"

as he now alleges, Opp. at 20, the undisputed fact is that he worked – successfully, he claims – to

influence public policy on a wide range of federal issues related to American Indians.  This is

sufficient.  As one court put it, "[t]he fact that Plaintiff's name may have been unfamiliar to the

public until Defendants published the articles in question does not defeat his limited purpose

public figure status." *Norris v. Bangor Publ'g Co.*, 53 F. Supp. 2d 495, 505 (D. Me. 1999)

(opposition researcher for senate campaign was public figure despite working "behind the

scenes").

Dossett is equally off base in claiming that he is not a public figure for purposes of the

narrower controversy over allegations of misconduct and mismanagement by top officials at

NCAI.  Dossett is a public figure in the context of that controversy, even accepting for the sake

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 13

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

of argument Dossett's contention that his only voluntary participation was to defend himself (and that the only relevant controversy was over the sexual harassment allegations and NCAI's response to them). A public figure is "an individual [who] voluntarily injects himself or is *drawn into* a particular public controversy." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974) (emphasis added). Dossett cannot credibly disclaim the fact that he was drawn into the controversy involving NCAI leadership that was the subject of the ICT Articles once the First Indianz.com Article was published. *See* Mem. at 20-21.

Dossett's assertion that Defendants' publications created the relevant controversy is another red herring. "Creating a public issue . . . is not the same as revealing one. The purpose of investigative reporting is to uncover matters of public concern previously hidden from public view." *Trotter v. Jack Anderson Enters.*, 818 F.2d 431, 434 (5th Cir. 1987). Here, the First Indianz.com Article brought the controversy over alleged mismanagement at NCAI to light; it did not create it. And even if it had, the controversy had unquestionably erupted before Indian Country Today published either of its articles at issue here. *See* Mem. at 21. In sum, the allegations of the Complaint and the controlling law lead to the inevitable conclusion that Dossett is a limited-purpose public figure for purposes of this lawsuit.

Dossett acknowledges that if the Court determines as a matter of law that he is a public figure, he has the burden to show that the ICT Articles were published with constitutional actual malice. Opp. at 23, 28.[4] Nothing in his Opposition, however, can overcome Dossett's failure to

---

[4] Even if he were not a public figure, Dossett would have to plead and prove actual malice to recover presumed or punitive damages. *Gertz*, 418 U.S. at 349.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**

Page 14

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

plead facts that would plausibly suggest Indian Country Today published the articles knowing or believing it likely that they were false.

NCAI showed in its opening brief that Dossett failed to meet his burden under the *Iqbal/Twombly* pleading standards to allege facts showing a subjective knowledge of falsity, or awareness of probable falsity, by the journalists responsible for the ICT Articles at issue. Mem. at 21-26. The Opposition does not identify any well-pleaded facts or legal precedent that would compel the opposite conclusion. Instead, Dossett largely relies on repeating the conclusory and inadequate statements in his complaint contending that NCAI harbored knowledge that the allegedly defamatory gist of the articles was false. *See* Opp. at 28-30. Dossett also reiterates his unavailing assertion that NCAI's purported failure to make affirmative statements challenging the accuracy of the allegations against him is evidence of actual malice. *Id.* at 29-30.

In addition, Dossett has failed to connect the dots between those at NCAI with purported knowledge of his alleged innocence and those actually responsible for the ICT Articles, as the law requires. *See* Mem. at 23-24.[5] His conclusory and unsupported contention that "NCAI cannot argue that its media arm was unaware of the falsity of what its non-media arm knew, and should be treated as a single entity," is contrary to well established precedent. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964) ("the state of mind required for actual malice would have been brought home to the persons in the Times' organization having responsibility for the

---

[5] Dossett's contention that Pata was the nominal "publisher" of Indian Country Today and "would have final say over the publication of the article," Opp. at 29, is another factual contention extrinsic to the complaint that the Court cannot consider. However, this allegation could not help Dossett even if it were properly before the Court, because he does not and cannot in good faith allege that Pata had any involvement with the ICT Articles other than being quoted in the first one.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**

Page 15

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

publication").  Notably, in *Sullivan* the Supreme Court held that the knowledge of *Times* editorial employees who covered civil rights could not be imputed to the advertising department employees responsible for accepting and approving the advertisement at issue in that case.  *Id.*

Dossett also does not attempt to contradict – or even address – NCAI's showing that the fact the ICT Articles extensively quoted his denials of wrongdoing indicates the opposite of actual malice.  Mem. at 25.  Nor does Dossett address the fact that he failed to show, as required under settled Ninth Circuit precedent in cases like this one where claims arise from alleged defamatory implications, that those responsible for the challenged statements *intended* to convey the implications Dossett alleges defamed him.  *Id.* at 25-26.  And, although he acknowledges he must do so, Opp. at 23, Dossett still fails to identify any "obvious reasons" for the Indian Country Today journalists to have doubted the veracity of the First Indianz.com Article or President Keel's statement.  Mem. at 23.

