Anthony Broadman, Bar No. 112417
anthony@galandabroadman.com
Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Seattle, WA 98115-3677
Telephone: (206) 321-2672

Nicole E. Ducheneaux, *Pro Hac Vice*
nducheneaux@bigfirelaw.com
Big Fire Law & Policy Group LLP
1404 Fort Crook Road South
Bellevue, NE 68005-3060
Telephone: (531) 466-8725

Attorneys for Defendant Ho-Chunk, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN H. DOSSETT,<br><br>               Plaintiff,<br><br>v.<br><br>HO-CHUNK, INC., a tribal corporation formed by the Winnebago Tribe of Nebraska, NOBLE SAVAGE MEDIA, L.L.C, a Limited Liability Company of unknown origin, THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA, an Oklahoma Non For Profit Corporation, and HIGH COUNTRY NEWS, a Colorado Nonprofit Corporation,<br><br>               Defendants. | Case No.: 3:19-cv-01386<br><br>Defendant, Ho-Chunk, Inc.'s<br>REPLY IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE |

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I.   John Dossett's Suit is Barred by the Doctrine of Tribal Sovereign Immunity from Suit ......... 2

     1.   The Doctrine of Sovereign Immunity Plainly Governs John Dossett's Attempt to Sue Ho-Chunk, Inc. ............................................................................................................. 2

          a.   Dossett Bears the Burden of Proof ............................................................... 5

          b.   HCI Easily Meets the Controlling Arm-of-the-Tribe Test ........................... 6

          c.   Dossett Fails to Demonstrate Entitlement to Jurisdictional Discovery ........ 6

II.  Dossett Fails to Defeat HCI's Claims that His Suit Must be Struck Under Oregon's Anti-SLAPP Standard or Based on First Amendment Principles ...................................... 8

     1.   John Dossett Is a Public Figure ................................................................................ 8

     2.   Dossett Fails to Demonstrate that HCI Was Malicious ........................................... 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adoptive Couple v. Baby Girl*,
   570 U.S. 637 (2013) ...................................................................................................9

*Arizona v. Tohono O'odham Nation*,
   818 F.3d 549 (9th Cir. 2016) ......................................................................................4

*M.J. ex rel. Beebe v. United States*,
   721 F.3d 1079 (9th Cir. 2013) ....................................................................................4

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ....................................................................................7

*Breakthrough Management Group, Inc. v. Chukchansi Gold Casino Casino & Resort*,
   629 F. 3d 1192 (10th Cir. 2010) .........................................................................6, 7, 8

*Cobell v. Norton*,
   283 F.Supp.2d 66 (D. D.C. 2003) ...............................................................................8

*Fairbanks v. Roller*,
   314 F.Supp.3d 85 (D.D.C. 2018) ................................................................................9

*Garling v. EPA*,
   849 F.3d 1289 (10th Cir. 2017) ..................................................................................5

*Hustler Magazine v. Falwell*,
   496 U.S. 46 (1988) ....................................................................................................10

*Kiowa Tribe of Oklahoma v. Mfr'ing Techs., Inc.*,
   523 U.S. 751 (1998) ................................................................................................3, 5

*Leidholdt v. L.F.P., Inc.*,
   860 F.2d 890 (9th Cir. 1988) ......................................................................................9

*Lewis v. Clarke*,
   137 S. Ct. 1285 (2017) .............................................................................................3, 4

*Manzari v. Associated Newspapers Ltd.*,
   830 F.3d 881 (9th Cir. 2016) ......................................................................................9

*Menominee Tribe of Indians v. United States*,
   391 U.S. 404 (1968) ...................................................................................................9

*Michigan v. Bay Mills Indian Cmty.*,
    572 U.S. 782 (2014)......................................................................................................3, 4, 5

*Oliphant .v Suquamish Indian Tribe*,
    435 U.S. 191 ........................................................................................................................9

