B. Scott Whipple, OSB #983750
scott@whipplelawoffice.com
Whipple Law Office, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR  97225
Telephone 503-222-6004

Andrew L. Paris, OSB #124157
andrew@andrewparislaw.com
Andrew Paris Law
1500 SW First Avenue, Suite 1170
Portland, OR 97201
Telephone: (971) 251-0294

    Of Attorneys for Plaintiff John Dossett

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN H. DOSSETT, <br><br> Plaintiff, <br><br> v. <br><br> HO-CHUNK, INC., a tribal corporation formed by the Winnebago Tribe of Nebraska, NOBLE SAVAGE MEDIA, L.L.C., a Limited Liability Company of unknown origin, THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA, an Oklahoma Not For Profit Corporation, and HIGH COUNTRY NEWS, a Colorado Nonprofit Corporation, <br><br> Defendants. | No. 3:19-cv-01386-SB <br><br> JOHN DOSSETT'S MOTION TO AMEND <br><br> ORAL ARGUMENT REQUESTED |

Page 1      JOHN DOSSETT'S MOTION TO AMEND

## LR 7-1 CERTIFICATION

The undersigned counsel certifies under LR 7-1 that counsel for Plaintiff John Dossett ("Dossett") made a good faith effort through a telephone conference and through written correspondence with counsel for Defendants in a good-faith effort to resolve the issues raised herein and were unable to do so.

## MOTION

Pursuant to FRCP 15 and LR 15-1, Dossett moves the Court for leave to file an Amended Complaint.[1] Dossett's proposed Amended Complaint adds no new causes of actions. Instead, the proposed Amended Complaint merely does the following: 1) removes Noble Savage Media, L.L.C. ("Noble Savage Media"), as a defendant; 2) adds as defendants Acee Agoyo ("Agoyo") and Kevin Abourzek ("Abourzek"), the gentlemen who co-authored defamatory articles about Dossett; 3) adds a few additional allegations about Agoyo and Abourzek; 4) adds allegations relating to additional defamatory articles on Indianz.com; and 5) clarifies that Count Five of the First Cause of Action is against NCAI as well as other defendants (including Agoyo and Abourzek).

Dossett's Motion is supported by the Memorandum below, the pleadings and other filings in his matter, all matter of which the Court may take judicial notice and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

## MEMORANDUM

---

[1] In accordance with LR 15-1(d)(1), a copy of the proposed amended complaint is attached hereto as Exhibit A.

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Dossett's counsel provided counsel for all Defendants a redline version of the proposed Amended Complaint. Subsequently, counsel for all Parties participated in a telephone conference to discuss the proposed Amended Complaint and counsel for Ho-Chunk, Inc. ("HCI") and Dossett exchanged e-mail correspondence regarding their positions (copying all counsel). The Defendants raised two objections during the conferral telephone conference: 1) that Dossett's Motion to Amend may cause the Court to reschedule the February 26, 2020 hearing on their pending Motions to Dismiss; and 2) that a Motion to Amend is not permitted while their Anti-SLAPP motions are pending. For the reasons discussed below, the Court should reject these arguments.

In written correspondence, counsel for HCI raised three additional objections: 3) that Dossett's counsel is acting in bad faith; 4) that amendments seeking to add parties should be subject to stricter scrutiny; and 5) that an attorney's mistake concerning the viability of a claim is not good cause for an amendment. For the additional reasons discussed below, the Court should also reject these arguments.

### 1. Dossett asks this Court to maintain the February 26 hearing date.

Dossett has no interest in delaying this matter. Dossett is not trying to gain a strategic advantage by filing this Motion at this time and hopes that the Court does not postpone the pending hearing. Given the stay on discovery due to the defendants' anti-SLAPP motions, it is genuinely in Dossett's best interest to have the Court to have a hearing on Defendants' FRCP 12 motions as soon as possible.

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

The timing of this motion is easily explained.  On page 12 of his Memorandum in Opposition to HCI's Motion to Dismiss and Motion to Strike,[2] Dossett alerted the Court and the Parties that if the Court finds that HCI has sovereign immunity, that he intended to seek leave to amend his complaint to add Agoyo and Abourzek.  On November 26, 2019, when Dossett's counsel filed that Memorandum in Opposition, he reasonably believed that the Court would have rendered a ruling by mid-February.  However, that is obviously not the case and the new allegations in the proposed Amended Complaint relating to additional defamatory articles on Indianz.com, authored by Agoyo and Abourzek and published by HCI, include articles that were published on February 15, 2019 and February 22, 2019.  Dossett makes his Motion to Amend at this time to make sure that he is not barred from seeking recovery for these defamatory articles as a result of Oregon's one-year statute of limitation for defamation claims.[3]

The removal of Noble Savage Media as a defendant is straightforward.  Since this complaint was filed, counsel for HCI informed Dossett's counsel that Noble Savage Media does not exist.  After dispensing with its fictitious partner, HCI asserted immunity from Dossett's claims and alleged that Dossett is "so desperate to achieve whatever it is he wants from the instant lawsuit that he is willing to upend federal Indian law and compromise his own integrity."[4]  Indianz.com

---

[2] Dossett Memo at 12, ECF No. 47

[3] Since conferring with the parties on this Motion to Amend, Dossett has been in negotiations with Agoyo and Abourezk in an attempt to resolve this dispute without the need for the Motion to Amend.  To allow Dossett, Agoyo and Abourezk to discuss potential resolution of their dispute, counsel for Agoyo and Abourezk agreed to a one-week tolling agreement so that this Motion it timely with respect to the February 15, 2019 article.

[4] HCI Reply Memo at 1, ECF No. 50

JOHN DOSSETT'S MOTION TO AMEND

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

published a "news" article that labelled Dossett a sexual "predator" based upon false, unsourced, office gossip and destroyed Dossett's reputation and career. Dossett's intent was to establish the truth and repair his reputation by asserting claims against appropriate parties. He filed his suit against the parties represented on Indianz.com's website as responsible for producing Indianz.com. Dossett reasonably believed that Noble Savage Media, a private corporation with no reasonable sovereign immunity argument, to be a responsible party engaged in a business partnership with HCI to produce Indianz.com. Dossett believed that the tribal corporation would be unlikely to assert immunity and abandon its business partner on a shared responsibility and even if it did, Dossett would have joined at least one of the responsible parties as a defendant. The amendments provide a remedy by substituting the authors of the defamatory Indianz.com news articles in the event that the Court finds that HCI has sovereign immunity.

Therefore, Dossett joins the Defendants in asking this Court to maintain the February 26, 2020 hearing on Defendants FRCP 12 Motions and asks the Court to rule on his Motion to Amend in due course.

### 2. Dossett's Motion to Amend is permitted because none of the proposed amendments directly impact any of the defendants.

During the telephone conferral conference, Defendants' counsel asserted that a Motion to Amend is not proper when there are pending anti-SLAPP motions. That is true, if the proposed amendment would undermine or change the anti-SLAPP analysis, but that is not the case here. None of the proposed amendments directly impact any of the arguments previously made by the

Page 5        JOHN DOSSETT'S MOTION TO AMEND

Defendants.

There is not a single new proposed allegation against High Country News ("HCN") and the only proposed amendment that relates to The National Congress of American Indians of the United States and Alaska ("NCAI") is to clarify that Count 5 of the First Cause of Action (Defamation) is intended to include NCAI as a defendant.  That Dossett was asserting a claim against NCAI under Count 5 was obvious from the allegations of the original complaint.  NCAI is clearly included in the Section Header and text, but was mistakenly excluded from the parentheses under the header and the proposed amendment relating to NCAI is nothing more than a clarifying amendment of a clerical nature.

With respect to HCI, the only proposed amendments relate to new articles published by HCI under Indianz.com.[5]  The additional allegations regarding these new articles have no bearing on any of HCI's anti-SLAPP arguments (protected activity, privileged speech, public figure, no malice, etc.).  Under these circumstances, there is no bar to a Motion to Amend at this stage of the litigation.

### 3.  *Dossett's Counsel is not acting in bad faith.*

None of the Defendants have filed an Answer and there is no pending discovery.  As discussed above, it is Dossett's best interest for this matter to go forward and Dossett does not seek to delay this proceeding.  Moreover, the timing of this Motion, as discussed above, is easily explained.  Therefore, the Court should reject this argument.