In another attempt to amend his Complaint via his Opposition, Dossett asserts that NCAI is liable for defamation arising from statements made by Pata and then-NCAI President Jefferson Keel independently of their publications in the ICT Articles.  Opp. at 27-28.  He claims that "statements made by President Keel and Ms. Pata outside of the reporting context cannot be subject to the malice standard, even though they were republished by NCAI's media arm."  *Id.* This argument fails for the simple reason that Dossett does not allege in his Complaint that any statement by Pata is actionable and challenges Keel's statement only in the context of its publication by Indian Country Today.  *See* Compl. ¶¶ 70-75.  It would be absurd if Dossett were required to plead and prove actual malice for Indian Country Today's publication of Keel's statement but not for the underlying statement itself.  The law does not require such a result.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**       Page 16
**MOTION TO STRIKE**
Kell, Alterman & Rustein, L.L.P.
Attorneys at Law
520 SW Yamhill, Suite 600
Portland, OR 97204
Telephone (503) 222-3531
Facsimile (503) 227-2980

Further, the sole case Dossett cites in support of his contention that statements by NCAI officials published in Indian Country Today "are not entitled to the actual malice standard" says nothing of the sort. Opp. at 28. The Oregon Court of Appeals emphasized in *Cooper v. Portland General Electric Corp.* the fact that it was a lawsuit over statements made to the plaintiff's work supervisors, not statements made and published for dissemination to the general public by the news media. 110 Or. App. 581, 588-89, 824 P.2d 1152, 1155-56 (1992). The actual malice standard did not apply there, not because they were made about an employee, but because the "statements were not published in a way that made them available to the general public and they were not a subject for public discussion or comment." *Id.* The opposite is true in this case, as the previous sections make clear.

Dossett cannot possibly show actual malice regarding Keel's statement for the additional and common-sense reason that there cannot be knowledge of falsity when the challenged statement is substantially true. *See, e.g.*, *Air Wis. Airlines Corp. v. Hoeper*, 571 U.S. 237, 247 (2014) ("actual malice entails falsity"); *Overby v. KPTV TV Inc.*, Civil No. 95-162-JO, 1995 U.S. Dist. LEXIS 20977, at *5-6 (D. Or. Nov. 7, 1995) (public-figure plaintiff failed to meet her burden to show actual malice where news report at issue was substantially true). The Complaint does not identify anything Keel said that was false – and, indeed, Dossett admits the facts underlying the statement's truth. *See* Mem. at 14. The challenged statement, which appears in the Second ICT Article, is:

> Earlier this year, NCAI hired an external investigator who investigated two
> specific allegations of sexual harassment against John Dossett, one of which had
> been the subject of an earlier internal investigation. In conducting this
> investigation, the external investigator spoke with many current and former
> employees, including some former employees who learned about the investigation

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**                    Page 17
**MOTION TO STRIKE**
KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

and requested an opportunity to speak.  The investigation concluded with recommendations that NCAI promptly implemented.

Compl. ¶ 70.  Dossett has affirmatively pleaded all of these facts.  *See id.* ¶¶ 22, 26-27, 29-32, 43-44.  Thus, no one could possibly have made or republished this true statement with knowledge of its falsity, *i.e.*, actual malice.[6]

The conclusory and contradictory allegations in Dossett's Complaint fall well short of plausibly showing that any challenged statements in the ICT Articles were made with actual malice.  His defamation claim should be dismissed because Dossett cannot make the required showing that he would probably prevail.

2.  The ICT Articles Do Not Convey a Defamatory Meaning

An additional, independent, and dispositive reason that Dossett's defamation claim fails is that the statements about which he complains do not convey any alleged defamatory meaning as a matter of law.  *See* Mem. at 27-31.  Dossett's Opposition is insufficient on this front, as it relies primarily on repetition of the Complaint's inadequate allegations.  *See* Opp. at 31-32.