*Parsi v. Daioleslam*,
    595 F.Supp.2d 99 (D.D.C. 2009) .......................................................................................9

*Santa Clara Pueblo v. Martinez*,
    436 U.S. 49 (1978)..............................................................................................................9

*United States v. Lara*,
    541 U.S. 193 (2004)............................................................................................................8

Williams v. Big Picture Loans, LLC, 929 F.3d 170, 184 (4th Cir. 2019) ........................................6

**Statutes**

28 U.S.C. § 2680(h) .........................................................................................................................5

**Other Authorities**

Nat'l Cong. of Am. Indians & Native Am. Rights Fund, *Tribal Supreme Court Project Memorandum* 1 (May 3, 2017),
    https://sct.narf.org/updatememos/2017/05-03-17.pdf................................................................4

## INTRODUCTION

For more than 20 years, John Dossett was the most prominent attorney at Indian Country's most important legal and policy advocacy organization. In his role as General Counsel of the National Congress of American Indians ("NCAI"), he helped create the Tribal Supreme Court Project and shaped the legal strategies and policies that define the day-to-day lives of Native people across this county and which can mean the difference between termination and survival for the sovereign tribal nations[1]. John Dossett led a working group of over 200 attorneys and academics around the nation to prepare high-level briefs and memoranda that ultimately shaped the precedential landscape that allows tribes and tribal people to exist in the modern era.[2]

For this reason, John Dossett's opposition to Ho-Chunk, Inc.'s ("HCI") Motion to Dismiss and Strike is disappointing, sad, and even embarrassing. It represents a total repudiation of settled law, bright line rules, and legal principles surrounding tribal sovereign immunity from suit that he helped create and defend. Specifically, in his brief, he urges interpretations of Supreme Court precedent that are so wrong as to be almost frivolous and which, moreover, directly contradict briefs that John Dossett filed in some of the important Indian law litigations that he once directed. He is so desperate to achieve whatever it is he wants from the instant lawsuit that he is willing to upend federal Indian law and compromise his own integrity. Tribes and tribal people are no stranger to betrayal, but this is especially galling.

Furthermore, he uses this litigation to diminish the importance of the work that NCAI and its legal counsel do in Indian Country. Indian Country is small and fragile. Tribes and tribal rights

---

[1] Mary Denny, *Alumnus Advocates for Polices that Benefit America's Indian Nations* (Jun. 30, 2017) https://new.trinity.edu/news/legal-action-tribal-sovereignty (last accessed Dec. 20, 2019).
[2] Native Am. Rights Fund, *Tribal Supreme Court Project*, https://sct.narf.org/ (last accessed Dec. 10, 2019).

exist at the sufferance of a fickle court and a changeable Congress. As set forth herein, what Indian lawyers in the courts and the halls of Congress affect individual Indians in their day-to-day lives and can pose an existential threat to tribes themselves. Therefore, Indian people care immensely about the legal goings-on at NCAI. John Dossett's claim that he is just an anonymous lawyer of no public interest to the people of Indian Country and the readers of Indianz.com is simply false. John Dossett knows perhaps better than any other non-Indian in the nation how vitally important Indian legal issues are to the people of Indian Country and his claims to the contrary are disingenuous.

For these reasons and the reasons set forth herein Dossett's Complaint must be dismissed.

## ARGUMENT

### I. John Dossett's Suit is Barred by the Doctrine of Tribal Sovereign Immunity from Suit

#### 1. The Doctrine of Sovereign Immunity Plainly Governs John Dossett's Attempt to Sue Ho-Chunk, Inc.

It is perhaps generous to call John Dossett's argument that tribal sovereign immunity does not govern his suit misguided. Although Dossett claims otherwise, the crux of his argument is set forth plainly and reiterated throughout his brief: that a tribal entity should not be permitted to "claim[] immunity to commit defamation for profit against unrelated third parties outside the reservation boundaries." ECF 47 at 4. In other words, Dossett asks this Court to rule that tribal sovereign immunity should not extend to non-governmental, off-reservation conduct, including torts. Dossett is intimately aware that the U.S. Supreme Court has rejected each of these contentions repeatedly and explicitly. It is settled law, and so Dossett speaks out of both sides of his mouth, alternately asking this Court to consider his off-reservation and commercial conduct theory and claiming that he "is not asking for a broad rule that tribal immunity does not extend to suits arising out of a tribe's off-reservation commercial conduct. . . ." ECF 47 at 5. The reasons