---

[5] Furthermore, Dossett is in negotiations with HCI and reasonably believes that HCI will no longer be a party to this action by the time hears argument on this Motion.

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

### 4.  *The proposed amendments should be "freely" allowed.*

In an e-mail, Counsel for HCI admits that the Court should "'freely give leave when justice so requires'"[6] but asserts that the "policy is construed less liberally when amendments seek to add parties instead of claims."[7]  However, HCI's objection on the basis that Dossett's proposed Amended Complaint adds parties is not persuasive.

HCI's counsel correctly states that in his *Clausen v. M/V New Carissa* opinion, Judge Coffin, citing the Ninth Circuit, stated the general policy that amendments "seeking to add claims are to be granted more freely than amendments adding parties."[8]  However, that opinion has nothing to do with a request by any of the litigants to add any parties.  The underlying Ninth Circuit opinion had to do with an amendment adding a claim for recovery of payment made for tariff overcharges.[9]  There was no request to add any parties and the Ninth Circuit was merely citing the general principle.

In the matter before the Court, the proposed amendments assert claims that arose out of the conduct, transaction or occurrence in the original pleading and relate back to the original complaint.[10]  There is no prejudice to any of the current defendants and there is no legitimate argument by HCI or any of the other defendants that this Court should not "freely" grant

---

[6] FRCP 15(b)

[7] Counsel for HCI cites *Clausen v. M/V NEW CARISSA*, 171 F.Supp.2d 1127, 1129 (D. Or. 2001) (citing *Union Pac R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991)).

[8] *Id.* at 1130

[9] *Union Pac R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991)

[10] FRCP 15(c)(1)(B)

JOHN DOSSETT'S MOTION TO AMEND

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Dossett's Motion to Amend.

### 5.  *"Indianz.com is a product of Noble Savage Media, LLC and Ho-Chunk, Inc."*

In the same e-mail, Counsel for HCI asserts that "an attorney's mistake concerning the viability of his claim is not necessarily good cause for amendment."  However, the alleged "mistake" is relying on publicly available information provided by Indianz.com and the proposed "fix" is to remove an entity that counsel for HCI asserts is no longer a going concern.

Attached as Exhibit B is a webpage that until very recently could be easily accessed through a Google search.  This webpage states: "Indianz.com is a product of Ho-Chunk, Inc. (http://www.hochunkinc.com), the economic development corporation of the Winnebago Tribe of Nebraska, (http://www.winnebagotribe.com) and Noble Savage Media, a Native American-owned media firm." The webpage further states that "Indianz.com is a product of Noble Savage Media, LLC and Ho-Chunk, Inc."  Dossett believed what Indianz.com makes publicly available on its webpage: that Noble Savage Media, LLC is jointly produced Indianz.com with HCI. Counsel for HCI now asserts that the information that Indianz.com publishes is inaccurate that Noble Savage Media, LLC is no longer a going concern.  For this reason, Dossett wishes to remove Noble Savage Media, LLC (who has never been served) from his Complaint.

/ / /

### 6.  Conclusion

For all of the reasons discussed above, the Court should grant Dossett's Motion to Amend.

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

DATED this 19th day of February, 2020.

Respectfully submitted,

Whipple Law Office, LLC.


By:    */s/ B. Scott Whipple*_____
        B. Scott Whipple, OSB #983750
        Telephone 503-222-6004
        Of Attorneys for Plaintiff John H. Dossett

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

B. Scott Whipple, OSB #983750
scott@whipplelawoffice.com
Whipple Law Office, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
Telephone 503-222-6004

Andrew L. Paris, OSB #124157
andrew@andrewparislaw.com
Andrew Paris Law
1500 SW First Avenue, Suite 1170
Portland, OR 97201
Telephone: (971) 251-0294

            Of Attorneys for Plaintiff John Dossett

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| JOHN H. DOSSETT, | No. 3:19-cv-01386 |
| Plaintiff, | |
| v. | FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS  (28 U.S.C. §1332) |
| HO-CHUNK, INC., a tribal corporation formed by the Winnebago Tribe of Nebraska, ~~NOBLE SAVAGE MEDIA, L.L.C., a Limited Liability Company of unknown origin,~~ Acee Agoyo, individually, Kevin Abourezk, individually, THE NATIONAL CONGRESS OF AMERICAN INDIANS OF THE UNITED STATES AND ALASKA, an Oklahoma Not For Profit Corporation, and HIGH COUNTRY NEWS, a Colorado Nonprofit Corporation, | DEMAND FOR JURY TRIAL |

Page 1    FIRST AMENDED COMPLAINT FOR DEFAMATION,
         INJUNCTIVE RELIEF, NEGLIGENCE, AND
         INTENTIONAL INTERFERENCE WITH ECONOMIC
         RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Exhibit A
Page 1 of 34

Defendants.

Plaintiff, John Hayden Dossett, by counsel, alleges the following against Defendants Ho-Chunk, Inc. ("Ho-Chunk"), ~~Noble Savage Media L.L.C. ("Noble Savage Media"),~~ Acee Agoyo ("Agoyo"), Kevin Abourezk ("Abourezk"), The National Congress of American Indians of the United States and Alaska ("NCAI") and High Country News:

## NATURE OF THE ACTION

1.      This is an action for defamation, injunctive relief, negligence, and intentional interference with economic relations.

2.      Prior to the events giving rise to his claims of defamation, Mr. Dossett was and was considered to be an upstanding citizen, a lawyer with a strong record of accomplishments, a leader in the field of Indian law, and a staunch advocate for American Indian rights. Mr. Dossett worked for NCAI for over twenty years, serving as its general counsel since 1997. NCAI is a nonprofit that advances tribal causes and Mr. Dossett's legislative efforts included initiatives such as the Tribal Law and Order Act and the reauthorization of the Violence Against Women Act. Mr. Dossett taught at Lewis & Clark law school, served as a Distinguished Visitor in Residence at Cornell Law School, and was hoping to become a full professor. Mr. Dossett was also involved in his community and enjoyed family and friends that had no reason to second-guess his integrity. Due to the Defendants' unlawful conduct, that all started to change on August 31, 2018.

3.      On August 31, 2018, Indianz.com, a prominent internet-based news site that focuses on American Indian matters, published a defamatory news article headlined, "Prominent Indian Country Attorney Reassigned After #MeToo Allegations." The sub-headline states: "'You are a pretty young Native woman, beware.'" In the article, authors Kevin Abourezk and

| Page 2        FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Acee Agoyo, relying on little but hearsay, innuendo, and gossip, wrongfully portrayed Mr. Dossett as a predator in a position of power within NCAI. The article spliced quotes and provided no context, creating the most salacious story possible, devoid of truth. The effect of that article was to spread damaging false rumors and treat unsupported allegations of sexual harassment as fact, ultimately destroying the hard-earned reputation and career of Mr. Dossett.

4. Soon after the Indianz.com published its defamatory article, NCAI's wholly-owned "Indian Country Today" news website published the same false rumors. High Country News and other publications posted similar defamatory articles across the internet. Now, a Google search for "John Dossett attorney" produces numerous articles copying the same false and defamatory allegations about Mr. Dossett. External and internal pressure caused NCAI to fire Mr. Dossett despite knowing that there was no substance to the allegations. The dozens of articles repeating the false rumors have made Mr. Dossett un-hirable, effectively ending a distinguished legal career and his hope to become a law professor. These false accusations have also severed relationships with hundreds of work colleagues and burdened Mr. Dossett's relationships with family and friends.

5. Two things are clear: A) Mr. Dossett has never sexually harassed anyone during his decades of service to NCAI or in any other forum; and B) the false allegations and innuendo published by the Defendants in this case have caused irreparable harm to Mr. Dossett from which he may never fully recover. Mr. Dossett brings this action in an effort to clear his name and seek justice for the harm the Defendants have inflicted on him.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and

| Page 3    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Exhibit A
Page 3 of 34

Plaintiff is a citizen of the State of Oregon and Defendants are citizens of different States.