Further, the issue of defamatory meaning is another in which Dossett largely ignores NCAI's arguments and the controlling authority that contradicts his position.  For example, Dossett does not bother to respond to NCAI's showing that the ICT Articles, when considered in full and in context as required, do not convey any defamatory meaning to a reasonable reader.  Mem. at 27-28; *see also Dodds v. ABC.*, 145 F.3d 1053, 1063-64 (9th Cir. 1998) (public-figure

---

[6] Keel's statement is not actionable as defamation for this reason as well.  *See* Part II.B.2, *infra*.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**

Page 18

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

plaintiff must show challenged statements were "reasonably capable of sustaining" a defamatory meaning and that defendant "intended to convey the defamatory impression" (citation omitted)).

As NCAI explained, the First ICT Article does not reasonably convey a defamatory meaning because it both includes Dossett's denial and presents the challenged passage as a hearsay expression of opinion by an unnamed person quoted by Indianz.com. No reasonable person would interpret that quotation as an assertion of fact by NCAI. Mem. at 28-29. The Second ICT Article likewise extensively quotes Dossett's denials and thus, in context, Keel's challenged statement cannot be understood as a statement of fact that Dossett was guilty of sexual harassment. *Id.* at 27-28.[7] Simply stating that the ICT Articles stated or implied he was a "serial sexual harasser," Opp. at 31, is neither a substantive response to NCAI's argument nor a plausible allegation of liability.

Dossett also asserts that he can "defend against a defense of truth" with the extrinsic evidence the Court is barred from considering. *Id.* He bases his argument on the incorrect assertion that he "is entitled to a presumption of falsity" and Defendants will have to prove truth. *Id.* Once again, the law is precisely the opposite of what Dossett says it is. The Supreme Court established more than three decades ago that the First Amendment requires a plaintiff to prove

---

[7] Dossett also appears to assert that he was defamed by Pata's statement paraphrased in the First ICT Article that "she is not able to respond to any allegations because as [sic] personnel matters are subject to privacy laws." Opp. at 28. This contention is not pleaded in the Complaint and therefore cannot be considered by the Court. *Inlandboatmens Union*, 279 F.3d at 1083. The statement is not actionable in any event, because it does not convey any information specifically about Dossett whatsoever, let alone anything defamatory. The Court also should not indulge Dossett's hypocrisy in claiming he was defamed by a statement declining to comment on privacy grounds when he asserts that NCAI is liable to him for purportedly breaching a duty of confidentiality – and when he violated *his* ethical and contractual duties of confidentiality with his pre-firing public statement and his pleadings in this case. *See* Opp. at 39.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**                    Page 19

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

falsity where, as here, the plaintiff is a public figure or the challenged statement is about a matter of public concern. *Phila. Newspapers v. Hepps*, 475 U.S. 767, 776 (1986); *see also Hickey v. Settlemier*, 141 Or. App. 103, 111, 917 P.2d 44, 49 (1996) ("[I]n cases involving public figures or issues of public concern . . . falsity is an element of plaintiff's defamation case, because plaintiff has the burden of proving it.").

Moreover, the Complaint's allegations and materials incorporated by reference show the truth of the allegedly defamatory implication Dossett ascribes to the Second ICT Article. The Complaint alleges that Keel's statement implies that "Dossett's demotion was related to allegations of sexual harassment," Compl. ¶ 71, an implication which is undeniably true. *See* Mem. at 28 n.5. Dossett admits that the "disciplinary memo" he received in connection with his demotion stated he had engaged in "unprofessional and inappropriate behavior," including making "sexually-charged comments." *Id.* ¶ 30. NCAI's employee handbook defines prohibited sexual harassment as encompassing "verbal or physical conduct of a sexual nature including, but not limited to, sexually-related . . . jokes, . . . or other sexually-related comments." Mem. Ex. 1 at 14 (Dkt. 41-1). Thus, any statement or implication that Dossett was demoted for sexual harassment, or that NCAI's investigation found that he engaged in sexual harassment, is according to Dossett's own pleading true and not actionable.[8]

---

[8] The Court may ignore Dossett's allegations to the contrary in his Complaint because it is well settled that where "documents incorporated by reference into the complaint conflict with allegations in the complaint, we need not accept those allegations as true." *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (alterations and citation omitted).

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 20

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Dossett's defamation claim should thus be dismissed for the independent reason that he cannot meet his burden to show the ICT Articles reasonably convey a defamatory meaning.[9]

### C.     The First Amendment Prohibits the Injunctive Relief Dossett Seeks

NCAI showed in its Memorandum that the First Amendment prohibits the injunctive relief Dossett seeks: an order directing NCAI to remove the ICT Articles from the internet, prohibiting the publication of statements Dossett deems defamatory, and requiring the publication of a "retraction" and a statement regarding the internal investigation of Dossett. Mem. at 31-32; *see also* Compl. ¶ 92.  Dossett's only response, an assertion that "proven defamation is not constitutionally protected speech" and therefore may be enjoined, is both off-base and inadequate to preclude dismissal of his claim for injunctive relief.