he asks for no such broad rule is, according to Dossett, that "in practice it can be difficult to distinguish commercial from governmental activities" and that, in addition, "there is a great deal of tribal government activity that takes place near reservation boundaries." *Id.*

Be that as it may, and as John Dossett well knows, the actual reason that this Court cannot consider his bordering-on-frivolous arguments is that controlling U.S. Supreme Court precedent is clear. Tribal sovereign immunity protects tribes and their entities from suit "***even when a suit arises from off-reservation commercial activity***." *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 785 (2014) (emphasis added); *see also*, *Kiowa Tribe of Oklahoma v. Mfr'ing Techs., Inc.*, 523 U.S. 751, 754-55 (1998) ("Though respondent asks us to confine immunity from suit to transactions on reservations and to governmental activities, our precedents have not drawn these distinctions."). That Dossett's argument in this matter obscures the nature of such clear precedent is inexcusable and egregious as John Dossett filed the leading amicus brief in the *Bay Mills* case, which argued passionately, powerfully, and ultimately correctly that "[n]o sound basis exists to confine sovereign immunity to 'on-reservation' functions," and that "[n]o sound basis exists to confine sovereign immunity to 'governmental' as opposed to 'commercial' functions." Brief for the Nat'l Cong. of Am. Indians, et al. at 21, 28, *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782 (2014) (No. 12-515), 2013 WL 5915051, at *21, 28 (Declaration of Nicole Ducheneaux ("Ducheneaux Decl.") Ex. A). The Supreme Court, as noted above, agreed with John Dossett, even though he does not agree with himself here as it concerns his own attempt to violate tribal sovereign immunity.

Dossett's further reliance on obiter dicta in Justices Ginsberg's and Thomas's ***concurring opinions*** in *Lewis v. Clarke*, 137 S. Ct. 1285 (2017) for the proposition that "tribal immunity does not extend to suits arising out of a tribe's commercial activities conducted beyond its territory" is

likewise inexcusable and egregious. ECF 47 at 4. *Lewis v. Clarke* was decided on a very narrow basis: whether a tribe is the real party in interest when an employee, not the tribe, is sued in his individual capacity. 137 S.Ct. 1285, 1289. John Dossett knows the meaning and import of *Lewis v. Clarke*, and that it did not impose any substantive limitations on tribal sovereign immunity from suit as to either commercial, off-reservation, or tort action, as evidenced by the very straightforward summary of the case prepared by Mr. Dossett and NCAI's Tribal Supreme Court Project on May 3, 2017. NAT'L CONG. OF AM. INDIANS & NATIVE AM. RIGHTS FUND, *Tribal Supreme Court Project Memorandum* 1 (May 3, 2017), https://sct.narf.org/updatememos/2017/05-03-17.pdf (last visited Dec. 10, 2019) (Ducheneaux Decl. Ex. B). As set forth in the *Lewis v. Clarke* summary memorandum, all questions regarding that accurate analysis of the case were to be directed to "John Dossett, NCAI General Counsel." *Id.* at 5. His poor understanding of *Lewis v. Clarke* now is both unfortunate and incredible.