7.    This Court has personal jurisdiction over Defendants Ho-Chunk, Agoyo and Abourezk and Noble Savage Media because they directed their online defamatory statements about an Oregon citizen to an Oregon audience, including but not limited to nine federally-recognized Tribal Nations in Oregon, over 45,000 Native Americans in Oregon, and the legal and academic community in Oregon, where Plaintiff was employed and taught law school courses on Federal Indian law until Ho-Chunk, Agoyo and Abourezk and Noble Savage made their online defamatory statements.

8.    NCAI employed Plaintiff in the State of Oregon, has Tribal Nation and individual Native American members in Oregon, and its then wholly-owned digital news platform Indian Country Today directed its defamatory statements to Oregon and an Oregon audience, including but not limited to its members and others.

9.    High Country News directed its defamatory statements to Oregon and an Oregon audience stating its stories are "for people who care about the West," including the State of Oregon, focusing a significant portion of its articles on "Indian Country" and Tribal Nations and individual Native Americans in Oregon.

10.    Venue lies in the Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district, defendants do not all reside in the same State, and Defendants are subject to this Court's personal jurisdiction.

## PARTIES

11.    Plaintiff John Hayden Dossett is a private citizen who is neither a politician nor a celebrity. He began as a Staff Attorney for NCAI in 1995 and served as General Counsel from 1997 to 2018. Since 1999 Mr. Dossett has resided in the State of Oregon, working remotely for

FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

NCAI.

/ / /

12.    Ho-Chunk, Acee Agoyo and Kevin Abourezk and Noble Savage Media co-own and co-produce the news media website Indianz.com.  Ho-Chunk is a tribal government corporation formed by the Winnebago Tribe of Nebraska.

13.  Agoyo is the Editor in Chief for Indianz.com and resides in Washington, DC. Abourzek is the Managing Editor for Indianz.com and resides in Lincoln, Nebraska. Agoyo and Abourezk are the co-authors of the Indianz.com news articles that defamed Mr. Dossett.  Noble Savage Media is a media firm whose ownership and location are unknown at this time.  On its website, Indianz.com reports that it has offices in Washington, D.C. and in Nebraska. Hereinafter these related entities, Ho Chunk, Agoyo, and Abourezk, are referenced jointly as Indianz.com.

1314.    NCAI is a 501(c)(4) social welfare organization serving as a forum for policy development and advocacy on behalf its membership of tribal governments and individual Native people.  Indian Country Today is a digital news platform that was wholly owned by NCAI.  At all times relevant to this complaint, Indian Country Today was not an independent organization, but merely a website and news outlet wholly owned by NCAI.  NCAI is incorporated in Oklahoma with its headquarters in Washington, D.C.  In April of 2019, Indian Country Today became a limited liability corporation organized in Washington, D.C., and the sole member is the NCAI Fund, the 501(c)(3) educational arm of NCAI.

1415.    Defendant High Country News is a 501(c)(3) media organization located in Paonia, Colorado that covers issues and stories in the American West.  It operates the website www.hcn.com.

FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

## FACTS

~~15~~16.    Up to the time of events in this matter, Mr. John Dossett had twenty-three years of service to NCAI, serving as its General Counsel for more than two decades.  Mr. Dossett is a nationally recognized expert on tribal sovereignty and jurisdiction, tribal lands and natural resources, taxation, and public safety in Indian country.  Mr. Dossett has worked collaboratively with tribal leaders and advocates to advance public policy.  Highlights of his career include:

/ / /

    a.    organizing the opposition to a series of high-profile legislative attacks on tribal sovereignty in the late 1990's led by Senator Slade Gorton;

    b.    acting as Co-Director of the Tribal Supreme Court Project for 17 years;

    c.    serving as Acting Executive Director of NCAI in 2001;

    d.    advancing tribal land restoration policies at the Interior Department as well as tribal self-determination in land management, leasing and rights-of-way regulations and tax policies at the Treasury Department; and

    e.    organizing legislative efforts on major federal laws that affect American Indians, including:

        i.    the Tribal Law and Order Act of 2010 expanding tribal criminal jurisdiction;

        ii.    the American Recovery and Reinvestment Act of 2009 with over $5 billion invested in tribal infrastructure and economic development;

        iii.    the Cobell and Keepseagle Settlement legislation;

        iv.    the HEARTH Act of 2012 facilitating self-determination in tribal land management;

FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

> v.    the Stafford Act amendments permitting tribal government disaster
>        declarations;
>
> vi.    the Tribal General Welfare Exclusion Act of 2014; and
>
> vii.   the American Indian Probate Reform Act of 2004 and the Indian Trust
>        Asset Management Reform Act of 2016.

~~16~~17.    Mr. Dossett's most rewarding collaborative work was with tribal leaders, advocates, and the National Task Force to End Domestic Violence.  He was instrumental in organizing NCAI's legislative efforts in support of the Violence Against Women Act Reauthorizations restoring tribal criminal jurisdiction over non-Indian perpetrators of domestic violence, and facilitating the Intertribal Technical Assistance Working Group devoted to implementing this important new law.

~~17~~18.    Up until the time of events in this matter, Mr. Dossett was an Adjunct Professor at the Northwestern School of Law of Lewis & Clark College, pursuing a return as Distinguished Practitioner in Residence at Cornell Law School, and sought an expanded career in law school teaching.  Mr. Dossett anticipated continuing his career in legal advocacy, working with students, and conducting legal research to benefit tribal nations.

~~18~~19.    Since 1999, Mr. Dossett has resided in Portland, Oregon. He has primarily worked remotely in Portland for the Washington D.C. based NCAI on in-depth policy analysis, legal writing, and organizing collaborative policy development with tribal governments around the nation.

~~19~~20.    Ms. Denise Desiderio joined NCAI in 2014 as Director of Government Affairs. Upon information and belief, Ms. Desiderio generated the baseless rumor that Mr. Dossett did not respect women and could not be trusted alone with female employees.

Page 7    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

2021.    The NCAI Executive Director, Jacqueline Pata, was aware of the false rumors and took no action to address them.  Over time, Ms. Desiderio's rumors spread and negatively affected Mr. Dossett.

2122.    On June 30, 2016, Mr. Dossett was at the last day of an NCAI conference in Spokane, Washington with NCAI colleagues.  A female colleague had too much to drink during dinner and fell asleep at the table.  She was having trouble walking, so Mr. Dossett helped guide her two blocks to the hotel lobby nearby, where hundreds of tribal participants in the conference were staying.  At no time did he do anything remotely inappropriate toward this colleague – his sole intent was to help her get to her hotel safely and for her to avoid embarrassment.  Mr. Dossett simply brought his colleague to the lobby and allowed her to find her way to her room.  He was never in a situation where he was alone with her inside the hotel.  Ms. Desiderio, who was not present at the relevant times, made a vague informal complaint implying some form of misconduct against Mr. Dossett to NCAI's executive director, Ms. Pata, regarding those events, again with complete disregard for the truth of the matter.

2223.    Ms. Pata investigated the matter and Mr. Dossett gave a detailed account to Ms. Pata about what had occurred.  At all times, they were in public: two blocks of a busy sidewalk in front of a convention center and the lobby of a hotel filled with hundreds of NCAI meeting participants.  Mr. Dossett was acting solely out of concern for his intoxicated colleague.  None of the NCAI staff present expressed concern that Mr. Dossett took the responsibility to escort his colleague back to the hotel.  This incident did not, by any stretch, constitute sexual harassment, no formal complaint was made, and the matter was closed after Ms. Pata decided that no action was warranted.

2324.    Months later, Ms. Pata disclosed this confidential matter to new NCAI Director of

Page 8    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Operations Nicole Hallingstad, in violation of the NCAI Employee Handbook.

~~24~~25.  Later, Ms. Hallingstad sought to have Ms. Pata removed as Executive Director of NCAI.  In order bolster her efforts to oust Ms. Pata, Ms. Hallingstad spread false rumors of an "unresolved" sexual harassment charge against Mr. Dossett.  On April 22, 2017, Ms. Hallingstad sent a memo to the NCAI President Brian Cladoosby titled, "Damaging Human Resources Action of NCAI Executive Director Jackie Pata."  The memo alleged an "unresolved sexual harassment charge" against Mr. Dossett.  The memo also indicated that Ms. Hallingstad disclosed the confidential employee matter to another NCAI employee Mr. Sam Owl.