First, Dossett simply ignores NCAI's showing that the compelled speech he seeks – publication of a "retraction" and a report about the internal investigation – is impermissible under settled First Amendment law.  *See* Mem. at 32 (citing, *inter alia*, *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 256 (1974)).  Dossett therefore has waived those claims.  *Carvalho v. Equifax Info. Servs., LLC*, 615 F.3d 1217, 1228 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim." (citation omitted)); *Kim v. Prudential Fin., Inc.*, No. 3:15-cv-02029-HZ, 2016 U.S. Dist. LEXIS 158405, at *8 (D. Or. Nov. 14, 2016) (same).

Second, Dossett is far off the mark in his contention that NCAI's citation of *Garcia v. Google, Inc.* is "misleading" because the underlying claim in that case was copyright

---

[9] NCAI does not rely on the neutral reportage doctrine and thus does not address Dossett's arguments regarding it.  Opp. at 32-34.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**      Page 21
**MOTION TO STRIKE**
KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

infringement rather than defamation. Opp. at 40-41. NCAI cited *Garcia* for its succinct explanation of the black-letter law that a prior restraint on speech is an extraordinary remedy that is the "most serious and least tolerable infringement on First Amendment rights." *Id.* at 40 (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 747 (9th Cir. 2015)). The Ninth Circuit panel's dictum musing that an injunction on the basis of a defamation claim *might* have been allowed in that case in no way suggests that the injunction that Dossett seeks in this case would be appropriate.

Indeed, Dossett concedes that he "is aware of no case that is directly on point" regarding whether a court order mandating the removal of allegedly defamatory online content could be constitutional under any circumstance. Opp. at 40.[10] Dossett argues that an injunction against NCAI's speech would be permissible if the targeted statements had been adjudicated to be defamatory. *Id.* at 41. But even if that dubious proposition were to be accepted, it would not help Dossett because, as described in the preceding sections and NCAI's opening Memorandum, he has not stated and cannot plausibly state a defamation claim. His claim for injunctive relief therefore should be dismissed.

### D. NCAI, Not Dossett, Is Entitled To Attorneys' Fees Under ORS 31.152

Dossett does not contest, nor could he, that if NCAI prevails on this special motion to strike, it is entitled to an award of its reasonable attorneys' fees and costs under the fee-shifting provision of Oregon's anti-SLAPP statute. *See* ORS 31.152(3). But he contends that he is

---

[10] In the only case squarely presenting the question of whether an injunction against allegedly defamatory speech is permissible under the First Amendment, the U.S. Supreme Court remanded the case because the plaintiff died during the pendency of the appeal. *Tory v. Cochran*, 544 U.S. 734, 737-38 (2005).

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 22

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

nevertheless entitled to a fee award under the statute, Opp. at 35, which allows fee-shifting to a prevailing plaintiff only where the special motion to strike "is frivolous or is solely intended to cause unnecessary delay." ORS 31.152(3). This assertion is as meritless as the claims in his Complaint. NCAI respectfully submits that even if the Court were to deny the special motion to strike, in part or whole, NCAI's arguments are clearly not frivolous. *C.f. Larez v. Holcomb*, 16 F.3d 1513, 1522 (9th Cir. 1994) (fee award under Rule 11 for filing a frivolous motion is permissible only where the filing is "both baseless and made without reasonable and competent inquiry"). However, because the anti-SLAPP statute applies and Dossett has failed to meet his burden to show a probability of success on the merits, NCAI is entitled to an award of its reasonable fees and costs in an amount to be determined at a later date.

## III.    DOSSETT CANNOT SALVAGE HIS ANCILLARY CLAIMS

In response to NCAI's showing that his claims for intentional interference with economic relations and negligence are fatally flawed, Dossett asks this Court to grant him leave to amend his Complaint to "more fully allege" those claims. Opp. at 35, 37-39. The Court should instead dismiss these ancillary claims with prejudice, because any amendment would be futile. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."). As described more fully below, the materials Dossett filed with his opposition show that he cannot in good faith make sufficient factual allegations to plausibly plead either claim. *Morgan v. Aurora Loan Servs., LLC*, 646 F. App'x 546, 549 n.2 (9th Cir. 2016) ("[F]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or dismiss the complaint with or without prejudice." (citation omitted)).