Likewise, Dossett's claim that this Court should consider the novel proposition that tribal sovereign immunity may not extend to defamation claims is disingenuous. As above, he cites no controlling precedent. He fails even to make an equitable argument. His best attempt to support his theory is reference to yet more obiter dictum contained in a footnote to the *Bay Mills* decision that discusses the existence of alternative remedies. ECF 47 at 4 (citing *Bay Mills*, 572 U.S. 782, 799 n. 8. Justice Kagan's nonbinding comments on the existence of other remedies has no bearing here. First, in this Circuit, the extension of tribal sovereign immunity to torts is not in question. *E.g.*, *Arizona v. Tohono O'odham Nation*, 818 F.3d 549, 563 n. 8 (9th Cir. 2016) ("We have held that tribal sovereign immunity bars tort claims against an Indian tribe, and that remains good law."); *M.J. ex rel. Beebe v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013) (holding individual "immune from tort liability under tribal sovereign immunity"). Moreover, as John Dossett so ably

explained in his *Bay Mills* amicus brief, the U.S. Supreme Court in *Kiowa*, 523 U.S. 751, explicitly declined to find that tribal sovereign immunity does not extend to torts and instead invited Congress to address it, if Congress were so inclined. Ducheneaux Decl. Ex. A at 18. Congress considered two such bills introduced by Senator Slade Gorton, including one purporting to abrogate tribal tort immunity. *Id.* As Dossett's amicus brief points out, Congress rejected both bills and left tribal tort immunity intact. *Id.* Finally, the United States long has acknowledged, for both legal and policy reasons, that preserving the sovereign's immunity for defamation claims is appropriate, notwithstanding depriving potential litigants of a remedy. *See,* 28 U.S.C. § 2680(h) (withholding the United States' waiver of sovereign immunity in the FTCA for claims arising out of "libel, slander, [and] misrepresentation"); *see also*, *Garling v. EPA*, 849 F.3d 1289, 1298-99 (10th Cir. 2017) ("Defamation claims are the equivalent of libel and slander and thus exempt from the waiver of sovereign immunity under the intentional tort exception [of the FTCA].")

John Dossett's clumsily executed attempt to upend the important principles of tribal sovereignty and sound U.S. Supreme Court precedent that he once fought so hard to defend on behalf of Indian Country is not merely unconscionable, but sad, and should be dismissed out of hand.

### a. Dossett Bears the Burden of Proof

HCI will not waste this Court's time reiterating the comprehensive discussion of the burden of proof set forth in its opening brief. ECF 35 at 8-12. Dossett offers no substantive opposition to HCI's argument other than his inapposite discussion of Article III standing, which has not been challenged here. ECF 47 at 6. As noted in HCI's opening brief, notwithstanding which party bears the burden, HCI easily meets the controlling arm-of-the-tribe test.

### b. HCI Easily Meets the Controlling Arm-of-the-Tribe Test

HCI easily meets the controlling arm-of-the-tribe test first articulated by the Tenth Circuit in *Breakthrough Management Group, Inc. v. Chukchansi Gold Casino Casino & Resort*, 629 F. 3d 1192 (10th Cir. 2010). Again, HCI will not waste this Court's time reiterating its comprehensive discussion of the arm-of-the-tribe-test, its application across jurisdictions, and the nature and quantum of evidence the various circuit courts have considered as set forth in HCI's opening brief. ECF 35 at 12-20. Dossett, again, offers no detailed, substantive opposition. He sets forth instead his general criticisms of HCI's evidence, without reference or comparison to the controlling precedent. He seems to deliberately misunderstand how a subsidiary relates to a parent company. And he fails to acknowledge the standard set forth in *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 184 (4th Cir. 2019) and *Breakthrough*, 629 F.3d at 1195 that a judgment against an entity need not have a substantial impact upon a tribe's treasury; rather it is sufficient that any reduction in a tribe's income would result from a judgment. Further, contrary to Dossett's insistence that he must see detailed financial records, the Courts have been clear that tribal testimony on its own establishes this relationship. *Breakthrough*, 629 F.3d at 1195. Moreover, Dossett does not and cannot dispute that HCI and its subsidiaries are children of the Winnebago Tribe of Nebraska that create revenue for the Tribe. He likewise does not and cannot dispute the logical implication that a judgment against those entities would affect the Tribe's income.