~~25~~26.  The NCAI Executive Committee reviewed this memo and decided to take no action.

~~26~~27.  In February of 2018, upon information and belief, Ms. Hallingstad convinced a departing female colleague, Sarah Pytalski, to file a false claim alleging Mr. Dossett made a rude comment about masturbation when watching sports in a hotel lounge with a group of co-workers on June 30, 2016.  Pytalski's complaint alleged retaliation by Ms. Pata against Ms. Hallingstad and re-alleged the prior matter with the intoxicated colleague.  The Pytalski complaint further alleged that Mr. Dossett had engaged in "psychological harassment" of Natasha Anderson when she worked for Mr. Dossett as a staff attorney.  Mr. Dossett flatly denied the false allegations.

~~27~~28.  NCAI hired Ms. Sadina Montani, outside counsel, to investigate Ms. Pytalski's complaint.  Mr. Dossett cooperated fully in the investigation, unequivocally denied any wrongdoing and drafted an employee complaint against Ms. Hallingstad for spreading false rumors about him and driving investigations based on false statements.

~~28~~29.  In discussing the matter with Mr. Dossett, Ms. Montani stated: "Sarah P was focused at least as much on the [hotel] incident as her own allegations."  Ms. Montani has also

Page 9     FIRST AMENDED COMPLAINT FOR DEFAMATION,
           INJUNCTIVE RELIEF, NEGLIGENCE, AND
           INTENTIONAL INTERFERENCE WITH ECONOMIC
           RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

stated: "We also know that incident has been gossiped out extensively in the community, based on comments that you all shared with me when I launched my investigation."

~~29~~30.   Later, Ms. Pata told Mr. Dossett that he could not file a complaint against Ms. Hallingstad after discussing the investigation with Ms. Montani because that was "not considering the best interests of the organization" and Hallingstad had to be handled with "kid gloves." Mr. Dossett asked when he would get an opportunity to respond to the false rumors about him with the NCAI staff. Ms. Pata replied "never." Mr. Dossett was surprised by the Executive Director's call after his interview. He understood that his account would go into a report together with other statements, and the investigation would produce findings that weighed the various accounts.

~~30~~31.   On May 2, 2018, Mr. Dossett received a disciplinary memo that falsely accused him on matters unrelated to the Pytalski complaint: "unprofessional and inappropriate behavior, including yelling, bullying, being disrespectful, speaking over colleagues, insulting and derogatory emails, and sexually-charged comments."

~~31~~32.   The investigation and disciplinary memo lacked factual basis.

~~32~~33.   Mr. Dossett was told that the investigation was confidential, that there would be a change in his job title, and he would no longer supervise employees. Given the assurance of confidentiality, Mr. Dossett decided it was in the best interests of the organization to move on and get back to work. Mr. Dossett has repeatedly requested a copy of the investigation pursuant to ORS 652.750(2), but NCAI has refused to provide it.

~~33~~34.   On August 13, 2018, Ms. Hallingstad sent a letter of resignation to the NCAI Executive Committee, again charging Ms. Pata with mismanagement of employee matters and indicating her intention to go public with these allegations as her "last act" as Director of

Page 10    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Exhibit A
Page 10 of 34

Operations for NCAI.  Upon information and belief, Ms. Hallingstad approached Indianz.com, a website that publishes news relevant to American Indians, with a salacious and misleading story of sexual harassment and cover-up at NCAI implicating Mr. Dossett and Ms. Pata.

3435.  Ms. Hallingstad provided Indianz.com with a public statement alleging Pata's mismanagement of employee matters, shared her letter of resignation, her April 2017 memo, and other internal NCAI documents with Indianz.com.

/ / /

3536.  On August 30, 2018, only hours before publication, Mr. Dossett received an email request from Indianz.com for comment about the false allegations.  Mr. Dossett was instructed by Ms. Pata and Ms. Montani that he could make only a general denial.  Ms. Pata and Ms. Montani repeatedly told Mr. Dossett that he could not disclose information that they considered private or confidential, even though other employees had disclosed false and misleading information about Mr. Dossett to each other and to the public and even though Ms. Pata had disclosed confidential information about Mr. Dossett to Ms. Hallingstad.  On the morning of August 31, 2018, as an employee of NCAI, Mr. Dossett limited his response to the Indianz.com story as instructed and drafted by Ms. Pata and Ms. Montani.

3637.  On August 31, 2018, Indianz.com published its article titled, "Prominent Indian Country Attorney Reassigned After #MeToo Allegations."  The title of the article itself is defamatory, falsely implying a connection between the allegations and Mr. Dossett's reassignment.  The subtitle states "'You are a pretty young Native woman, beware.'"  This subtitle is further defamatory, asserting that young Native American women needed to "beware" of Mr. Dossett.

3738.  The article quoted Ms. Suzan Shown Harjo: "'Give him the heave-ho" and "Make

| Page 11 | FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS |

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Exhibit A
Page 11 of 34

the place safe for women." The article states that "… repeated attempts to resolve complaints against Dossett went nowhere, documents obtained by Indianz.Com indicate, at least until the internal review this year." The article refers to a former employee calling Mr. Dossett a "potential predator on the payroll." The article continues to refer to "… NCAI's documented inability to fully resolve complaints of sexual harassment…" The truth is that the complaints were addressed and there was no finding that Mr. Dossett made NCAI an unsafe place for women, nor that he was a potential predator.

~~38~~39.  The article later entirely mischaracterizes the above-described incident in Spokane, Washington. It states without any context that "In the document, Dossett said he 'never harassed' the employee, though he admits he 'totally restrained' her by the arm during the incident in question. He also said he 'held' the woman's hand in what he characterized as an attempt to assist her after a long day of work at the 'end of a big meeting.'" The article again quotes Ms. Harjo: "'That's no excuse for predatory behavior.'" Nowhere does the article describe that the quotes referred to the fact that Mr. Dossett simply escorted an impaired employee two blocks from a bar to a hotel lobby. "Totally restrained" was referring to preventing this employee from falling over and entering traffic, but without context implies grossly inappropriate sexual contact, which simply never happened. Moreover, there is no basis for the article to include a quote that Mr. Dossett engaged in "predatory behavior."

~~39~~40.  In addition to the many false and defamatory individual statements in the article, the article as a whole is defamatory because it strongly implies that Mr. Dossett was a "predator" and sexually harassed employees, that he was demoted because of sexual harassment complaints, and that sexual harassment complaints against Mr. Dossett were not addressed. Without context, one could only conclude from this article that Mr. Dossett was a monster, a serial sexual

FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

harasser, and that NCAI did nothing to investigate allegations against him.  In reality the allegations of sexual harassment were investigated and were found to be without merit.  Indianz.com's article made no reference to the actual allegations, gave no context, and actively mislead its readers to believe the worst about Mr. Dossett.

4041.  NCAI's own news website, Indian Country Today, repeated the false allegations in a story published on September 2, 2018:

> The article also cites several interviews from people who remained anonymous and commented on the behavior of Dossett.
>
> "As a new staff, I was told by a colleague, 'You are a pretty young Native woman, beware of John Dossett. Don't be caught in a room alone with him,'" the former employee said to Indianz.com. "It's the worst kept secret in D.C.'s Indian circles."

4142.  Indian Country Today did not contact Mr. Dossett or attempt to verify or discuss the allegations with him.  Upon information and belief, Indian Country Today did not interview alternative sources.  Instead, Indian Country Today published a story that repeated false, defamatory and anonymous rumors from NCAI employees.  NCAI had actual knowledge of the falsity of the Indianz.com story that defamed Mr. Dossett and knowingly republished the story on its own website. The story by Indian Country Today was particularly harmful because, as NCAI's own news website, it appeared to confirm the false and defamatory allegations in the Indianz.com story.  NCAI was both the source and prominent publisher of the false and defamatory rumors.

4243.  Mr. Dossett sent a memorandum to NCAI President Jefferson Keel urging NCAI to conduct a new and independent investigation to address the allegations.