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

*Page 23*

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

## A. Dossett Has Failed to Plausibly Plead an IIER Claim

Dossett concedes that his IIER claim fails if his defamation claim fails. Opp. at 36.
Dossett's failure to plausibly plead defamation dooms his IIER claim on that basis alone.

This claim also should be dismissed with prejudice for the independent reason that
Dossett has not pleaded facts that would plausibly establish the elements of IIER.[11] NCAI
showed in its Memorandum that Dossett has not pleaded facts to support the existence of
relationships with which NCAI could have interfered or that any action by NCAI caused him to
lose his position at Lewis & Clark Law School. *See* Mem. at 32-34. Dossett's only response is
to merely cite the conclusory and inadequate allegations of the Complaint. Opp. at 37-38.

Further, Dossett's declaration and exhibits show amendment of this claim would be
futile. Despite knowing that he must plead facts to show a causal connection between the loss of
his teaching job and the ICT Articles, Dossett does not attach any documents regarding this
position and does not testify – even in conclusory fashion – that Lewis & Clark fired him
because of the content of the ICT Articles. *See generally* Dkt. 45. Nor does he make any
statement or attach any documents that would identify any job opportunities or other economic
prospects he failed to obtain because of anything that NCAI did or published. *Id.* Because he
cannot identify any fact that would plausibly suggest NCAI was responsible for any lost
economic opportunities, Dossett's IIER claim should be dismissed with prejudice.

---

[11] Dossett acknowledges that NCAI's termination of his employment cannot be the basis of
an IIER claim against NCAI. Opp. at 37.

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

## B.    Dossett's Negligence Claim Is Barred as a Matter of Law

Dossett's negligence claim against NCAI must be dismissed because he has conceded

that it is barred as a matter of law and because he has not plausibly pleaded it.

NCAI showed in its motion to dismiss that Oregon's economic loss rule effectively bars

Dossett's negligence claim.  *See* Mem. at 37-38.  Under that rule, a defendant is not liable for

negligently causing purely economic losses absent a special relationship between the parties

(other than an employment relationship).  *Id.* (citing *Wenzel v. Klamath County Fire Dist. No. 1*,

2017 U.S. Dist. LEXIS 198914, at *43-44 (D. Or. Aug. 29, 2017)).  Dossett's only response is to

note that he also seeks damages for "harm to his mental well being."  Opp. at 40.  However, as

NCAI pointed out, Mem. at 38 n.8, this does not save his negligence claim because Oregon law

similarly bars the recovery of such inchoate non-economic damages unless there has been an

infringement of some other legally protected interest.  *See, e.g.*, *Hammond v. Cent. Lane*

*Commc'ns Ctr.*, 312 Or. 17, 22-24, 816 P.2d 593, 596-97 (1991) ("Oregon law allows recovery

of damages for psychic or emotional harm when defendant's conduct infringes some legal right

of the plaintiff independent of an ordinary tort claim for negligence."); *Stevens v. First Interstate*

*Bank*, 167 Or. App. 280, 286-87, 999 P.2d 551, 554 (2000) ("[I]n the absence of physical injury,

to recover emotional distress damages only, plaintiffs must demonstrate that their relationship

with [the defendant] gave rise to some distinct 'legally protected interest' beyond liability

grounded in the general obligation to 'take reasonable care not to cause a risk of . . . foreseeable

. . . harm' to plaintiffs." (citation omitted)).  By failing to address this ground for dismissing his

negligence claim, Dossett has conceded that it must be dismissed.  *Carvalho*, 615 F.3d at 1228.

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 25

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Dossett's negligence claim also fails for the independent reason that he has not pleaded any fact to plausibly suggest NCAI could be liable for negligence. The Opposition is confusing and internally inconsistent in this regard. Dossett states that "duty of care . . . is not an element of negligence in Oregon," Opp. at 38, but then proceeds to insist that NCAI violated various "duties" regarding internal investigations and confidentiality it purportedly owed to him based on his employment contract and "oral contracts and representations to him guaranteeing confidentiality," *id.* at 39. Here, Dossett apparently is attempting to reflect the Oregon Supreme Court's differentiation between "duty" in the affirmative sense of a legal obligation imposed by a special relationship, statute, or contract and "duty" in the sense of the general responsibility to avoid negligent acts that could foreseeably injure third parties. *Fazzolari v. Portland Sch. Dist.*, 303 Or. 1, 9-10, 734 P.2d 1326, 1331-32 (1987).