Dossett makes no honest effort to oppose HCI's detailed demonstration that it is meets the controlling arm-of-the-tribe test such that his suit is barred by tribal sovereign immunity from suit.

### c. Dossett Fails to Demonstrate Entitlement to Jurisdictional Discovery

Dossett is correct that *Breakthrough* affirmed the notion that plaintiffs may be entitled to some jurisdictional discovery in the context of arm-of-the-tribe immunity. However, he does not

acknowledge that the Tenth Circuit was clear that he bears the burden of proving that he is entitled to such discovery, which is in accord with numerous other circuits, including the Ninth Circuit. *Breakthrough*, 629 F.3d at 1189 n. 11 (citing *inter alia Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). The Tenth Circuit further explained that the reason the plaintiff bears the burden is "we have concerns about burdening the potentially sovereign party with discovery. . . [as] immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery." *Id*. (quoting *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)). Therefore, *Breakthrough* noted that any jurisdictional discovery must "ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *Id.* (quoting *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992).

Dossett fails to meet his burden. As noted above, he makes no effort in his brief to explain how HCI's proffered evidence is deficient. HCI has demonstrated in its briefing that it has provided precisely the standard and quantum of evidence required by the controlling federal precedent. Indeed, it has provided exactly the kind of evidence that satisfied the *Breakthrough* court. Dossett makes no attempt whatsoever to connect his need for the following information to any standard set forth in any arm-of-the-tribe case: metadata, proof of performance, list of shareholders, information regarding Noble Savage, LLC,[3] joint venture agreements, annual reports, financial information, meeting minutes, contracts, vague information regarding the company's purpose, communications regarding tribal control, past extensions and waivers of Tribal sovereign immunity, HCI's dividends, or evidence of the Tribal entities' detailed economic development contributions. ECF 47 at 11-12. Granting such a request would amount to large-

---

[3] As set forth in HCI's briefing, Noble Savage has not been legally associated with Indianz.com since 2009. ECF 35 at 6.

scale, fishing-expedition-style discovery of the kind explicitly prohibited by *Breakthrough*. 629 F.3d at 1189. No federal arm-of-the-tribe case in the history of federal arm-of-the-tribe cases has ever granted such an expansive request. And the reason is plain. "[I]mmunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery." *Id* at n. 11 (internal quotations omitted). Therefore, jurisdictional discovery must "ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *Id*. (internal quotations omitted). Dossett makes no effort to demonstrate his need for any of the enumerated information based upon any interpretation of the arm-of-the-tribe test, and so his request must be denied.

## II. Dossett Fails to Defeat HCI's Claims that His Suit Must be Struck Under Oregon's Anti-SLAPP Standard or Based on First Amendment Principles

Again, Dossett's opposition is almost wholly non-responsive to HCI's extensive briefing on this matter. HCI will not belabor points it made at length in its opening brief. Instead, HCI discusses just a few of the more troubling claims and arguments in Dossett's opposition below.

### 1. John Dossett Is a Public Figure

John Dossett centers his denial that he was a public figure prior to publication of the articles on the premise that "a person does not become a public figure simply by being an attorney or expert in a field." ECF 44 at 19. HCI has not claimed that John Dossett was a public figure because he was an attorney. Rather, HCI has claimed that John Dossett enjoyed public figure status in the small, niche world of Indian Country. NCAI is the oldest and largest legal and policy advocate for this small, insular community. *See Cobell v. Norton*, 283 F.Supp.2d 66, 26 (D. D.C. 2003). What happens in the courts and in the halls of Congress can implicate tribes' sovereignty, their membership, the welfare of their children, and their very existence. *See, e.g.*, *United States v. Lara*, 541 U.S. 193, 200 (2004) (discussing Congress's plenary authority over Indian affairs);