Page 13    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

4344.   The NCAI Executive Committee met on September 24, 2018.  Mr. Dossett and

his spouse travelled to Washington, D.C. to meet with the Executive Committee.  After 23 years

of service to NCAI, Mr. Dossett was given five minutes to defend himself.  He explained his

need for a process to clear his name of the allegations in the articles.  Mr. Dossett urged that

NCAI start an independent investigation rather than force him to litigate to clear his name.

/ / /

/ / /

4445.   On October 3, 2018, Mr. Dossett received a phone call from Ms. Pata who told

him there would be no further investigation and he must resign immediately.  Unwilling to resign

under a cloud of false allegations, Mr. Dossett issued a public statement by email denying the

charges and urging an independent investigation by the organization.  Within two hours, Ms.

Pata terminated Mr. Dossett's employment with NCAI.

4546.   In the same timeframe as these events, Lewis and Clark Law School suspended

Mr. Dossett's employment as an adjunct professor.  Mr. Dossett was disinvited from a

conference at the University of Montana Law School where he was scheduled to present his

pending law review article.  Mr. Dossett was also disinvited from a scheduled appearance at the

Affiliated Tribes of Northwest Indians, a forum where he was a regular speaker for many years.

4647.  On October 11, 2018, Indian Country Today published another story on the matter.

It republished in whole a letter from NCAI President Jefferson Keel, including this statement:

> Earlier this year, NCAI hired an external investigator who investigated two specific
> allegations of sexual harassment against John Dossett, one of which had been the subject
> of an earlier internal investigation. In conducting this investigation, the external
> investigator spoke with many current and former employees, including some former
> employees who learned about the investigation and requested an opportunity to speak.
> The investigation concluded with recommendations that NCAI promptly implemented.

Page 14    FIRST AMENDED COMPLAINT FOR DEFAMATION,
           INJUNCTIVE RELIEF, NEGLIGENCE, AND
           INTENTIONAL INTERFERENCE WITH ECONOMIC
           RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Exhibit A
Page 14 of 34

With this news article and statement, NCAI defamed Mr. Dossett by omitting key facts. NCAI had investigated both incidents and concluded that no sexual harassment had taken place. Now under public pressure, NCAI President Keel converted these non-incidents into "two specific allegations of sexual harassment against John Dossett," while omitting that both had been investigated and these investigations determined that no sexual harassment occurred. President Keel's statement leads readers to believe that the investigation included findings of sexual harassment.

4748.   On October 18, 2018, High Country News published an article titled "National Congress of American Indians roiled by claims of harassment and misconduct." Upon information and belief, the author, Mr. Tristan Ahtone, interviewed a small group of discontented former NCAI employees and published multiple false accusations and statements, but failed to contact or interview Mr. Dossett, or upon information and belief, any NCAI employee or other person with differing views about Dossett's reputation and conduct. With this article, the false accusations against Mr. Dossett were expanded to include accusations of racism, and were delivered to a broader general audience across the Western United States.

4849.   On October 23, 2018, Indianz.com published "National Congress of American Indians opens annual convention amid controversy." The article quotes NCAI President Jefferson Keel making a public statement to the Annual Meeting of the National Congress of American Indians.  "'NCAI doesn't condone harassment of any kind in the workplace, nor have we, nor will we, tolerate it anymore,' Keel said. We will take action when it occurs in the future just like we did in the situation at hand.'"  This statement by NCAI President Keel, in direct reference to Mr. Dossett, falsely claims that sexual harassment occurred "in the situation at

Page 15      FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

hand," and is contrary to NCAI's own internal investigations. The statement was made to the largest annual gathering of tribal leaders and advocates in the nation, causing great harm to Mr. Dossett's reputation.

49 50. On December 12, 2018, February 15, 2019 and February 22, 2019 Indianz.com published follow-up articles on this matter. Each of the articles rely on President Keel's statements as false confirmation that Mr. Dossett committed sexual harassment.

/ / /

50 51. On March 8, 2019, NCAI's President Jefferson Keel issued a letter to the NCAI membership with the results of a belated independent investigation by the firm Quarles & Brady LLP. President Keel issued the statement: "While there were many rumors, this outside firm found no facts to support the rumors."

51 52. The false allegations promoted by NCAI, Indianz.com and High Country News not only resulted in the loss of Mr. Dossett's employment, but also the destruction of his reputation, career, and future opportunities. Mr. Dossett has been suspended from his position as an adjunct law professor, disinvited from speaking engagements, and shunned by the community where he has spent his entire career.

52 53. The false allegations, along with several other similar articles that repeat the false and defamatory statements directed towards Mr. Dossett, continue to remain on Indianz.com and Indian Country Today, a website wholly owned by NCAI, instantly searchable on the internet, and form a barrier to any future employment for Mr. Dossett.

53 54. The false allegations have inflicted continuing emotional distress for Mr. Dossett. Mr. Dossett's career has been marked by widespread collaboration with others, and the loss of relationships has been devastating. Mr. Dossett has suffered significant embarrassment,

Page 16   FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

humiliation, mental suffering and emotional distress.  He has extreme difficulty sleeping as a result of the stress and anxiety caused by the publications.  He has received sleep therapy treatment and medication.

/ / /

/ / /

/ / /

## FIRST CAUSE OF ACTION

## DEFAMATION

COUNT ONE: DEFAMATION PER SE FOR STATEMENTS IN THE AUGUST 31, 2018 INDIANZ.COM ARTICLE "PROMINENT INDIAN COUNTRY ATTORNEY REASSIGNED AFTER #METOO ALLEGATIONS."

(Against Defendants Ho-Chunk, Agoyo and Abourezk and Noble Savage Media)

5455.  Plaintiff repeats and realleges the foregoing paragraphs as if fully stated herein.

5556.  On August 31, 2018, Acee Agoyo and Kevin Abourzek published an article on Indianz.com to a national audience with the title, "Prominent Indian Country Attorney Reassigned After #MeToo Allegations."  A true and correct copy of the online edition of the article is attached as Exhibit A.

5657.  The article published the following statements that are defamatory per se on their face:

    a.    "The terrible secret was apparently exacerbated by NCAI's documented inability to fully resolve complaints of sexual harassment and other allegations of misconduct."  This statement is false because the complaints

Page 17    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Exhibit A
Page 17 of 34

were, in fact investigated and addressed.

b.    "…repeated attempts to resolve complaints against Dossett went nowhere… at least until the internal review this year." This statement is false because the only complaint prior to the 2018 review was in fact investigated and addressed.

c.    "A close examination of NCAI's annual reports shows that women are in fact the most affected by the turmoil. Between 2017 and 2018, for example, 58 percent of the employees who left the organization were women." This conclusion that women were the most effected by the alleged turmoil is false because over 58% of NCAI's staff were women.

d.    "'That's no excuse,' said Harjo. 'That's no excuse for predatory behavior.'" This statement is false because Mr. Dossett has not engaged in predatory behavior.

5758.    The following statements were defamatory per se because they lead readers to believe the Mr. Dossett has engaged in serial sexual harassment:

a.    "'You are a pretty young Native woman, beware'" is defamatory because it falsely states that "pretty young Native" women should fear being sexually harassed by Mr. Dossett.

b.    "The highest-ranking attorney at the National Congress of American Indians has been reassigned in the wake of sexual harassment allegations, an investigation by Indianz.Com has found." This statement strongly implies and would lead a reasonable reader to believe that Mr. Dossett was reassigned due to actual sexual harassment. In reality, Mr. Dossett was

FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

reassigned due to un-related workplace complaints and NCAI internal politics.

c.  "In the document, Dossett said he "never harassed" the employee, though he admits he "totally restrained" her by the arm during the incident in question. He also said he "held" the woman's hand in what he characterized as an attempt to assist her after a long day of work at the "end of a big meeting." Even as he offered an apology for his behaviors, he suggested that he had justification to act in that manner. He said he was concerned about the employee's well-being, saying that she was "really tired" and was affected by "maybe too many beers." This passage is defamatory because it strongly implies sordid conduct where Mr. Dossett appears to force the employee into some sort of sexual contact. The article gives no context to these tortured quotations. In reality, Mr. Dossett was describing how he held up this employee as he helped her from a bar to a hotel lobby two blocks away. The two were always either on a sidewalk or around other people. The article also fails to state that the complaint was not made by the intoxicated employee, but by someone with no firsthand knowledge of the events in question.