Dossett cannot avoid the fact that whatever framework is applied, NCAI cannot be liable for negligence in this circumstance. For example, Dossett is simply incorrect in asserting that "Oregon Courts have suggested that negligent release of confidential information related to an employment-related investigation could be grounds for a negligence claim." Opp. at 39 (citing *Bradbury v. Teacher Standards & Practices Comm'n*, 151 Or. App. 176, 183, 947 P.2d 1145, 1148 (1997)). Not so. *Bradbury* involved the alleged violation of a *statutory* requirement that the state Teacher Standards and Practices Commission keep the results of investigations confidential, not the common-law negligence that Dossett pleads in this case. 151 Or. App. at 181, 947 P.2d at 1148.

Dossett also unsuccessfully attempts to distinguish *Koanui v. Cenveo Corp.*, No. 04-6326-TC, 2005 U.S. Dist. LEXIS 48965 (D. Or. Oct. 5, 2005), which NCAI cited in its

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 26

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Memorandum.  *See* Opp. at 38-39.  The court in *Koanui* noted that "[t]he vast majority of the courts that have considered the issue have refused to accept a claim for negligent investigation" and added that "[t]he manner in which an employer conducts an investigation and even the conclusion reached by the employer does not give rise to a claim."  2005 U.S. Dist. LEXIS 48965, at *12-13, 15.  The court further held that the plaintiff's "employment relationship with defendant is not a basis for a duty to investigate.  *Id.* at *13.  The same is true here, and therefore Dossett has no claim.

Contrary to Dossett's argument, Opp. at 38, the *Koanui* court's conclusion that "Oregon does not recognize a claim for negligent investigation in the circumstances of this case," 2005 U.S. Dist. LEXIS 48965, at *16, does not mean that such a claim would be recognized in *this* case, and NCAI is unaware of any authority stating that such a cause of action exists here.  Similarly false is Dossett's contention that the plaintiff in *Koanui* "openly admitted to the underlying claim of sexual harassment and the employer's basis for terminating the employee (sexual harassment) was not contested."  Opp. at 38-39.  Rather, the plaintiff contended the opposite: "that his conduct was either not 'unwelcome' to subordinates, or not sufficiently pervasive to be deemed sexual harassment."  *Koanui*, 2005 U.S. Dist. LEXIS 48965, at *5.  Simply put, Dossett's negligence claim has no legal basis.

Dossett should not be granted leave to re-plead his negligence claim because it is clear he cannot properly do so.  There is no fact he could plead that would overcome Oregon law prohibiting recovery of purely economic or emotional damages for negligence.  Setting aside that fatal flaw, there is similarly no fact that Dossett could plead that would show NCAI could be

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**

Page 27

Kell, Alterman & Runstein, L.L.P.
Attorneys at Law
520 SW Yamhill, Suite 600
Portland, OR 97204
Telephone (503) 222-3531
Facsimile (503) 227-2980

liable in negligence for its actions related to the investigation, discipline and eventual firing of Dossett. This claim should be dismissed with prejudice.

## <u>CONCLUSION</u>

For all of the foregoing reasons, and for all of the reasons stated in its Motion to Dismiss and Special Motion to Strike, NCAI respectfully requests that this Court enter an order dismissing Dossett's claims for IIER and negligence with prejudice and, pursuant to the Oregon anti-SLAPP statute, dismissing Plaintiff's defamation claim and requests for injunctive relief, and awarding NCAI its reasonable fees and costs in an amount to be determined at a later date.

DATED this 10th day of December, 2019.

KELL, ALTERMAN & RUNSTEIN, L.L.P.

By: s/Scott J. Aldworth

Scott J. Aldworth, OSB No. 113123
Susan T. Alterman, OSB No. 870815
Telephone: (503) 222-3531
Fax: (503) 227-2980
saldworth@kelun.com
salterman@kelrun.com

Matthew E. Kelley (admitted *pro hac vice*)
Chad R. Bowman (admitted *pro hac vice*)
BALLARD SPAHR LLP
Telephone: 202/508-1112
Fax: 202/661-2299
kelleym@ballardspahr.com
bowmanchad@ballardspahr.com

Attorneys for Defendant The National Congress of American Indians of the United States and Alaska

**Defendant The National Congress of American Indians'**
**REPLY IN SUPPORT OF MOTION TO DISMISS AND SPECIAL**
**MOTION TO STRIKE**

Page 28

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980