*Oliphant .v Suquamish Indian Tribe*, 435 U.S. 191, 196 (defying precedent to impliedly divest tribes of criminal jurisdiction over non-Indians as that power was "inconsistent with their status"); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 51 (1978) (addressing federal court's jurisdiction over tribe's membership); *Adoptive Couple v. Baby Girl*, 570 U.S. 637, 641 (2013) (concerning tribe's right to decide the fate of minor tribal member); *Menominee Tribe of Indians v. United States*, 391 U.S. 404, 408 (1968) (discussing the many acts terminating Indian tribes in the 1950s). John Dossett was the top attorney for the leading Indian advocacy organization in the United States, as he touts in his Complaint. John Dossett, therefore, knows well how crucial the national legal strategies that he directed as NCAI's General Counsel were to the everyday people of Indian Country and why his argument that he was a simple, anonymous lawyer rings false.

John Dossett is not a household name in mainstream America, but he is a public figure in Indian Country, and that is sufficient. *See Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 888 (9th Cir. 2016); *Leidholdt v. L.F.P., Inc.*, 860 F.2d 890, 892 (9th Cir. 1988); *see also*, *Fairbanks v. Roller*, 314 F.Supp.3d 85 (D.D.C. 2018); *Parsi v. Daioleslam*, 595 F.Supp.2d 99 (D.D.C. 2009).

### 2. Dossett Fails to Demonstrate that HCI Was Malicious

Again, Dossett proceeds largely divorced from any legal principles when he argues that HCI was guilty of malice. His argument is based almost completely on his complaint that Indianz.com's sources were, in his estimation, "unreliable witness[es]," he believes that Indianz.com's reporters should have known better, and that sources were not first-hand witnesses of the alleged conduct. ECF 44. Unsurprisingly, Dossett fails to connect any of these complaints to a controlling legal principle. The standard is whether "the publication contains a false statement of fact which was made . . . with knowledge that the statement was false or with reckless disregard

as to whether or not it was true." *E.g., Hustler Magazine v. Falwell*, 496 U.S. 46, 56 (1988). The primary allegation against Mr. Dossett in this controversy was, as he admits, a he-said she-said situation. Hence, Dossett's claim that there is an objective truth that Indianz.com overlooked is without basis. Indianz.com reported on the controversy and not on the event. The event was unwitnessed except by Mr. Dossett and the alleged victim and therefore not susceptible to first-hand reporting. In reporting on the controversy, Indianz.com reported on the accounts of individuals involved with NCAI. Dossett's opposition does nothing to demonstrate why those individuals were unreliable, why Indianz.com should have known better, and why first-hand witnesses were required. This is not the standard. He has failed to demonstrate malice.

## CONCLUSION

For the reasons set forth herein, HCI respectfully requests that this Court dismiss and strike Dossett's Complaint in its entirety

Dated: December 10, 2019

By:     s/ *Nicole E. Ducheneaux*
Nicole E. Ducheneaux, *Pro Hac Vice*
Big Fire Law & Policy Group LLP
1404 Fort Crook Road South
Bellevue, NE 68005
Telephone: (531) 466-8725
Facsimile: (531) 466-8792
Email: nducheneaux@bigfirelaw.com

    s/ *Anthony Broadman*
Anthony Broadman, Bar No. 112417
Galanda Broadman PLLC
8606 35th Avenue NE, Ste. L1
Seattle, WA 98115
Telephone: (206) 321-2672
Fascimile: (206) 299- 7690
Email: anthony@galandabroadman.com

DEFENDANT HO-CHUNK, INC.'S REPLY IN SUPPORT OF     Page 10
MOTION TO DISMISS AND MOTION TO STRIKE

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

      */s/ Nicole E. Ducheneaux*