~~58~~59.  The article as a whole is defamatory per se because it states that Mr. Dossett is a "predator," and leads readers to believe that he sexually harassed employees, and that he was demoted for sexually harassing employees. This is false.

~~59~~60.  The article is defamatory per se because it attributes to Mr. Dossett serial sexual misconduct, unfitness for the duties of his profession, moral turpitude, and foreseeably would

Page 19    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Exhibit A
Page 19 of 34

harm Mr. Dossett's career and livelihood.  Mr. Dossett is therefore entitled to special and general damages.

6061.  As a direct and proximate result of these false statements, Mr. Dossett has lost his employment and will not likely be employable as an attorney due to the severe damage to his reputation and the broad republication of their stories about him.  Mr. Dossett's yearly total employment compensation including benefits was approximately $241,958.00.  Mr. Dossett reasonably expected to work until he turned 70.

62.  Defendants Ho Chunk, Agoyo and Abourezk have republished the defamatory news article on at least six subsequent occasions:

a)  On February 15, 2019, Indianz.com published "National Congress of American Indians vows change after declaring workplace 'safe' for women." https://www.indianz.com/News/2019/02/15/national-congress-of-american-indians-vo.asp.  It included the statement: "Dossett was the subject of 'two specific allegations' of sexual harassment. He was eventually forced out altogether amid an outcry from member tribes and advocates for Native women." The article republished a hyperlink titled, "Prominent Indian Country attorney reassigned after #MeToo allegations," and encouraging the public to read its original August 31, 2018 article.

b)  On February 22, 2019, Indianz.com published the pictorial summary titled: "Timeline: National Congress of American Indians in turmoil and transition." https://www.indianz.com/News/2019/02/22/timeline-national-congress-of-american-i.asp  The Timeline's intent is specifically to encourage readers to review the entire series of articles. It included the statement: "Despite the official wall of silence,

Page 20    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Indianz.Com published the first account of the turmoil at NCAI on August 31, 2018. The report disclosed the existence of a #MeToo investigation into John Dossett, the organization's long-serving general counsel." The pictorial summary again republished a hyperlink titled, "Prominent Indian Country attorney reassigned after #MeToo allegations," and encouraging the public to read its original August 31, 2018 article.

c)     On May 10, 2019, Indianz.com published "Jefferson Keel enters new phase of service in Indian Country after battle with cancer." https://www.indianz.com/News/2019/05/10/jefferson-keel-enters-new-phase-of-servi.asp The article again republished a hyperlink titled, "Prominent Indian Country attorney reassigned after #MeToo allegations," and encouraging the public to read the original August 31, 2018 article.

d)     On June 12, 2019, Indianz.com published "National Congress of American Indians enters 'new chapter' with new executive." https://www.indianz.com/News/2019/06/12/national-congress-of-american-indians-en.asp The article includes the statement:"Indianz.Com reported on the reassignment of NCAI's longest-serving attorney John Dossett," and again republished a hyperlink titled, "Prominent Indian Country attorney reassigned after #MeToo allegations," and encouraging the public to read its original August 31, 2018 article.

e)     On June 25, 2019, Indianz.com published "National Congress of American Indians loses second-in-command." https://www.indianz.com/News/2019/06/25/national-congress-of-american-indians-lo-2.asp It includes the statement:"Dossett had been the subject on internal sexual harassment inquiry, Indianz.Com first reported last

FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

August."  The article again republished a hyperlink encouraging the public to read its original August 31, 2018 article titled, "Prominent Indian Country attorney reassigned after #MeToo allegations."

f)    On October 2, 2019, after the filing of this litigation, Indianz.com published "National Congress of American Indians heads into election season after major changes."  https://www.indianz.com/News/2019/10/02/national-congress-of-american-indians-he.asp This article again referenced the false allegations of sexual harassment against Mr. Dossett, and republished a hyperlink encouraging the public to read its original August 31, 2018 article titled, "Prominent Indian Country attorney reassigned after #MeToo allegations."

61 63.  Mr. Dossett is entitled to special damages in the amount of $4,113,286.00 for his past and future loss of wages.  Mr. Dossett is entitled to general damages in the amount of $2,000,000.00 for the injury to his reputation, embarrassment, humiliation, and emotional distress caused by the relevant defendants in this claim.

## COUNT TWO: DEFAMATION PER SE FOR STATEMENTS IN THE SEPTEMBER 2, 2018 INDIAN COUNTRY TODAY ARTICLE "NCAI ATTORNEY JOHN DOSSETT UNDER FIRE AFTER #METOO ALLEGATIONS."

### (Against Defendant NCAI)

62 64.  Plaintiff repeats and realleges the foregoing paragraphs as if fully stated herein.

63 65.  NCAI and Mark Trahaunt, the Editor and Publisher of NCAI's wholly-owned "Indian Country Today" news website, republished the false allegations on September 2, 2018

Page 22    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

under the headline "NCAI Attorney John Dossett under fire after #MeToo allegations." A true

and correct copy of the online edition of the article is attached as Exhibit B. The article included

the statements:

> The article also cites several interviews from people who remained
> anonymous and commented on the behavior of Dossett. "As a new
> staff, I was told by a colleague, 'You are a pretty young Native
> woman, beware of John Dossett. Don't be caught in a room alone
> with him,'" the former employee said to Indianz.com. "It's the
> worst kept secret in D.C.'s Indian circles."

6466. The article as a whole is defamatory because it gives credence and appears to

confirm to the false statements from the Indianz.com article, which NCAI had investigated and

knew were false.

/ / /

6567. Each of these statements is false and defamatory or relies on false rumors from

anonymous persons who have no personal knowledge to support the conclusion that Mr. Dossett

engaged in any type of sexual harassment. By mischaracterizing events and omitting the results

of the investigations, Defendant NCAI led its readers to believe that Mr. Dossett committed acts

of sexual harassment.

6668. The article is defamatory per se because it attributes to Mr. Dossett serial sexual

misconduct, unfitness for the duties of his profession, moral turpitude, and foreseeably would

harm Mr. Dossett's career and livelihood. Mr. Dossett is therefore entitled to special and general

damages.

6769. As a direct and proximate result of these false statements, Mr. Dossett has lost his

employment and will not likely be employable as an attorney due to the severe damage to his

reputation and the broad republication of their stories about him. Mr. Dossett's yearly total

Page 23    FIRST AMENDED COMPLAINT FOR DEFAMATION,
           INJUNCTIVE RELIEF, NEGLIGENCE, AND
           INTENTIONAL INTERFERENCE WITH ECONOMIC
           RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

employment compensation including benefits was approximately $241,958.00. Mr. Dossett reasonably expected to work until he turned 70.

6870. Mr. Dossett is entitled to special damages in the amount of $4,113,286.00 for his past and future loss of wages. Mr. Dossett is entitled to general damages in the amount of $2,000,000.00 for the injury to his reputation, embarrassment, humiliation, and emotional distress caused by the relevant defendants in this claim.

/ / /

/ / /

/ / /

## COUNT THREE: DEFAMATION PER SE FOR STATEMENTS IN OCTOBER 11, 2018
## INDIAN COUNTRY TODAY ARTICLE "TRANSPARENCY DEMANDED IN NCAI'S
## HANDLING OF STAFF LAWYER AND #METOO ALLEGATIONS"
### (Against Defendant NCAI )

6971. Plaintiff repeats and realleges the foregoing paragraphs as if fully stated herein.

7072. On October 11, 2018, Indian Country Today published another story, written by Mr. Trahaunt, intending to justify NCAI's actions in firing Mr. Dossett. A true and correct copy of the online edition of the article is attached as Exhibit C. It republished in whole a letter from NCAI President Jefferson Keel, including this statement:

> Earlier this year, NCAI hired an external investigator who
> investigated two specific allegations of sexual harassment against
> John Dossett, one of which had been the subject of an earlier

Page 24    FIRST AMENDED COMPLAINT FOR DEFAMATION,
           INJUNCTIVE RELIEF, NEGLIGENCE, AND
           INTENTIONAL INTERFERENCE WITH ECONOMIC
           RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

internal investigation. In conducting this investigation, the external investigator spoke with many current and former employees, including some former employees who learned about the investigation and requested an opportunity to speak. The investigation concluded with recommendations that NCAI promptly implemented.

7173. With this news article and statement, NCAI publicly defamed Mr. Dossett by omitting the results of its internal investigations, and leading the reader to believe that Mr. Dossett's demotion was related to allegations of sexual harassment. NCAI had investigated both incidents and concluded that no sexual harassment had taken place. Then under public pressure, NCAI President Keel converted these non-incidents into "two specific allegations of sexual harassment against John Dossett," while omitting that both had been investigated and determined that no sexual harassment took place. Indian Country Today repeated this defamation in a news story that continues to reside on its website. President Keel's statement implies and leads the reader to believe that the investigation found facts demonstrating sexual harassment and that Mr. Dossett's demotion was based on these facts, when no such facts exist.

7274. President Keel's defamatory statement caused further harm to Mr. Dossett's reputation because it was taken as confirmation of the false rumors previously published by Indianz.com.

7375. The article is defamatory per se because it attributes to Mr. Dossett sexual misconduct, unfitness for the duties of his profession, moral turpitude, and foreseeably would harm Mr. Dossett's career and livelihood. Mr. Dossett is therefore entitled to special and general damages.

7476. As a direct and proximate result of these false statements, Mr. Dossett has lost his employment and will not likely be employable as an attorney due to the severe damage to his reputation and the broad republication of their stories about him. Mr. Dossett's yearly total

| Page 25    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

employment compensation including benefits was approximately $241,958.00.  Mr. Dossett reasonably expected to work until he turned 70.

~~75~~77.   Mr. Dossett is entitled to special damages in the amount of $4,113,286.00 for his past and future loss of wages.  Mr. Dossett is entitled to general damages in the amount of $2,000,000.00 for the injury to his reputation, embarrassment, humiliation, and emotional distress caused by the relevant defendants in this claim.

/ / /

/ / /

/ / /


COUNT FOUR: DEFAMATION PER SE FOR STATEMENTS IN THE OCTOBER 18, 2018

HIGH COUNTRY NEWS ARTICLE "NATIONAL CONGRESS OF AMERICAN INDIANS

ROILED BY CLAIMS OF HARASSMENT AND MISCONDUCT."

(Against High Country News)

~~76~~78.   Plaintiff repeats and realleges the foregoing paragraphs as if fully stated herein.

~~77~~79.   On October 18, 2018, High Country News published a defamatory article titled "National Congress of American Indians roiled by claims of harassment and misconduct."  A true and correct copy of the online edition of the article is attached as Exhibit D.

~~78~~80.   The article published the following statements that are defamatory per se:

      a.      "Former NCAI Attorney John Dossett is accused of unwanted touching of a female employee and of making crude sexual remarks to coworkers at a 2016 conference."  Those allegations are false and misleading.

      b.      "In March of 2017, whistleblowers contacted NCAI's then-president,

FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

Brian Cladoosby, to report a hostile work environment, Pata's repeated attempts to circumvent protocol, and the organization's refusal to investigate the Spokane sexual harassment incident." The Spokane incident was investigated and found no wrongdoing and no grounds for discipline.

79 81. The article is defamatory as a whole because it leads readers to believe that Mr. Dossett sexually harassed employees and that he was demoted because of the alleged sexual harassment.

/ / /

/ / /

80 82. Each of these statements is false and defamatory or relies on false rumors from anonymous persons who have no personal knowledge to support the conclusion that Mr. Dossett engaged in any type of sexual harassment.

81 83. By mischaracterizing events, Defendant High Country News created false implications from undisclosed facts, leading their readers to believe that Mr. Dossett committed acts of sexual harassment.

82 84. The article is defamatory per se because it attributes to Mr. Dossett serial sexual misconduct, unfitness for the duties of his profession, moral turpitude, and foreseeably would harm Mr. Dossett's career and livelihood. Mr. Dossett is therefore entitled to special and general damages.

83 85. As a direct and proximate result of these false statements, Mr. Dossett has lost his employment and will not likely be employable as an attorney due to the severe damage to his reputation and the broad republication of their stories about him. Mr. Dossett's yearly total

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

employment compensation including benefits was approximately $241,958.00.  Mr. Dossett reasonably expected to work until he turned 70.

~~84~~86.  Mr. Dossett is entitled to special damages in the amount of $4,113,286.00 for his past and future loss of wages.  Mr. Dossett is entitled to general damages in the amount of $2,000,000.00 for the injury to his reputation, embarrassment, humiliation, and emotional distress caused by the relevant defendants in this claim.

/ / /

/ / /

/ / /

## COUNT FIVE: DEFAMATION PER SE BY NCAI FOR STATEMENTS IN THE OCTOBER 23, 2018 INDIANZ.COM ARTICLE "NATIONAL CONGRESS OF AMERICAN INDIANS OPENS ANNUAL CONVENTION AMID CONTROVERSY."

(Against Defendants Ho-Chunk, Agoyo, Abourezk and NCAI ~~Noble Savage Media~~)

~~85~~87.  Plaintiff repeats and realleges the foregoing paragraphs as if fully stated herein.

~~86~~88.  On October 23, 2019, Indianz.com published "National Congress of American Indians opens annual convention amid controversy."  A true and correct copy of the online edition of the article is attached as Exhibit E.  The article quotes NCAI President Jefferson Keel making a public statement to the Annual Meeting of the National Congress of American Indians on the previous day:

> President Jefferson Keel directly addressed the controversy that arose after Indianz.Com began reporting on the issue almost two months ago. He acknowledged almost immediately the turmoil that has eroded confidence in the nation's oldest and largest inter-tribal organization.

| Page 28 | FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS |

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

"As you know, NCAI has been in the news lately and it's not for the best reasons," Keel told fellow tribal leaders not long after opening the 75th annual convention in a hotel in downtown Denver.

But Keel insisted that NCAI took action to address allegations of staff misconduct long before Indianz.Com's first report on August 31, which detailed the existence of a #MeToo investigation involving John Dossett, who was reassigned and then eventually ousted from his role as the organization's longest-serving and highest-ranking attorney.

"NCAI doesn't condone harassment of any kind in the workplace, nor have we, nor will we, tolerate it anymore," Keel said. "We will take action when it occurs in the future just like we did in the situation at hand."

~~87~~89.  This statement by NCAI President Keel was defamatory because it was in reference to the demotion and firing of Mr. Dossett and falsely states that sexual harassment occurred "in the situation at hand." The statement was contrary to NCAI's own internal investigations. Mr. Dossett was, in fact, demoted for non-sexual harassment grounds and due to office politics. The statement was made to the largest annual gathering of tribal leaders and advocates in the nation, causing great harm to Mr. Dossett's reputation.

~~88~~90.  The statement is defamatory per se because it attributes to Mr. Dossett sexual misconduct, unfitness for the duties of his profession, moral turpitude, and foreseeably would harm Mr. Dossett's career and livelihood. Mr. Dossett is therefore entitled to special and general damages.

~~89~~91.  As a direct and proximate result of these false statements, Mr. Dossett has lost his employment and will not likely be employable as an attorney due to the severe damage to his reputation and the broad republication of their stories about him. Mr. Dossett's yearly total employment compensation including benefits was approximately $241,958.00. Mr. Dossett

| Page 29 | FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS | WHIPPLE LAW OFFICE, LLC.<br>1675 SW Marlow Ave., Suite 201<br>Portland, OR 97225<br>503.222.6004 |

reasonably expected to work until he turned 70.

9092.   Mr. Dossett is entitled to special damages in the amount of $4,113,286.00 for his past and future loss of wages.  Mr. Dossett is entitled to general damages in the amount of $2,000,000.00 for the injury to his reputation, embarrassment, humiliation, and emotional distress caused by the relevant defendants in this claim.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

### INJUNCTIVE RELIEF

(Against all Defendants Ho-Chunk, Noble Savage Media, NCAI, High Country News)

9193.   Plaintiff repeats and realleges the foregoing paragraphs as if fully stated herein.

9294.   Mr. Dossett seeks injunctive relief against the Defendants ordering them to retract their defamatory statement made about Mr. Dossett, to remove the articles from their websites, ordering NCAI to issue a statement about the results of its internal investigations, and precluding them for publishing further defamatory statements accusing or implying that Mr. Dossett has committed sexual harassment or that he was demoted or terminated due to sexual harassment.

9395.   Plaintiff will suffer irreparable harm in the form of loss of reputation and loss of employment if the Defendants are allowed to continue publishing these defamatory articles.

9496.   Plaintiff is likely to prevail on the merits of this case.  The defamation alleged above is clear.

9597.   An injunction against publishing defamatory statements about Plaintiff will have

Page 30    FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

little effect on Defendants but will have a strongly beneficial effect on Mr. Dossett.

~~96~~98.  It is in the public's interest that such an injunction be granted because the public does not benefit at all from being misled by the Defendants.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

#### (Against Defendant NCAI)

~~97~~99.  Plaintiff repeats and realleges each allegation above as if set forth herein.

~~98~~100. NCAI owes a duty of care to its employees as it relates to investigations into allegations of misconduct and in making decisions about employee discipline.  The NCAI Employee Handbook states that: "The organization will conduct all investigations in a discreet manner. The organization recognizes that every investigation requires a determination based on all the facts in the matter. We also recognize the serious impact a false accusation can have." The Employee Handbook also states: "Our professional ethics require that each employee maintain the highest degree of confidentiality when handling member matters."  The NCAI Employee Handbook also states: "The organization will investigate every reported incident immediately."

~~99~~101. NCAI violated that duty of care as follows:

    a.    Failing to keep sensitive information about allegations against Mr. Dossett confidential;

    b.    Failing to consider all of the facts of the matter, intentionally disregarding the possibility that the claims were made for an improper purpose;

    c.    After concluding that no incidents of sexual harassment occurred, and it became evident that false rumors were circulating, failing to communicate

| Page 31 | FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS |

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

with NCAI employees about the results of NCAI's internal investigations;

d.     Refusing to investigate when, new, false and far more damaging
       allegations were reported on its own website, instead ordering Mr. Dossett
       to resign; and

e.     Continuing to make public statements that Mr. Dossett was guilty of some
       form of sexual misconduct.

~~100~~102. It was foreseeable that NCAI's misconduct would result in serious, irreparable harm to Mr. Dossett's career and mental well-being.

/ / /

~~101~~103. As a direct and proximate result of NCAI's negligence, Mr. Dossett has suffered economic damages in the form of past and future lost wages amount of $4,113,286.00 and non-economic damages for his pain and suffering in the amount of $2,000,000.00.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

(Against all Defendants)

~~102~~104. Plaintiff repeats and realleges each allegation above as if set forth herein.

~~103~~105. Mr. Dossett had professional relationships with NCAI and Lewis & Clark Law School as their employees. Mr. Dossett also had professional relationships with Cornell Law School, other academic institutions, and with other potential future employers.

~~104~~106. Defendants intentionally interfered with those relationships by knowingly making false statements about Plaintiff, maliciously sharing false rumors with colleagues among the NCAI Staff and with Indianz.com, and knowingly published unsubstantiated false allegations with reckless disregard for the truth, resulting in Plaintiff's loss of employment with NCAI, loss

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

of employment as an adjunct law professor with Lewis & Clark Law School, a ruined reputation and loss of future opportunities for employment.

~~105~~107.   Defendants accomplished the interference through improper means or for an improper purpose.

~~106~~108.   As a direct and foreseeable result of the Defendants' interference with his economic relations, Mr. Dossett lost his jobs with NCAI and Lewis & Clark Law School.

~~107~~109.   Mr. Dossett suffered damages in the form of past and future lost wages in the sum of $4,113,286.00

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

i.      This Court's finding that the statements published by defendants are false and defamatory;

ii.     The Court's injunction that the defendants retract and cease publishing defamatory content about Plaintiff.

iii.    For the First Claim for Relief, an award of compensatory damages of not less than $6,113,286.00.

iv.     For the Second Claim for Relief, an award of compensatory damages of not less than $6,113,286.00.

v.      For the Third Claim for Relief, an award of compensatory damages of not less than $6,113,286.00.

vi.     For the Fourth Claim for Relief, an award of compensatory damages of not less

FIRST AMENDED COMPLAINT FOR DEFAMATION, INJUNCTIVE RELIEF, NEGLIGENCE, AND INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004

than $4,113,286.00.

iv.     Such other relief as the Court deems just and proper.

DATED this 29ᵗʰ._____day of August_____, 20192020.

                              Respectfully submitted,

                              Whipple Law Office, LLC.


                    By:      /s/ B. Scott Whipple_____
                             B. Scott Whipple, OSB #983750
                             Telephone 503-222-6004
                             Of Attorneys for Plaintiff John H. Dossett


| Page 34     FIRST AMENDED COMPLAINT FOR DEFAMATION,              WHIPPLE LAW OFFICE, LLC.
             INJUNCTIVE RELIEF, NEGLIGENCE, AND                    1675 SW Marlow Ave., Suite 201
             INTENTIONAL INTERFERENCE WITH ECONOMIC                      Portland, OR 97225
             RELATIONS                                                    503.222.6004

                                                                        Exhibit A
                                                                        Page 34 of 34



**HO-CHUNK, INC. –**
BUILDING A NEW COMMUNITY ON
THE WINNEBAGO RESERVATION   WATCH OUR VIDEO NOW



*Advertise on Indianz.Com*

*phone: 202 630 8439*

*Home > About Indianz.Com*



Open a
checking
account
with
U.S. Bank

Bank your
way,
whatever
your style.

usb

Lear

$25 m
requir
Equal I
Memb

## Our Mission
Welcome to Indianz.Com, Your Internet Resource. Our mission is to provide you with quality news, information, and entertainment from a Native American perspective.

We make it easy for you to keep updated on news occuring throughout Indian Country. If you're looking for reliable, concise, and relevant information and content affecting tribes and Native Americans, your first stop is Indianz.Com.

## How it Works
Every weekday, Indianz.Com publishes two to three features on news worthy issues and/or other topics of interest. You can read stories on a wide range of topics, including legislation, court decisions, health issues, and politics.

We also feature a summary of reporting by other news media. You'll find a quick summary of stories being covered by other reporting agencies, along with relevant information about the story.

Finally, we gather resources and links on Native American sites on the web. If you are looking for links on mascots or diabetes, you can find them here.

## Questions?
Indianz.Com is based on the Winnebago Reservation in Nebraska. We also have an office in Washington, DC.

Indianz.Com is a product of Ho-Chunk, Inc. (http://www.hochunkinc.com), the economic development corporation of the Winnebago Tribe of Nebraska, (http://www.winnebagotribe.com) and Noble Savage Media, a Native American-owned media firm.

Email: indianz@indianz.com

Phone:
Washington, DC - 202.543.4251
Nebraska - 1.800.296.4170 - Ask for Indianz.Com
Nebraska - 402.878.2400 - Ask for Indianz.Com

Fax:
Washington, DC - 202.318.2182
Nebraska - 402.878.2771

Mailing Address:
*1000 Industrial Parkway*
*Winnebago, NE 68071*
**Go Back**

Home | Arts & Entertainment | Business | Canada | Cobell Lawsuit | Education | Environment | Federal Recognition | Federal Register | Forum | Health | Humor | Indian Gaming | Indian Trust | Jack Abramoff Scandal | Jobs & Notices | Law | National | News | Opinion | Politics | Sports | Technology | World

Indianz.Com Terms of Service | Indianz.Com Privacy Policy
**About Indianz.Com** | Advertise on Indianz.Com

Indianz.Com is a product of Noble Savage Media, LLC and Ho-Chunk, Inc.

Exhibit B
Page 1 of 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of February, 2020, I electronically filed the foregoing JOHN DOSSETT'S MOTION TO AMEND with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and to all registered participates.

*/s/ B. Scott Whipple*
B. Scott Whipple, OSB #983750

WHIPPLE LAW OFFICE, LLC.
1675 SW Marlow Ave., Suite 201
Portland, OR 97225
503.222.6004